1  Christopher S. Marchese (SBN 170239)
   marchese@fr.com
2  Seth M. Sproul (SBN 217711)
   sproul@fr.com
3  FISH & RICHARDSON P.C.
   12860 El Camino Real, Suite 400
4  San Diego, CA 92130
   Tel: (858) 678-5070
5  Fax: (858) 678-5099
6
7  Attorneys for Defendant Apple Inc.

8

9

10

11            IN THE UNITED STATES DISTRICT COURT

12      SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

13

14  TACTION TECHNOLOGY, INC.,               Case No. 21-cv-00812-GPC-JLB
                         Plaintiff,
15                                          **DEFENDANT APPLE INC.'S
                                            ANSWER, AFFIRMATIVE
16       v.                                 DEFENSES, AND
                                            COUNTERCLAIMS TO PLAINTIFF
17  APPLE INC.                              TACTION TECHNOLOGY, INC.'S
                                            COMPLAINT**
18                       Defendant.
19
                                            District Judge: Hon. Gonzalo P. Curiel
20                                          Magistrate Judge: Jill L. Burkhardt
21

22

23

24

25

26

27

28

Defendant Apple Inc., by and through its attorneys, files it Answer, Affirmative Defenses, and Counterclaims to Plaintiff Taction Technology Inc.'s ("Taction" or "Plaintiff") Complaint ("Complaint").

## ANSWER

Apple responds to the allegations contained in the numbered paragraphs of Taction's Complaint below.   Apple denies all allegations, contentions, and characterizations in Taction's Complaint unless expressly admitted in the following paragraphs.

## INTRODUCTION[1]

1.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.    To the extent that Paragraph 2 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 2, and therefore denies them.

3.    To the extent that Paragraph 3 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 3, and therefore denies them.

4.    To the extent that Paragraph 4 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 4, and therefore denies them.

---

[1] Apple repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this response.  In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

5.      To the extent that Paragraph 5 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 5, and therefore denies them.

6.      To the extent that Paragraph 6 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 6, and therefore denies them.

7.      To the extent that Paragraph 7 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 7, and therefore denies them.

8.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 8, and therefore denies them.

9.      Apple admits that it has included a "Taptic Engine" in certain models of the iPhone and Apple Watch to produce haptic effects.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 9, and therefore denies them.

10.      Apple admits that it has included a "Taptic Engine" in certain models of iPhone and Apple Watch.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 10, and therefore denies them.

11.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 11, and therefore denies them.

12.      To the extent that Paragraph 12 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple

admits that it included a "Taptic Engine" in the original Apple Watch and the iPhone 6S.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and contentions in Paragraph 12, and therefore denies them.

13.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.    Apple admits that it developed "Core Haptics."   Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 16, and therefore denies them.

17.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 17, and therefore denies them.

18.    Apple is without knowledge and information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 18, and therefore denies them.

19.    To the extent Paragraph 19 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and contentions contained in Paragraph 19 of the Complaint.

20.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 20, and therefore denies them.

21.    To the extent Paragraph 21 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies that it infringes or has infringed any claim of either Asserted Patent, directly

4

or indirectly, literally or under the Doctrine of Equivalents.   Apple denies any remaining allegations and contentions contained in Paragraph 21 of the Complaint.

## NATURE OF THE ACTION

22.   To the extent Paragraph 22 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple admits that Taction alleges in Paragraph 22 of its Complaint that this is a civil action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Apple denies any remaining allegations and contentions contained in Paragraph 22 of the Complaint.

23.   To the extent Paragraph 23 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and contentions in Paragraph 23, and therefore denies them.

24.   To the extent that Paragraph 24 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple denies that it infringes or has infringed any claim of either Asserted Patent, directly or indirectly, literally or under the Doctrine of Equivalents.   Apple denies any remaining allegations and contentions contained in Paragraph 24 of the Complaint.

25.   To the extent that Paragraph 25 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and contentions contained in Paragraph 25 of the Complaint.

26.   To the extent that Paragraph 26 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies the allegations and contentions contained in Paragraph 26 of the Complaint.

27.   To the extent Paragraph 27 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple admits that Taction alleges in Paragraph 27 that it seeks injunctive relief and monetary

1  damages.   Apple denies any remaining allegations and contentions contained in
2  Paragraph 27 of the Complaint.

3                                      **THE PARTIES**

4        28.     Apple is without knowledge or information sufficient to form a belief as
5  to the truth of the allegations and characterizations in Paragraph 28, and therefore
6  denies them.

7        29.     Apple admits that it is a California corporation and that its principal place
8  of business is at 1 Apple Park Way, Cupertino, California 95014.

9        30.     To the extent that Paragraph 30 of the Complaint implicates legal
10  conclusions, no response is required.   To the extent a response is required, Apple
11  admits that it sells products in many parts of the world.   Apple denies that it infringes
12  or has infringed any claim of either Asserted Patent, directly or indirectly, literally or
13  under the Doctrine of Equivalents, and denies Taction's allegation that Apple mobile
14  devices incorporate Taction's patented technologies.   Apple is without knowledge or
15  information sufficient to form a belief as to the truth of the remaining allegations and
16  contentions in Paragraph 30, and therefore denies them.

17        31.     Apple admits that it has offices in San Diego and that it markets, offers,
18  and distributes certain models of iPhones and Apple Watches in the United States and
19  in this judicial district.   Apple is without knowledge or information sufficient to form
20  a belief as to the truth of the remaining allegations and characterizations in Paragraph
21  31, and therefore denies them.

