Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320
Facsimile: (415) 875-6700

Thomas D. Pease (*pro hac vice*)
(N.Y. Bar No. 2671741)
thomaspease@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
*Taction Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TACTION TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant | Case No. 21-cv-00812-TWR-JLB <br> _____ <br><br> **TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL** <br><br> **PUBLIC VERSION** <br><br> Judge: Hon. Todd W. Robinson <br><br> Magistrate Judge: Hon Jill L. Burkhardt |

# **TABLE OF CONTENTS**

I. Introduction ..................................................................................................1

II. Argument ......................................................................................................2

    A. Apple's Requests Are Irrelevant ..........................................................2

        1. Litigation Funding Is Generally Not Relevant ............................2

        2. Apple Has No Non-Speculative Basis for Contending that Standing and Patent Valuation Justify Litigation Funding Discovery in Light of Taction's Discovery Responses ................3

        3. Litigation Funding Is Unrelated to Commercial Success, Damages, or an Injunction ..........................................................5

    B. Apple Seeks Protected Work Product......................................................6

        1. Litigation Funding Material Is Protected Work Product..............6

        2. The Substantial Need Exception Does Not Apply .......................7

    C. Apple's Motion Is Untimely ..................................................................8

    D. Any Compelled Discovery Should Be Narrowly Tailored......................8

III. Conclusion ...................................................................................................10

## I. Introduction

The way Taction has chosen to retain counsel and finance its litigation is irrelevant to the issues in this case and is protected work product. The majority of cases that have considered this precise issue have declined to order production of the wide categories of material that Apple seeks. This Court should as well.

The sweeping claims of relevance Apple offers for its overbroad requests are speculative, already addressed by Taction's discovery responses, and consistently rejected by prior courts. Taction has already stated in interrogatory responses that certain facts that Apple speculates about do not exist. Apple has no factual support for its assertions that litigation funding documents exist that would provide specific types of information, such as patent valuations or standing. Apple's legal reasoning behind how litigation funding would be relevant to its claims or defenses is equally speculative. Any implicit valuation that might be reflected in such documents would be so loosely related to the actual valuation of the claimed invention as to be immaterial and disproportionate to the needs of this case—███████████████████████████████████████████. At bottom, Apple has failed to articulate any non-theoretical reasons why Apple needs access to the requested information.

The information Apple requests is also protected by work product with no applicable exception. Litigation funding documents are inherently "made in anticipation of litigation," as numerous courts have held. Apple does not have a substantial need to see such information. Unlike in *Odyssey*, which Apple relies on as its chief authority, discovery has just begun and Taction has already provided information on its patent licensing activity from which Apple can base its analysis.

Additionally, Apple's motion focuses primarily on litigation funding agreements, and offers no justification for the other types of documents its overbroad requests might arguably encompass. The Court should deny Apple's motion.

## II. Argument

### A. Apple's Requests Are Irrelevant

Apple's requests at issue are irrelevant and not proportional to the needs of this case at least because (1) litigation funding is generally irrelevant; (2) Taction has already explained that the specific types of information Apple speculates about could be relevant ***does not exist***; and (3) even if the information did exist, it is not relevant to Apple's stated claims and defenses.

#### 1. Litigation Funding Is Generally Not Relevant

In this district's most recent decision on litigation funding, Judge Huff found litigation funding documents were irrelevant to a patent litigation case and need not be produced. *See Allele Biotechnology & Pharm., Inc. v. Pfizer, Inc.*, 20-CV-01958-H-AGS, 2021 WL 4168175, at *2 (S.D. Cal. Sept. 13, 2021) (citing *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (holding documents related to litigation funding were not relevant)). This most recent decision follows "the vast majority of courts [denying] discovery of litigation funding documents ***because of the work-product doctrine*** or, as a number of courts have held, because litigation funding ***is not relevant to a claim or defense***." Litigation Funding and Confidentiality: A Comprehensive Analysis of Current Case Law (August 2021) (Snyder Decl., Ex. A) (5-year case survey) (emphasis added).

As a general matter, litigation funding material is private financial information unrelated to the merits of the lawsuit. *E.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (holding "good cause" did not exist to compel production of litigation funding material, noting "the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant."); *Benitez v. Lopez*, No. 17-cv-3827, 2019 WL 1578167, at *1-2 (E.D.N.Y. Mar. 14, 2019) (holding litigation funding "is not relevant to a claim or defense in the case or credibility"); *MLC Intellectual Prop.*, 2019 WL 118595 at *2 (holding litigation financing was irrelevant and not

-2-
TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL

discoverable); *Space Data Corp. v. Google LLC*, No. 16-cv-03260, 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018) (finding litigation funding irrelevant—"a side issue at best"); *VHT, Inc. v. Zillow Group, Inc.*, No. C15-1096JLR, 2016 WL 7077235 (W.D. Wash. Sept. 8, 2016) (same); *Yousefi v. Delta Elec. Motors, Inc.*, No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) ("Whether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from the union is not relevant to any claim or defense at issue."). Apple's relevancy arguments here are no different from those that numerous courts have resoundingly rejected.

