UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No.: 21-cv-00812-TWR-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF STIPULATED ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>**[ECF No. 54]** |

Before the Court is the parties' joint motion for approval of stipulated order governing discovery of electronically stored information ("ESI"). (ECF No. 54.) Good cause appearing, the joint motion is **GRANTED**, and the following stipulated order governing discovery of ESI is entered:

1. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a list of no more than 6 custodians for purposes of collection, review, and production of electronically stored information. In connection with

the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (*e.g.*, the asserted patents, the development, design and operation of the accused products, and sales and marketing for the accused products). The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on no more than 10 search terms (per custodian, which may vary between custodians) to be used for electronic searches of the files from either party's custodians. ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers and network resources that those individuals use for work purposes. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (*e.g.*, if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving the production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. Nothing herein should be interpreted to require that the parties produce non-responsive documents that hit on a search term.

2. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple-page, searchable PDF format or single-page, TIFF image format at a resolution of at least 300 dpi in accordance with the following:

A. PDF or Image files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

B. **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields below. However, the parties are not

obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

## TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date and time (MM/DD/YYYY HH:mm:ss format) | The date and time the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
| --- | --- | --- | --- | --- |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The title of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |

C. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives, secure file transfer protocol ("SFTP"), or other secure electronic transfer platform, as appropriate. The producing party shall encrypt the production data, and the producing party shall provide the password to decrypt the production data separately from the production data.

3. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

4. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

5. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

6. **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

7. **Text files.** The parties shall provide extracted text files, if extracted text exists, from documents that have been produced with no redactions. For documents produced in redacted form, the parties shall produce optical character recognition ("OCR") text file from the redacted images.

8. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

9. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

///

10. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

11. **Privilege and privacy.** The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements. The parties agree that they are not required to include in privilege logs any documents or communications created on or after April 26, 2021. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection form discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

///

12. Nothing in this Order prevents the parties from using technology assisted review ("TAR") insofar as it improves the efficacy of discovery. If either Party intends to use TAR to identify responsive information, they shall disclose its protocol to the other Party.

**IT IS SO ORDERED.**

Dated: November 12, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge