UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-CV-812 TWR (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY**<br><br>(ECF No. 53) |

Presently before the Court is the Motion to Stay ("Mot.," ECF No. 53) filed by Defendant Apple Inc. ("Apple"). Plaintiff Taction Technology, Inc. ("Taction") has filed an Opposition ("Opp'n," ECF No. 62), to which Defendant has filed a Reply ("Reply," ECF No. 65). The Court held oral argument on the Motion on January 19, 2022. (*See* ECF No. 69; *see also* ECF No. 74 ("Tr.").) Having carefully reviewed the Parties' arguments, the record, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Stay as follows.

## BACKGROUND

On April 26, 2021, Plaintiff Taction filed its Complaint against Defendant Apple asserting claims for patent infringement. (*See* ECF No. 1 ("Compl.")). Taction is a "technology innovator specializing in enhanced haptics for electronic devices." (*Id.* ¶ 1.) Taction owns all rights, title, and interest in U.S. Patent Nos. 10,659,885 and 10,820,117

1

(together, the "Asserted Patents"). (*Id.* ¶ 23.) Taction alleges that Apple has "directly infringed, continues to infringe, and has induced or contributed to the infringement" of the Asserted Patents "by making, using, selling, and offering for sale, without authority or license the Accused Products in violation of 35 U.S.C. § 271(a)." (Compl. ¶¶ 93, 133.)

On October 21, 2021, Apple filed petitions for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB"). (Mot. at 1.) The IPR petitions "seek to invalidate all asserted claims of the patents at issue." (*Id.*) "The PTAB must decide whether to institute the IPRs within 6 months after they are filed, and if instituted, must make a final decision on the IPRs within 1 year after institution." (*Id.*) Thus, the PTAB's decision of whether to institute the IPR will be due in April 2022. (*Id.* at 2.) Apple requests that the Court stay this case pending the outcome of the proceedings in the United States Patent and Trademark Office ("PTO"), in which Apple filed its IPR petitions before the PTAB. (*Id.* at 1.)

## LEGAL STANDARD

A district court has broad discretion to control its own docket—including the discretion to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts generally consider three factors to determine whether to impose a stay pending parallel proceedings before the PTAB: (1) whether a stay will simplify the issues in question and trial of the case, (2) whether discovery is complete and a trial date set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *1 (S.D. Cal. Aug. 29, 2018) (citing *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12-cv-2777-GPC-BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014)). "There is no per se rule that patent cases should be stayed pending reexamination, because such a rule 'would invite parties to unilaterally derail' litigation." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-CV-2061-H (BGS), 2015 WL 12843213, at *2 (S.D. Cal. Apr. 20, 2015) (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014

///

U.S. Dist. LEXIS 4025, at *4 (N.D. Cal. Jan. 13, 2014)).  Rather, the review includes the totality of the circumstances.  *See Qualcomm Inc.*, 2018 WL 4104966, at *1.

## ANALYSIS

### I. Simplification of Issues

First, the Court considers whether a stay will help simplify the issues in question and the trial proceedings.  *See TAS Energy*, 2014 WL 794215, at *3.  The IPR can help streamline a case because "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013).  "Even if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction."  *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV1600437AGJPRX, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016).

Apple has petitioned for review of both Asserted Patents at issue in this case and filed four IPR petitions. (Mot. at 2.)  Taction argues that it is speculative for the Court to stay the case prior to the PTAB's decision whether to institute the IPR.  (Opp'n at 6.)  If the PTAB decides to institute the IPR, however, there are only two outcomes—either the PTAB cancels the claim, or it does not.  If it invalidates the claim, the action is rendered moot.  If it confirms the claim, Apple would be "estopped from asserting invalidity challenges in this case that it raised or could reasonably have raised in the IPR."  *See Qualcomm Inc.*, 2018 WL 4104966, at *2.  This binary outcome weighs in favor of a "limited stay of proceedings until the PTAB issues its decisions on whether to institute IPR."  *See Qualcomm Inc.*, 2018 WL 4104966, at *2.  Given that the PTAB will decide whether to institute the IPR within three months, the potential to save the parties and the Court from expending resources during the waiting period weighs in favor of a temporary stay.  *See Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17CV2479-GPC(BLM), 2018 WL 5617694, at *7 (S.D. Cal. Oct. 30, 2018) (finding a short stay appropriate because of the

///

potential simplification of issues if the PTAB instituted IPR proceedings where a decision by the PTAB was expected in roughly four months).