22        32.     To the extent Paragraph 32 of the Complaint implicates legal
23  conclusions, no response is required.   To the extent a response is required, Apple
24  denies the allegations and contentions contained in Paragraph 32 of the Complaint.

25                              **JUISDICTION AND VENUE**

26        33.     To the extent Paragraph 33 of the Complaint implicates legal
27  conclusions, no response is required.   To the extent a response is required, Apple
28  admits that Taction alleges in Paragraph 33 of its Complaint that this is a civil action

for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  Apple denies any remaining allegations and contentions contained in Paragraph 33 of the Complaint.

34.   To the extent Paragraph 34 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Taction alleges in Paragraph 34 of its Complaint that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).   Apple denies any remaining allegations and contentions contained in Paragraph 34 of the Complaint.

35.   To the extent Paragraph 35 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Taction alleges in Paragraph 35 of its Complaint that this Court has personal jurisdiction over Apple, and Apple admits that it is a California corporation. Apple further responds that, solely for purposes of this action, it does not contest that this Court has personal jurisdiction over Apple.   Apple denies any remaining allegations and contentions contained in Paragraph 35 of the Complaint.

36.   To the extent Paragraph 36 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Taction alleges in Paragraph 36 of its Complaint that venue is proper in this District pursuant to the cited statutes.  For purposes of this action, Apple does not contest that venue is proper, but denies that venue is convenient and reserves the right to seek transfer under 28 U.S.C. § 1404.  Apple denies any remaining allegations and contentions contained in Paragraph 36 of the Complaint.

37.   To the extent Paragraph 37 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that Taction alleges in Paragraph 37 of its Complaint that venue is appropriate under the cited statute.  For purposes of this action, Apple does not contest that venue is proper, but denies that venue is convenient and reserves the right to seek transfer

under 28 U.S.C. § 1404.  Apple denies that it infringes or has infringed any claim of either Asserted Patent, directly or indirectly, literally or under the Doctrine of Equivalents and denies the remaining allegations and contentions contained in Paragraph 37 of the Complaint.

38.    To the extent Paragraph 38 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that it has Apple Store locations at 7007 Friars Road, San Diego, CA 92108 and 4505 La Jolla Village Drive, San Diego, CA 92122.  Apple denies that it infringes or has infringed any claim of either Asserted Patent, directly or indirectly, literally or under the Doctrine of Equivalents and denies the remaining allegations and contentions contained in Paragraph 38 of the Complaint.

39.    Apple admits that Paragraph 39 of the Complaint cites the website at https://www.sandiegouniontribune.com/business/technology/sd-fi-apple-hiring-san-diego-20190306-story.html.  Apple refers to that website for its content and context. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 39, and therefore denies them.

40.    Apple admits that Paragraph 40 of the Complaint quotes the website at https://www.sandiegouniontribune.com/business/technology/story/2019-11-13/apple-inks-deal-for-second-utc-building-as-part-of-san-diego-expansoin.    Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 40, and therefore denies them.

41.    Apple admits that Paragraph 41 of the Complaint quotes the website at http://www.sandiegouniontribune.com/business/technology/sd-fi-apple-hiring-san-diego-20190306-story.html.  Apple refers to that website for its content and context. Apple is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations and characterizations contained in Paragraph 41, and therefore denies them.

42.   Apple admits that Paragraph 42 of the Complaint quotes the website at http://www.pacificcoastcommercial.com/post/apple-leases-full-building-in-expansion-in-san-diego-high-tech-hub.   Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 42, and therefore denies them.

43.   Apple admits that Paragraph 43 of the Complaint quotes the website at https://h1bdata.info/index.php?em=APPLE+INC&job=&city=SAN+DIEGO&year=All+Years.  Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 43, and therefore denies them.

44.   Apple admits that Paragraph 44 of the Complaint cites the website at https://jobs.apple.com/en-us/search?location=san-diego-SDO.   Apple admits that, as of June 17, 2021, that website lists approximately 298 jobs in San Diego.  Apple refers to that website for its content and context.

45.   Apple admits that Paragraph 45 of the Complaint quotes the website at http://jobs.apple.com/en-us/details/200220549/hid-haptics-firmware-engineer?team=HRDWR.  Apple refers to Exhibit C for its content and context.

46.   Apple admits that Paragraph 46 of the Complaint quotes the website at http://jobs.apple.com/en-us/details/200201277/hid-haptics-quality-engineer?team=HRDWR.  Apple refers to Exhibit D for its content and context.

47.   Apple admits that Paragraph 47 of the Complaint quotes the website at http://sandiego.jobd.org/view/259155.html.  Apple refers to Exhibit E for its content and context.  Apple is without knowledge or information sufficient to form a belief as

9

1    to the truth of the remaining allegations and characterizations contained in Paragraph

2    47, and therefore denies them.

3    **[ALLEGED] TACTION'S INVENTIONS AND PRODUCTS**

4    48.    To the extent Paragraph 48 of the Complaint implicates legal

5    conclusions, no response is required.    To the extent a response is required, Apple

6    admits that, on its face, the Asserted Patents list Silmon James Biggs as the inventor.

7    Apple is without knowledge or information sufficient to form a belief as to the truth

8    of the remaining allegations and characterizations in Paragraph 48, and therefore

9    denies them.

10    49.    Apple is without knowledge or information sufficient to form a belief as

11    to the truth of the allegations and characterizations in Paragraph 49, and therefore

12    denies them.