### 2. Apple Has No Non-Speculative Basis for Contending that Standing and Patent Valuation Justify Litigation Funding Discovery in Light of Taction's Discovery Responses

Taction has already explained, through its discovery responses, that at least some of the information Apple speculates is contained in litigation funding documents does not exist. Yet Apple insists it "is entitled to fully investigate" whether litigation funding information contains patent valuations (for purposes of damages, injunctive relief, and commercial success) or reveals inadequate standing. Mot at 3. Apple's asserted entitlement is unwarranted and based on pure conjecture. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 312 (D. Nev. 2019) ("Mere speculation by the party seeking discovery will not suffice"); *VHT, Inc.*, 2016 WL 7077235, at *1, 2 (requiring "some objective evidence" that "theories of relevancy are more than just theories"); *MLC Intellectual Prop.*, 2019 WL 118595, at *2 (requiring a "specific, articulated reason to suspect" particular material in litigation funding documents).

Apple insists that Taction divulge information related in any way to how it is funding the present lawsuit on the off chance it might reflect information about the value of Taction's patents. But as Taction has already affirmed:

[redacted]

-3-
TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL

Snyder Decl., Ex. B, Taction's Response to Apple's Interrogatory No. 6.  Apple is not entitled to accuse Taction of lying without any foundation in order to search through irrelevant and work product protected documents Apple suspects *might* contain patent valuations.  *United Access Techs., LLC v. AT&T Corp.*, C.A. No. 11-338-LPS, 2020 WL 3128269, at*2 (D. Del. June 12, 2020) (rejecting defendant's arguments because defendant was "merely speculat[ing] that the reasons underlying the order requiring production" in a separate case were present without articulating how the documents were "relevant to the specific claims or defenses of *this* case") (emphasis in original).

Similarly, Taction has already stated the following regarding standing:



Snyder Decl., Ex. B, Taction's Response to Apple's Interrogatory No. 9. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Snyder Decl., Ex. B, Taction's Response to Apple's Interrogatory No. 8.  Thus, this case is on a completely different footing from the *Uniloc* case that Apple relies on.[1]

Apple seeks discovery based on pure speculation, as opposed to a baseline showing of relevance and proportionality to the needs of this case, which is prohibited. In a recent District of Delaware case, the court rejected the defendant's primary argument the litigation funding "*could* be relevant to standing" as it had zero evidence to support its accusations and instead relied on "pure speculation." *Speyside Medical, LLC v. Medtronic CoreValve LLC et al*, ECF No. 88, 1-20-cv-00361-LPS (D. Del.

---

[1] In *Uniloc*, the plaintiff had previously been shown to actually have assigned the patents in suit, and to have breached that assignment agreement, giving a third party rights that arguably destroyed Uniloc's standing to sue.  No such facts have been shown or even alleged here.

-4-

TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL

Mar. 2, 2021) (Oral Order). Apple has not met its burden to show the relevance of the documents it seeks. *See generally Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) ("[I]nformation is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation . . . . [D]iscovery may be denied where, in the court's judgment, the inquiry lies in a speculative area.").

### 3. Litigation Funding Is Unrelated to Commercial Success, Damages, or an Injunction

Apple incorrectly links litigation funding to secondary indicia of non-obviousness and commercial success. But commercial success concerns sales in the marketplace, not funding of patent litigation. *See Chemours Co. FC, LLC v. Daikin Indus., Ltd.*, 4 F.4th 1370, 1378 (Fed. Cir. 2021) ("When a patentee can demonstrate commercial success, usually shown by significant sales in a relevant market, and that the successful product is the invention disclosed and claimed in the patent, it is presumed that the commercial success is due to the patented invention."); *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 7 USPQ2d 1222 (Fed. Cir. 1988) (a legal and factual "nexus" must exist sufficient to connect the evidence of the commercial success to the claimed invention); *Geo. M. Martin Co. v. All. Mach. Sys. Intern. LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010) ("The commercial success of a product is relevant to the non-obviousness of a claim only insofar as the success of the product is due to the claimed invention."). Apple cites no authority linking litigation funding material to commercial success, or to any other secondary indicia of non-obviousness. There is no such link.