## II.  Stage of Litigation

Second, the Court considers the stage of litigation—how close discovery is to completion and whether a trial date has been set. *See Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-CV-700 JLS (NLS), 2016 WL 5107678, at *2 (S.D. Cal. Mar. 29, 2016). "If a significant amount of discovery remains, a stay is more appropriate." *Id.*

Thus far, Taction has produced "roughly 20,000 pages of documents and propounded 12 interrogatories and 85 RFPs." (Opp'n at 3.) Apple has "produced over 400,000 pages of documents and propounded 13 interrogatories and 79 requests for production." (*Id.*) The parties have additionally met and conferred over discovery disputes and have fully briefed discovery motions. (*Id.*) But the "concern is not so much how much discovery has already occurred as whether discovery is nearing completion." *Blast Motion*, 2016 WL 5107678, at *2 (citing *Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*, No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007)). To date, no depositions have been noticed; fact discovery is not scheduled to close until July 29, 2022; and expert discovery and dispositive motions will not occur until fall of 2022. (Mot. at 5.) In other words, discovery is not nearing completion, and there is still an abundance of work ahead of the parties to complete the discovery process, which weighs in favor of a brief stay. *See Qualcomm Inc.*, 2018 WL 4104966, at *2–3 (granting a stay when "significant fact and expert discovery and dispositive motion practice" was ahead); *Blast Motion*, 2016 WL 5107678, at *2–3 (same).

Further, although the parties have "exchanged preliminary and responsive claim constructions and have filed a Joint Hearing Statement, Joint Claim Construction Chart, and Joint Claim Construction Worksheet," (Opp'n at 3), and Claim Construction Briefs, (*see* ECF Nos. 72, 73), no trial date has been set, and the claim construction hearing is set for February 18, 2022. (Opp'n at 3.) The early stage of this litigation therefore weighs in favor of a stay. *See Qualcomm Inc.*, 2018 WL 4104966, at *2–3 (granting a stay when the

claim construction hearing had not yet taken place and no trial date had been set); *see also Blast Motion*, 2016 WL 5107678, at *2–3 (same).

### III.   Undue Prejudice

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Qualcomm Inc.*, 2018 WL 4104966, at *1. "Mere delay in litigation does not establish undue prejudice." *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, No. SACV1600437AGJPRX, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016). Further, "[t]he fact that the parties are not competitors weigh[s] in favor of a stay as any harm from a stay can be addressed through damages." *TAS Energy*, 2014 WL 794215, at *5.

Apple asserts that Taction is not a direct competitor, (Mot. at 9)—an assertion that Taction does not contest. Taction argues that "staying the case would frustrate [its] ability to timely obtain discovery from Apple's key fact witnesses who may be inaccessible, unavailable, or have faded memories if and when the stay is lifted." (Opp'n at 14.) The PTAB's decision whether to institute the IPR, however, is expected in April 2022. Thus, a temporary stay is not likely to cause undue prejudice to Taction or affect the availability of witnesses. Additionally, at oral argument on January 19, 2022, Taction expressed concern that a stay would provide Apple with two opportunities to construe the claims—first as the "plain meaning" by the PTAB and second under narrower terms by the Court. (*See* Tr. at 8:23–12:4.) While this issue may arise under a stay pending all PTAB proceedings, the Court is not persuaded that a temporary stay pending the PTAB's decision whether to institute the IPR would similarly provide Apple this tactical advantage and unduly prejudice Taction.

Further, neither Party has employed dilatory tactics or strategy in the timing of their motions. "Taction initiated this action within months after determining that Apple was using its technology without permission." (Opp'n at 14.) Apple has been similarly expedient, as acknowledged by Taction at the hearing, (*see* Tr. at 11:5–7), filing its four IPR petitions six months before the statutory one-year deadline and four months after filing

its Answer. (Mot. at 8.)  Thus, it does not appear that Apple delayed intending to prejudice Taction, meaning this factor weighs in favor of granting a temporary stay.

### CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Stay (ECF No. 53).  Specifically, the Court **STAYS** this action pending the PTAB's decision whether to institute the IPR but **DENIES WITHOUT PREJUDICE** Apple's request to stay these proceedings pending the PTAB's final decision on Apple's IPR petitions.  The Parties **SHALL FILE** a joint status report within <u>seven (7) days</u> of the PTAB issuing its decision whether to institute IPR.

Additionally, the Court **GRANTS** the request to stay the Claim Construction hearing currently set for February 18, 2022.  The Court therefore **STAYS** the Parties' remaining claim construction briefing and **VACATES** the February 18, 2022 hearing, with the briefing schedule and hearing to be reset once this stay is lifted.

**IT IS SO ORDERED.**

Dated:  January 26, 2022

_____
Honorable Todd W. Robinson
United States District Judge