13    50.    Apple is without knowledge or information sufficient to form a belief as

14    to the truth of the allegations and characterizations in Paragraph 50, and therefore

15    denies them.

16    51.    Apple is without knowledge or information sufficient to form a belief as

17    to the truth of the allegations and characterizations in Paragraph 51, and therefore

18    denies them.

19    52.    Apple is without knowledge or information sufficient to form a belief as

20    to the truth of the allegations and characterizations in Paragraph 52, and therefore

21    denies them.

22    53.    Apple is without knowledge or information sufficient to form a belief as

23    to the truth of the allegations and characterizations in Paragraph 53, and therefore

24    denies them.

25    54.    Apple is without knowledge or information sufficient to form a belief as

26    to the truth of the allegations and characterizations in Paragraph 54, and therefore

27    denies them.

28

55.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 55, and therefore denies them.

56.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 56, and therefore denies them.

57.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 57, and therefore denies them.

58.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 58, and therefore denies them.

59.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 59, and therefore denies them.

60.     Apple admits that Paragraph 60 of the Complaint quotes the website at http://www.basshead.club/taction-kannon-prototype-review/.   Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 60, and therefore denies them.

61.     Apple admits that Paragraph 61 of the Complaint quotes the website at www.hifiplus.com/articles/canjam-socal-2016-report-part-4/?page=3.   Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 61, and therefore denies them.

62.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 62, and therefore denies them.

63.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 63, and therefore denies them.

64.     Apple admits that the Paragraph 64 of the Complaint quotes the website at https://www.thegamer.com/corsair-hs60-haptic-headphone-review/.   Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 64, and therefore denies them.

65.     Apple admits that the Paragraph 65 of the Complaint quotes the website at https://www.techpowerup.com/review/corsair-hs60-haptic/4.html.  Apple refers to that website for its content and context.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 65, and therefore denies them.

## [ALLEGED] TACTION'S PATENTS

66.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 66, and therefore denies them.

67.     Apple admits that, on its face, U.S. Patent No. 10,659,885 ("the '885 patent") states that it issued on May 19, 2020, and appears to be entitled "Systems and Methods for generating Damped Electromagnetically Actuated Planar Motion for Audio-Frequency Vibrations."  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 67, and therefore denies them.

68.     To the extent Paragraph 68 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 68, and therefore denies them.

69.    To the extent Paragraph 69 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 69.

70.    To the extent Paragraph 70 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple currently denies that the '885 patent claims are directed to a patent-eligible, non-abstract idea.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 70, and therefore denies them.

71.    Apple admits that, on its face, U.S. Patent No. 10,820,117 ("the '117 patent") states that it issued on October 27, 2020, and appears to be entitled "Systems and Methods for Generating Damped Electromagnetically Actuated Planar Motion for Audio-Frequency Vibrations."   Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 71, and therefore denies them.

72.    To the extent Paragraph 72 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 72, and therefore denies them.

73.    To the extent Paragraph 73 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 73.

74.    To the extent Paragraph 74 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple currently denies that the '117 patent claims are directed to a patent-eligible, non-abstract idea.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 74, and therefore denies them.

1

## APPLE'S [ALLEGED] USE OF TACTION'S PATENTS

2    75.    Apple is without knowledge or information sufficient to form a belief as
3  to the truth of the allegations and characterizations contained in Paragraph 75, and
4  therefore denies them.

5    76.    Apple is without knowledge or information sufficient to form a belief as
6  to the truth of the allegations and characterizations in Paragraph 76, and therefore
7  denies them.

8    77.    Apple is without knowledge or information sufficient to form a belief as
9  to the truth of the allegations and characterizations in Paragraph 77, and therefore
10  denies them.

11    78.    Apple admits that Paragraph 78 of the Complaint quotes the website at
12  https://sandiego.jobd.org/view/259155.html.    Apple refers to that website for its
13  content and context.  Apple is without knowledge or information sufficient to form a
14  belief as to the truth of the allegations and characterizations in Paragraph 78, and
15  therefore denies them.

16    79.    Apple admits that Paragraph 79 of the Complaint cites and includes
17  screenshots from the websites at http://developer.apple.com/design/human-interface-
18  guidelines/ios/user-interaction/haptics                                              and
19  http://developer.apple.com/design/human-interface-
20  guidelines/watchos/interaction/haptics.    Apple refers to those websites for their
21  content and context.  Apple is without knowledge or information sufficient to form a
22  belief as to the truth of the allegations and characterizations in Paragraph 79, and
23  therefore denies them.

24    80.    Apple is without knowledge or information sufficient to form a belief as
25  to the truth of the allegations and characterizations in Paragraph 80, and therefore
26  denies them.

27    81.    Apple admits that it has included a "Taptic Engine" in certain models of
28  the iPhone and Apple Watch, and that Paragraph 81 of the Complaint cites and

1  includes screenshots from the website at
2  http://web.archive.org/web/20150911022920/http://www.apple.com/watch/watch-
3  reimagined/.  Apple refers to that website for its content and context.  Apple is without
4  knowledge or information sufficient to form a belief as to the truth of the remaining
5  allegations and characterizations in Paragraph 81, and therefore denies them.

6        82.    Apple admits that it has included a "Taptic Engine" in certain models of
7  the iPhone and Apple Watch.  Apple is without knowledge or information sufficient
8  to form a belief as to the truth of the remaining allegations and characterizations in
9  Paragraph 82, and therefore denies them.