As for Apple's theory that the materials could be relevant to patent valuation, damages, or an injunction, one court has held that litigation funding agreements "are not . . . relevant to the hypothetical negotiation between the parties" and "are so far removed from the hypothetical negotiation [as to] have no relevance" in that they are little more than "informed gambling on the outcome of litigation." *AVM Techs., LLC*

-5-
TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL

*v. Intel Corp.*, No. 15-33-RGA, 2017 WL 1787562, at *3 (D. Del. May 1, 2017). Another court found litigation funding arrangements irrelevant and non-discoverable, despite speculative arguments that the materials could "determine a reasonable settlement value of the case." *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *3 (N.D. Ill. Dec. 5, 2019). Like Apple's argument regarding commercial success, Apple has failed to show how any "valuation" for *purposes of funding litigation* has anything more than a vague relationship (if that) with the actual damages or injunctive relief in patent litigation.

### B. Apple Seeks Protected Work Product

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Even "[w]hen a document was not prepared exclusively for litigation, it should be deemed prepared in anticipation of litigation . . . if . . . the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *ACLU v. U.S. Dep't of Justice*, 880 F.3d 473, 485 (9th Cir. 2018) (ellipses in original). Here, work product protection bars Apple's requests because (1) litigation funding information is clearly work product and (2) no exception, such as "substantial need," exists.

### 1. Litigation Funding Material Is Protected Work Product

Litigation funding documents are inherently tied to future litigation and therefore qualify for work product protection, as numerous cases have held, including the case Apple relies upon most heavily. *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 3:15-cv-01738-H (RBB), 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) ("[T]he documents were created because litigation was expected. This is sufficient to

bring them within the protections of the work-product doctrine.").[2]

Apple incorrectly asserts that litigation funding agreements are "a business venture, not a legal one." Mot. at 7. But that mischaracterizes the standard. The correct standard is whether the requested documents were created because of litigation. Apple cannot dispute that without actual or contemplated litigation, there would be no reason to create the requested documents.

### 2. The Substantial Need Exception Does Not Apply

Apple asserts (Mot. at 8-9) that a "substantial need" for information related to litigation funding overrides ordinary work product protection. Apple recycles its speculations about relevance and concludes, that "similar to the movant in *Odyssey*, Apple has met both requirements necessary to overcome any claim of work product protection here." But unlike in *Odyssey*, Apple ignores the full breadth of the Rule: "(ii) the party shows that it has substantial need for the materials to prepare its case ***and cannot, without undue hardship, obtain their substantial equivalent by other means***." Fed. R. Civ. P. 26(b)(3)(A)(ii)) (emphasis added). The defendants in *Odyssey* were not granted permission to see litigation funding documents that were

---

[2] *See also Impact Engine, Inc. v. Google LLC*, No. 3:19-cv-01301-CAB-DEB, 2020 U.S. Dist. LEXIS 194517, at *2-3 (S.D. Cal. Oct. 20, 2020) ("[T]hese documents were created because of the litigation they will fund. . . . The work product protection is not waived because it was shared with another person or entity."); *Viamedia, Inc. v. Comcast Corp.*, 16-CV-5486, 2017 WL 2834535, at *3 (N.D. Ill. June 30, 2017) (deciding litigation funding documents were "prepared in anticipation of litigation" after *in camera* review); *In re Int'l Oil Trading Co.*, 548 B.R. 825, 838 (Bankr. S.D. Fla. 2016) (deciding that communications between litigation funder and party were work product without applicable exception); *U.S. v. Homeward Residential, Inc.*, 4:12-CV-461, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016) ("The Court finds that the litigation funding information is protected by the work product doctrine."); *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, CV 16-538, 2018 WL 466045, at *5-6 (W.D. Pa. Jan. 18, 2018) (holding that communications and agreements with litigation-funding organizations were in anticipation of litigation and were thus "shielded under work product protection").

-7-

TACTION'S OPPOSITION TO APPLE'S MOTION TO COMPEL

protected by work product until nearly two years had gone by without the defendants having "been given any other documents regarding valuations." That is not the case here. ███████████████████████████████████████████████████████████████████████████████████████████. *See* Snyder Decl., Ex B, Taction's Response to Apple's Interrogatory No. 8. Taction's other interrogatory responses also address Apple's patent valuation and standing concerns. Apple has demonstrated neither substantial need nor undue hardship.

### C. Apple's Motion Is Untimely

Apple's requested relief should also be denied for failure to comply with this Court's Chambers Rules. Chambers Rule § V.A. states: "Counsel shall commence the meet and confer process within 14 calendar days of the event giving rise to the dispute (see § V.E.)" and "The Court expects strict compliance with the meet and confer requirement . . . ." (see § V.A.). Apple admits that it did not meet and confer as required within 14 calendar days, but attempts to characterize the parties' exchange of Rule 26(f) report drafts as "commencing" the meet and confer process. Mot. at II.C. But the two are unrelated, and the parties did not actually discuss this dispute until well after the deadline. This dispute is therefore untimely.