10       83.    To the extent Paragraph 83 of the Complaint implicates legal
11 conclusions, no response is required.  To the extent a response is required, Apple
12 admits that it has included a "Taptic Engine" in certain models of the iPhone and
13 Apple Watch.  Apple is without knowledge or information sufficient to form a belief
14 as to the truth of the remaining allegations and characterizations in Paragraph 83, and
15 therefore denies them.

16       84.    To the extent Paragraph 84 of the Complaint implicates legal
17 conclusions, no response is required.  To the extent a response is required, Apple
18 admits that it has included a "Taptic Engine" in certain models of the iPhone and
19 Apple Watch.  Apple is without knowledge or information sufficient to form a belief
20 as to the truth of the remaining allegations and characterizations in Paragraph 84, and
21 therefore denies them.

22       85.    Apple admits that it developed "Core Haptics."  Apple is without
23 knowledge or information sufficient to form a belief as to the truth of the allegations
24 and characterizations in Paragraph 85, and therefore denies them.

25       86.    Apple admits that Paragraph 86 of the Complaint quotes the website at
26 https://developer.apple.com/documentation/corehaptics.  Apple refers to that website
27 for its content and context.  Apple denies any remaining allegations and
28 characterizations contained in Paragraph 86 of the Complaint.

87.     Apple admits that Paragraph 87 of the Complaint quotes the websites at https://developer.apple.com/videos/play/wwdc2019/520/                    and http://developer.apple.com/videos/play/wwdc2019/223/.     Apple refers to those websites for their content and context.   Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 87, and therefore denies them.

88.     To the extent Paragraph 88 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 88, and therefore denies them.

89.     Apple admits that Paragraph 89 of the Complaint quotes the websites at https://developer.apple.com/design/human-interface-guidelines/ios/user-interaction/haptics     and     https://developer.apple.com/documentation/corehaptics. Apple refers to those websites for their content and context.   Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 89, and therefore denies them.

90.     To the extent Paragraph 90 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 90, and therefore denies them.

91.     To the extent Paragraph 91 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 91, and therefore denies them.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,659,885**

92.     Paragraphs 1–91 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1–91.

93.     To the extent Paragraph 93 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '885 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 93 of the Complaint.

94.     To the extent Paragraph 94 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 94 of the Complaint.

95.     To the extent Paragraph 95 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 95 of the Complaint.

96.     To the extent Paragraph 96 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 96, and therefore denies them.

97.     To the extent Paragraph 97 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 97, and therefore denies them.

98.     To the extent Paragraph 98 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is

Case No. 21-cv-00812-GPC-JLB

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99.   To the extent Paragraph 99 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 99, and therefore denies them.

100.   To the extent Paragraph 100 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 100, and therefore denies them.

101.   To the extent that Paragraph 101 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 101 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 101 related to it, and therefore denies them.

102.   To the extent Paragraph 102 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 102, and therefore denies them.

103.   To the extent that Paragraph 103 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 103 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 103 related to it, and therefore denies them.

104.   To the extent Paragraph 104 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is

without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 104, and therefore denies them.

105.   To the extent that Paragraph 105 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 105 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 105 related to it, and therefore denies them.

106.  To the extent Paragraph 106 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 106, and therefore denies them.

107.  To the extent that Paragraph 107 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 107 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 107 related to it, and therefore denies them.

108.  To the extent Paragraph 108 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple denies the allegations and characterizations contained in Paragraph 108 of the Complaint.

109.  To the extent that Paragraph 109 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 109 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 109 related to it, and therefore denies them.

110.   To the extent Paragraph 110 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 110, and therefore denies them.

111.   To the extent that Paragraph 111 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 111 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 111 related to it, and therefore denies them.

112.   To the extent Paragraph 112 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 112, and therefore denies them.

113.   To the extent Paragraph 113 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 113 of the Complaint.

114.   To the extent Paragraph 114 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 114 of the Complaint.

115.   To the extent Paragraph 115 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 115 of the Complaint.

116.   To the extent Paragraph 116 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple

1  denies the allegations and characterizations contained in Paragraph 116 of the
2  Complaint.

3      117.   To the extent Paragraph 117 of the Complaint implicates legal
4  conclusions, no response is required.   To the extent a response is required, Apple
5  admits that it was served with the Complaint on April 27, 2021.   Apple is currently
6  without knowledge or information sufficient to form a belief as to the truth of the
7  remaining allegations and characterizations in Paragraph 117, and therefore denies
8  them.

9      118.   To the extent Paragraph 118 of the Complaint implicates legal
10  conclusions, no response is required.   Apple is currently without knowledge or
11  information sufficient to form a belief as to the truth of the remaining allegations and
12  characterizations in Paragraph 118, and therefore denies them.

13      119.   To the extent Paragraph 119 of the Complaint implicates legal
14  conclusions, no response is required.   To the extent a response is required, Apple
15  denies the allegations and characterizations contained in Paragraph 119 of the
16  Complaint.

17      120.   Apple admits that Anna Mirabella, at the time a Product Design
18  Engineering Program Manager, ordered two Kannon headsets on or about April 7,
19  2017.   Apple admits that the headsets were shipped to 1 Infinite Loop, Cupertino,
20  California, care of James Vandyke, who at the time was a Product Design Engineer.
21  Apple is without knowledge or information sufficient to form a belief as to the truth
22  of the remaining allegations and characterizations in Paragraph 120, and therefore
23  denies them.