### D. Any Compelled Discovery Should Be Narrowly Tailored

As described above, Apple is generally not entitled to the discovery that it seeks. Apple has also failed to address the different subcategories of documents—beyond litigation funding agreements—that fall within its requests, including their different potential relevance. This is an independent basis to deny Apple's motion. Apple's overbroad requests also call for privileged information, and Apple has not established any reason why that privilege should be negated. The Court may also address Apple's concerns via *in camera* review, if it believes review of any material is necessary.

First, Apple's cited authority and articulated justifications are generally limited to litigation funding agreements—the actual contractual documents establishing a

litigation funding relationship. In *Uniloc* and *Odyssey*, the courts **only** considered litigation funding agreements in making their determination. Moreover, in light of Taction's interrogatory responses, Apple has not sufficiently explained how anything besides an agreement would have bearing on standing, put any kind of valuation on a patent, or relate to any other of Apple's concerns. Apple motion should be denied on this basis, or at a minimum the Court should only grant discovery as to executed litigation funding agreements.

      Second, the "substantial need" standard is not the relevant standard for litigation funding materials to the extent they contain **attorney** work product. As numerous courts have held, the terms of a litigation funding agreement may reveal attorney assessment of the case, its worth, its chances of success, and its budgeted resources. *E.g., Int'l Oil Trading*, 548 B.R. at 839 ("[S]ome terms of a litigation funding agreement represent an assessment of risk based on discussion of core opinion work product of the case.") (collecting cases).[3] Thus, even when "the court orders discovery of [ordinary work product], it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Even Apple's keystone case, *Odyssey*, recognized that a plaintiff could redact produced litigation funding material because of the need to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." 2016 WL 7665898, at *7.

      Third, it is Taction's understanding that Apple is not seeking any discovery

---

[3] *See also Int'l Oil Trading*, 548 B.R. at 839 ("Revealing certain terms of the agreement might disclose attorney mental impressions and opinion about the case."); s*ee also Charge Injection Techs., Inc. v. E.I. DuPont De Numours & Co.*, No. CV 07C-12-134-JRJ, 2015 WL 1540520, at *5 (Del. Super. Ct. Mar. 31, 2015) (finding that the terms of a litigation funding agreement "reflect the type of attorney mental impressions and litigation strategies which are afforded nearly absolute protection").

related to litigation funding that is protected by attorney-client privilege. To the extent that Apple does seek such discovery, the Court should deny it. *See United States v. Grand Jury Investigation*, 401 F. Supp. 361, 369 (W.D. Pa. 1975) ("one who seeks advice or aid from a lawyer should be completely free of any fear that his secrets will be uncovered."). Apple repeatedly complains that Taction has not produced a privilege log yet, but that simply highlights how premature Apple's motion is, and that documents that might otherwise be responsive to Apple's requests may be squarely protected by attorney-client privilege. Similarly, it is Taction's understanding that documents and information in the possession of Taction's litigation counsel, but not Taction itself, are not subject to this motion. To the extent that Apple seeks that type of discovery, the Court should deny it as well.

Fourth, to the extent the Court has any doubts about standing or other justifications advanced by Apple, the Court may perform *in camera* inspection of the requested material in lieu of ordering production to Apple. Limited disclosure *in camera* is a common solution to discovery disputes on discovery in this district and others on issues of litigation finance. *See, e.g., Impact Engine* at *2-3 (using *in camera* on litigation funding documents); *In re: Amaranth,* 11-CV-1810-DMS(WVG), ECF No. 1202 (S.D.C., July 13, 2018) (same); *ART+COM Innovationpool GmbH v. Google,* Inc., C.A. 14-217, ECF No. 196, (D. Del. Sept. 11, 2015) (finding, after in camera review, agreements with plaintiff's litigation financiers were irrelevant). Such a solution will disprove Apple's wild theories that Taction *may* lack standing, while limiting production to Apple of Taction's sensitive and protected work product.

### III. Conclusion

The material sought by Apple is irrelevant and protected work product. The vast majority of cases considering the same issue have declined to compel discovery of litigation financing material. Apple's motion should be denied.

| | | |
|---|---|---|
| Dated: October 11, 2021 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By: */s/ Sean Pak*
Sean Pak (SBN 219032)
seanpak@quinneemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320
Facsimile: (415) 875-6700

Thomas D. Pease (*pro hac vice*)
(N.Y. Bar No. 2671741)
thomaspease@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Plaintiff Taction Technology, Inc.*