24      121.   Apple is without knowledge or information sufficient to form a belief as
25  to the truth of the allegations and characterizations contained in Paragraph 121 of the
26  Complaint, and therefore denies them.

27      122.   Apple denies the allegations and characterizations contained in
28  Paragraph 122 of the Complaint.

123.   To the extent Paragraph 123 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple admits that, on its face, U.S. Patent No. 10,237,660 cites to U.S. Patent Publication No. 2016/0086458.   Apple admits that, on its face, U.S. Patent No. 10,237,660 shows a filing date of March 16, 2016.   Apple denies the remaining allegations and characterizations contained in Paragraph 123 of the Complaint.

124.   To the extent Paragraph 124 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 124, and therefore denies them.

125.   To the extent Paragraph 125 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 125, and therefore denies them.

126.   To the extent Paragraph 126 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 126 of the Complaint.

127.   Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 127, and therefore denies them.

128.   To the extent that Paragraph 128 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 128, and therefore denies them.

129.   To the extent that Paragraph 129 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '885 patent, directly or

indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 129, and therefore denies them

130.   To the extent that Paragraph 130 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 130 of the Complaint.

131.   To the extent that Paragraph 131 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 131 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,820,117**

132.   Paragraphs 1-131 of Apple's Answer are incorporated by reference as if set forth in full herein, and Apple repeats and incorporates its responses to Paragraphs 1-131.

133.   To the extent that Paragraph 133 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '117 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple denies the remaining allegations and characterizations contained in Paragraph 133 of the Complaint.

134.   To the extent Paragraph 134 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 134 of the Complaint.

135.   To the extent Paragraph 135 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 135 of the Complaint.

136.   To the extent Paragraph 136 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 136 of the Complaint.

137.   To the extent Paragraph 137 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 137, and therefore denies them.

138.   To the extent Paragraph 138 of the Complaint implicates legal conclusions, no response is required.   To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 138, and therefore denies them.

139.   To the extent that Paragraph 139 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 139 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 139 related to it, and therefore denies them.

140.   To the extent Paragraph 140 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 140, and therefore denies them.

141.   To the extent that Paragraph 141 of the Complaint implicates legal conclusions, no response is required.   To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 141 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to

24

the image or any allegations in characterizations in Paragraph 141 related to it, and therefore denies them.

142. To the extent Paragraph 142 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 142, and therefore denies them.

143. To the extent that Paragraph 143 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 143 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 143 related to it, and therefore denies them.

144. To the extent Paragraph 144 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge of information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 144 of the Complaint, and therefore denies them.

145. To the extent that Paragraph 145 of the Complaint implicates legal conclusions, no response is required. To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 145 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 145 related to it, and therefore denies them.

146. To the extent Paragraph 146 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple denies the allegations and characterizations contained in Paragraph 146 of the Complaint.

147.   To the extent that Paragraph 147 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 147 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 147 related to it, and therefore denies them.

148.   To the extent Paragraph 148 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 148, and therefore denies them.

149.   To the extent Paragraph 149 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 149, and therefore denies them.

150.   To the extent Paragraph 150 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 150, and therefore denies them.

151.   To the extent Paragraph 151 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 151, and therefore denies them.

152.   To the extent that Paragraph 152 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 152 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 152 related to it, and therefore denies them.

153.  To the extent Paragraph 153 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 153, and therefore denies them.

154.  To the extent Paragraph 154 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 154, and therefore denies them.

155.  To the extent that Paragraph 155 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 155 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 155 related to it, and therefore denies them.

156.  To the extent Paragraph 156 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 156, and therefore denies.

157.  To the extent that Paragraph 157 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 157 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 157 related to it, and therefore denies them.

158.  To the extent Paragraph 158 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 158, and therefore denies them.

159.   To the extent that Paragraph 159 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple responds that the origin of the image shown in Paragraph 159 is unknown, and that therefore Apple is without knowledge or information sufficient to form a belief as to the image or any allegations in characterizations in Paragraph 159 related to it, and therefore denies them.

160.   To the extent Paragraph 160 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 160 of the Complaint.

161.   To the extent Paragraph 161 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 161 of the Complaint.

162.   To the extent Paragraph 162 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 162 of the Complaint.

163.   To the extent Paragraph 163 of the Complaint implicates legal conclusions, no response is required.  To the extent a response is required, Apple admits that it was served with the Complaint on April 27, 2021.  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 163, and therefore denies them.

164.   To the extent Paragraph 164 of the Complaint implicates legal conclusions, no response is required.  Apple is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 164, and therefore denies them.

Case No. 21-cv-00812-GPC-JLB

165. To the extent Paragraph 165 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple denies the allegations and characterizations contained in Paragraph 165 of the Complaint.

166. Apple admits that Anna Mirabella, at the time a Product Design Engineering Program Manager, ordered two Kannon headsets on or about April 7, 2017. Apple admits that the headsets were shipped to 1 Infinite Loop, Cupertino, California, care of James Vandyke, who at the time was a Product Design Engineer. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 166, and therefore denies them.

167. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 167, and therefore denies them.

168. Apple denies the allegations and characterizations set forth in Paragraph 168 of the Complaint.

169. To the extent Paragraph 169 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required, Apple admits that, on its face, U.S. Patent No. 10,237,660 cites to U.S. Patent Publication No. 2016/0086458. Apple admits that, on its face, U.S. Patent No. 10,237,660 shows a filing date of March 16, 2016. Apple denies the remaining allegations and characterizations contained in Paragraph 169 of the Complaint.

170. To the extent Paragraph 170 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 170, and therefore denies them.

171. To the extent Paragraph 171 of the Complaint implicates legal conclusions, no response is required. To the extent a response is required Apple is

without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 171, and therefore denies them.

172. Apple denies the allegations and characterizations contained in Paragraph 172 of the Complaint.

173. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 173, and therefore denies them.

174. To the extent Paragraph 174 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations in Paragraph 174, and therefore denies them.

175. To the extent that Paragraph 175 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies that it infringes or has infringed any claim of the '117 patent, directly or indirectly, literally or under the Doctrine of Equivalents.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in Paragraph 175, and therefore denies them.

176. To the extent that Paragraph 176 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 176 of the Complaint.

177. To the extent that Paragraph 177 of the Complaint implicates legal conclusions, no response is required.  To the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 177 of the Complaint.

## **REQUEST FOR A JURY TRIAL**

178. Paragraph 178 sets forth Taction's demand for a jury trial to which no response is required.

## **PRAYER FOR RELIEF**

The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief by Taction to which no response is required.  Apple denies that Taction is entitled to any relief sought in its Prayer for Relief or otherwise.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Patent Non-Infringement)**

179.   Taction's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.  Apple incorporates by references Paragraphs 1-30 of its Counterclaims as if set forth fully herein.  The bases provided in these paragraphs are exemplary only and should not be construed as limiting in any way the defenses that Apple will bring in this case.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Patent Invalidity)**

180.   Taction's claims are barred in whole or in part because each asserted claim of the Asserted Patents is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.  Apple incorporates by reference Paragraphs 1-30 of its Counterclaims as if fully set forth fully herein.  The prior art identified in these paragraphs is exemplary only and should not be construed as limiting in any way the defenses that Apple will present in this case.

### THIRD AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

181.   Taction's claims are barred in whole or in part by reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the claims and their equivalents.

182.   Taction is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mark; No Damages)**

183.   To the extent that Taction and/or any predecessors in interest or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Asserted Patents, Apple is not liable to Taction for the acts alleged to have been performed before Apple received actual notice that the accused devices were allegedly infringing the Asserted Patents.

184.   Taction's claims for relief are further barred, in whole or in part, under 35 U.S.C. §§ 286 and 288.

185.   Taction failed to give proper notice to Apple of its claims under the Patent Laws of the United States and has failed to establish any basis for damages and/or liability prior to patent issuance.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Equitable Estoppel, Waiver, Unclean Hands)

186.   Taction's attempted enforcement of the Asserted Patents against Apple is barred by the equitable doctrines of laches, estoppel, unclean hands, patent misuse, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

187.   Taction's claim for injunctive relief is barred because, at a minimum, it has no irreparable injury, there exists an adequate remedy at law, the balance of hardships do not tip in its favor, the public interest would be disserved by an injunction, and Taction's claims otherwise fail to meet the requirements for such relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

188.   Taction's Complaint fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Remedies)

189.   Taction's remedies are limited by 28 U.S.C. § 1498(a).

## NINTH AFFIRMATIVE DEFENSE

### (No Willfulness)

190.   Apple has not and does not willfully infringe any claim of the Asserted Patents.

## TENTH AFFIRMATIVE DEFENSE

### (Not Exceptional)

191.   Taction's case against Apple is not exceptional under 35 U.S.C. § 285, but Taction's requirement that Apple mount a defense of this matter by filing and prosecuting the present lawsuit is exceptional under 35 U.S.C. § 285.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

Counterclaimant Apple Inc. ("Apple") through its undersigned counsel, counterclaims and alleges against Taction as follows:

1. Apple is a California corporation having its principal place of business at 1 Apple Park Way, Cupertino, California 95014. Apple designs, manufactures, and markets mobile communication and media devices, personal computers, and portable music players, as well as related software, accessories, and content.

2. On information and belief, and based on representations made by Taction Technology, Inc. ("Taction") in its Complaint, Taction is a Delaware corporation with its principal place of business at 9431 Dowdy Drive, San Diego, California.

## JURISDICTION AND VENUE

3. Apple brings these counterclaims under, *inter alia*, the patents laws of the United States, 35 U.S.C. § 1 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), 2201 and 2202 (declaratory judgment), and 1367(a) (supplemental jurisdiction).

4. Taction is subject to personal jurisdiction of this Court for at least the reason that, in filing its Complaint, Taction submitted to personal jurisdiction of this Court.

5. By virtue of filing its action, Taction has consented that venue for these Counterclaims is proper in this District under at least 28 U.S.C. § 1400(b). By including these counterclaims in its Answer, Apple does not concede that a more

34

convenient venue is appropriate for this action and reserves its right to seek transfer under 28 U.S.C. § 1404.

## DECLARATORY JUDGMENT COUNTERCLAIMS
## TACTION'S ASSERTED PATENTS

6.     Apple incorporates by reference the allegations contained in Paragraphs 1 to 5 of its Counterclaims.

7.     Taction purports to be the owner of U.S. Patent No. 10,659,885 ("the '885 patent"). The first page of the '885 patent lists an issue date of May 19, 2020, and lists Taction as the assignee.

8.     Taction purports to be the owner of U.S. Patent No. 10,820,117 ("the '117 patent"). The first page of the '117 patent lists an issue date of October 27, 2020, and lists Taction as the assignee.

9.     Taction has alleged that Apple infringes the '885 and '117 patents (collectively, the "Asserted Patents").

10.     Accordingly, an actual controversy exists between Apple and Taction regarding the alleged infringement, validity, and enforceability of the Asserted Patents. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

## COUNT I
**Declaration of Non-Infringement of U.S. Patent No. 10,659,885**

11.     Apple incorporates by reference the allegations in Paragraphs 1-10 of its Counterclaims.

12.     Taction purports to charge Apple with infringement of the '885 patent in its Complaint. (Dkt. 1 [Complaint] at Count I.)

13.     No asserted claim of the '885 patent has been infringed, directly, contributorily, or by inducement, literally or under the Doctrine of Equivalents, by Apple or purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple products.

14.    For example, Taction purports to charge Apple with infringement of claim 1.    Claim 1 reads as follows (claim element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | An apparatus for imparting motion to the skin of a user, the apparatus comprising: |
| [b] | a housing; |
| [c] | a plurality of coils capable of carrying electrical current; |
| [d] | a plurality of magnets arranged in operative proximity to the plurality of coils; |
| [e] | a motion portion comprising an inertial mass and the plurality of magnets; |
| [f] | a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils; |
| [g] | wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion; and |
| [h] | wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40-200 Hz in response to electrical signals applied to the plurality of conductive coils. |

15.    Claim 1 of the '885 patent has not been infringed, and is not infringed, either directly, contributorily, or inducement, literally or under the Doctrine of Equivalents, by Apple or the purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of a non-limiting example, and based on current information and belief, Apple's products do not satisfy at least one or more of the following claim limitations: 1[a], 1[b], 1[c], 1[d], 1[e], 1[f], 1[g] and/or 1[h].

16.    Pursuant to the declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '885 patent.

36

## COUNT II

### Declaration of Invalidity of U.S. Patent No. 10,659,885

17.    Apple incorporates by reference the allegations contained in Paragraphs 1-16 of its Counterclaims.

18.    One or more claims of the '885 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112. By way of non-limiting example, claim 1 of the '885 patent, the only claim identified by Taction in its Complaint, is anticipated and/or rendered obvious in view of admitted prior art in the background of the '885 patent, U.S. Patent No. 9,928,950 (the "'950 patent"), and/or U.S. Patent App. No. 20150123498 (the "'498 application"). By way of example, the '885 patent teaches that elements of the asserted claim are prior art: "Although this general approach to providing electromagnetic actuation has not been applied in headphones, it has been applied to the problem of providing hap tic feedback in computer input devices like joysticks. One such device includes an actuator comprising a core member having a central projection, a coil wrapped around the central projection, a magnet positioned to provide a gap between the core member and the magnet, and a flexible member attached to the core member and the magnet. In this design, the motion is guided by a parallel pair of flexures." ('885 patent at 3:9-18.) By way of example, the '950 patent teaches: "A magnet 212 is disposed between the two tines 206, 208 below the armature 202. The magnet 212 typically has a relatively small width W. The magnet 212 is polarized with two north poles on the outer edges of the magnet and a single south pole in the center. The flux from the south pole traverses a small air gap to the armature 202 and then propagates through the armature to the upper corner of the stator 204 and back through the magnet 212. The flux from the coil 210 interacts with the flux from the magnet 212 to produce a net torque on the armature. Relay contact arms (not shown) act as flexures that stabilize the negative spring constant of the magnetic field of the magnet 212." ('950

patent at 6:30-42).  By way of example, the '498 application teaches: "As shown in FIG. 16, a magnetic fluid 25 is applied to an upper surface of the second magnet 24. The magnetic fluid 25 functions as a damper to absorb contact impact between the vibrator 20 and the corresponding inner surface of the casing 10. By virtue of the magnetic fluid 25, contact between the inner surface of the casing 10 and the vibrator 20 can be more effectively prevented from being caused when vertical vibration occurs." ('498 application at [0122]).

19.     The '950 patent was filed on September 27, 2013, published on April. 2, 2015, and issued on Mar. 27, 2018.  The '498 patent application was filed on Nov. 4, 2013.  Because the patent and application were filed, published, and/or issued before Taction filed any patent applications, they qualify as prior art under at least 35 U.S.C. § 102(a)(1) and (a)(2).  To the extent that Taction contends that pre-AIA § 102 applies, the '950 patent and '498 patent application are prior art under at least § 102(a), (b), and/or (g).

20.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '885 patent is invalid.

## COUNT III

### Declaration of Non-Infringement of U.S. Patent No. 10,820,117

21.     Apple incorporates by reference the allegations contained in Paragraphs 1-20 of its Counterclaims.

22.     Taction purports to charge Apple with infringement of the '117 patent in its Complaint.  (Dkt. 1 [Complaint] at Count 2.)

23.     No asserted claim of the '117 patent has been or is infringed, directly, contributorily, or by inducement, literally or under the Doctrine of Equivalents, by Apple or purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products.

24. For example, Taction purports to charge Apple with infringement of claim 1. Claim 1 reads as follows (claim element enumeration added for convenience):

| Claim 1 | |
|---|---|
| [a] | An apparatus comprising: |
| [b] | a housing; |
| [c] | a plurality of conductive coils capable of carrying electrical current; |
| [d] | a plurality of magnets arranged in operative proximity to the plurality of conductive coils; |
| [e] | a motion portion comprising an inertial mass and the plurality of magnets; |
| [f] | a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils; |
| [g] | wherein vibration of the apparatus imparts vibrations to a user's skin; |
| [h] | wherein vibration of the apparatus is damped by a viscous ferrofluid in physical contact with at least the moving portion; |
| [i] | wherein the viscous ferrofluid reduces at least a resonance within a frequency range of 40-200 Hz in response to signals applied to the plurality of conductive coils; |
| [j] | wherein said moving portion includes at least a pocket that provides space for at least a magnet; |
| [k] | wherein each of said plurality of flexures is more resistant to motion transverse to a plane of the moving portion than it is to linear motion in the plane of the moving portion; and |
| [l] | wherein said housing is generally cuboid in shape. |

25. Claim 1 of the '117 patent has not been infringed, and is not infringed, either directly, contributorily, or by inducement, literally or under the Doctrine of Equivalents, by Apple or purchasers of Apple's products through the manufacture, use, importation, sale, and/or offer for sale of Apple's products, at least because, by way of non-limiting example, and based on current information and belief, Apple's products do not satisfy at least one of the following claim limitations: 1[a], 1[b], 1[c], 1[d], 1[e], 1[f], 1[g], 1[h], 1[i], 1[j], 1[k], and/or 1[l].

26.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any claim of the '117 patent.

## COUNT IV

## Declaration of Invalidity of U.S. Patent No. 10,820,117

27.     Apple incorporates by reference the allegations contained in Paragraphs 1-26 of its Counterclaims.

28.     One or more claims of the '117 patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, *et seq.*, including §§ 101, 102, 103, and/or 112.  By way of non-limiting example, claim 1 of the '117 patent, the only claim identified by Taction in its Complaint, is anticipated and/or rendered obvious in view of admitted prior art in the background of the '885 patent, U.S. Patent No. 9,928,950 (the "'950 patent"), and/or U.S. Patent App. No. 20150123498 (the "'498 application"). By way of example, the '117 patent teaches core elements of the asserted claim are prior art:  "Although this general approach to providing electromagnetic actuation has not been applied in headphones, it has been applied to the problem of providing hap tic feedback in computer input devices like joysticks. One such device includes an actuator comprising a core member having a central projection, a coil wrapped around the central projection, a magnet positioned to provide a gap between the core member and the magnet, and a flexible member attached to the core member and the magnet. In this design, the motion is guided by a parallel pair of flexures." ('117 patent at 3:9-18.) By way of example, the '950 patent teaches: "A magnet 212 is disposed between the two tines 206, 208 below the armature 202. The magnet 212 typically has a relatively small width W. The magnet 212 is polarized with two north poles on the outer edges of the magnet and a single south pole in the center. The flux from the south pole traverses a small air gap to the armature 202 and then propagates through the armature to the upper corner of the stator 204 and back through the magnet 212.

40

The flux from the coil 210 interacts with the flux from the magnet 212 to produce a net torque on the armature. Relay contact arms (not shown) act as flexures that stabilize the negative spring constant of the magnetic field of the magnet 212." ('950 patent at 6:30-42). By way of example, the '498 application teaches: "As shown in FIG. 16, a magnetic fluid 25 is applied to an upper surface of the second magnet 24. The magnetic fluid 25 functions as a damper to absorb contact impact between the vibrator 20 and the corresponding inner surface of the casing 10. By virtue of the magnetic fluid 25, contact between the inner surface of the casing 10 and the vibrator 20 can be more effectively prevented from being caused when vertical vibration occurs." ('498 application at [0122]).

29.     The '950 patent was filed on September 27, 2013, published on April. 2, 2015, and issued on Mar. 27, 2018. The '498 patent application was filed on Nov. 4, 2013. Because the patent and application were filed, published, and/or issued before Taction filed any patent applications, they qualify as prior art under at least 35 U.S.C. § 102(a)(1) and (a)(2). To the extent that Taction contends that pre-AIA § 102 applies, the '950 patent and '498 patent application are prior art under at least § 102(a), (b), and/or (g).

30.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that one or more claims of the '117 patent is invalid.

### **REQUEST FOR RELIEF**

WHEREFORE, Apple respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

A.     A declaration that Apple has not infringed and does not infringe any valid and enforceable claim of any of the Asserted Patents;

B.     A declaration that the Asserted Patents are invalid and/or unenforceable;

C.     An order barring Taction and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting

41

infringement or instituting or continuing any legal action for infringement of the Asserted Patents against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

D.     An award of expenses, costs, and disbursement in this action, including prejudgment interest;

E.     An order declaring that this is an exceptional case and awarding Apple its reasonable attorney fees under 35 U.S.C. § 285; and

F.     Such other and additional relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Apple hereby demands trial by jury on all matters at issue in this case so triable.

Dated:  June 17, 2021                    FISH & RICHARDSON P.C.


By: */s/ Christopher S. Marchese*
      Christopher S. Marchese (SBN 170239)
      marchese@fr.com
      Seth M. Sproul (SBN 217711)
      sproul@fr.com
      FISH & RICHARDSON P.C.
      12860 El Camino Real, Suite 400
      San Diego, CA 92130
      Tel: (858) 678-5070 / Fax: (858) 678-5099

      *Counsel for Defendant Apple Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        The undersigned hereby certifies that a true and correct copy of the above and

4  foregoing document has been served on June 17, 2021, to all counsel of record who

5  are deemed to have consented to electronic service via the Court's CM/ECF system

6  per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic

7  mail, facsimile and/or overnight delivery.

8

9                                             */s/ Christopher S. Marchese*
                                             Christopher S. Marchese

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 21-cv-00812-GPC-JLB