UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TACTION TECHNOLOGY, INC.,
Plaintiff,

v.

APPLE INC.,
Defendant.

AND RELATED COUNTERCLAIMS.

Case No.: 21-cv-00812-TWR-JLB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL**

**[ECF No. 44]**

Before the Court is a Motion to Compel filed by Defendant Apple, Inc. ("Defendant"). (ECF No. 44.) Defendant seeks to compel discovery from Plaintiff Taction Technology, Inc. ("Plaintiff") responsive to Interrogatory No. 6 and Requests for Production ("RFP") Nos. 48, 50, and 51 from its First Set of Discovery Requests. (*Id.* at 2.) For the reasons stated below, Defendant's Motion to Compel (ECF No. 44) is **GRANTED in part and DENIED in part**.

## I. <u>BACKGROUND</u>

Plaintiff filed the instant patent infringement lawsuit against Defendant on April 26, 2021. (ECF No. 1.) Plaintiff claims that it is the owner of two utility patents

(collectively, the "Asserted Patents") issued by the U.S. Patent and Trademark Office. (*Id.* at 4 ¶ 23.) This case centers around Plaintiff's allegations that certain models of Defendant's iPhones and Apple Watches infringe its Asserted Patents. (*Id.* ¶¶ 21, 24.) On June 17, 2021, Defendant filed an answer denying Plaintiff's infringement allegations, along with various affirmative defenses and counterclaims. (ECF No. 17.) Plaintiff filed an answer to Defendant's counterclaims on July 8, 2021. (ECF No. 24.)

In the instant dispute, Defendant seeks to compel discovery related to Plaintiff's litigation funding of this lawsuit. (ECF No. 44 at 2.)

On July 8, 2021, Defendant served its First Set of Discovery Requests. (*Id.*) Plaintiff responded to Defendant's requests on August 9, 2021. (ECF Nos. 44-2 at 7; 44-3 at 7.)

On September 8, 2021, the parties lodged a joint discovery statement with the Court. (ECF No. 38.) On September 10, 2021, the Court determined that an informal discovery conference would not be beneficial to the parties and issued a Briefing Schedule for Defendant to file a motion to compel. (*Id.*)

On September 27, 2021, Defendant filed its Motion to Compel (ECF No. 44), and Plaintiff filed an opposition on October 11, 2021 (ECF No. 52). On January 21, 2022, the Court ordered Plaintiff to produce a privilege log to Defendant, if it had not already done so, for all responsive documents withheld on the basis of privilege. (ECF No. 70 at 2.) On the same date, the Court also ordered Plaintiff to submit to the Court for *in camera* review the privilege log it provided to Defendant and "any litigation funding agreement(s) for this litigation and any documents responsive to RFP Nos. 48, 50, and 51 that address or reflect the valuation of the Asserted Patents." (*Id.*) On February 4, 2022, Plaintiff submitted for *in camera* review its privilege log, litigation funding agreements, and term sheets related to the agreements, along with spreadsheets and memoranda addressing the valuation of the Asserted Patents.

On February 22, 2022, the Court held a hearing regarding Defendant's Motion to Compel. (ECF No. 84.) On March 4, 2022, pursuant to the Court's order (ECF No. 85),

Plaintiff filed a declaration with supplemental information regarding its privilege log, and Defendant filed a reply. (ECF Nos. 89; 93.)

## II. LEGAL STANDARD

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 33 governs interrogatory practice. Fed. R. Civ. P. 33. As to an interrogatory's scope, it "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Federal Rule of Civil Procedure 34 further provides that a party may serve requests for documents or tangible things on any other party that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 34(a). The propounding party may move to compel a response if a party fails to answer an interrogatory or produce documents requested under Rules 33 and 34. *See* Fed. R. Civ. P. 37(a).

"The party seeking to compel discovery has the burden of establishing that his request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining[,] or supporting its objections." *Bryant*, 2009 WL 1390794, at *1 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

///

///

## III. DISCUSSION

Defendant moves to compel Plaintiff to produce discovery responsive to RFP Nos. 48, 50, and 51 and Interrogatory No. 6 concerning Plaintiff's litigation funding. (ECF No. 44 at 2.) RFP Nos. 48, 50, and 51 request the following:

> 48. All communications relating to any actual or potential litigation involving the Asserted Patents or any Related Patents, including but not limited to all communications with any individual or entity that has invested in [Plaintiff] or that has invested in or provided funding for this Litigation.
>
> 50. All executed and finalized agreements or contracts between [Plaintiff] or the Named Inventor and any individual or entity that has invested in [Plaintiff] or that has invested in or provided funding in this Litigation.
>
> 51. All documents relating to any litigation funding that [Plaintiff] or the Named Inventor has sought or received with respect to this Litigation or any other litigation, potential litigation, or patent enforcement effort.

(ECF No. 44-2 at 3–6.)

Plaintiff objected to RFP Nos. 48, 50, and 51 on a multitude of grounds: vague and ambiguous; overbroad and unduly burdensome; irrelevant and not proportional; call for confidential, proprietary, or trade secret information; purport to create an obligation to product documents that are outside of [Plaintiff's] possession, custody, or control; and seek information subject to the attorney-client privilege, attorney work product immunity, or other privilege or immunity against disclosure. (*Id.*) Regarding RFP No. 48, Plaintiff agreed to "produce responsive, non-privileged, non-work product documents relating to 'communications with any individual or entity that has invested in [Plaintiff], . . .'" (*Id*. at 4.) As to RFP No. 50, Plaintiff agreed to "produce responsive, non-privileged, non-work product documents relating to 'any individual that has invested in [Plaintiff], . . .'" (*Id*. at 5.)

Interrogatory No. 6 requests Plaintiff to:

> 6. Identify all persons with an actual or potential financial interest, direct or indirect, including ownership, in [Plaintiff], the Asserted Patents, or

> the Litigation against [Defendant] or any other potential defendant with respect to the Asserted Patents, such actual or potential financial interest including any form of litigation funding that was sought or received or is pending, and describe the relationship between the Named Inventor or [Plaintiff] and any of the aforementioned persons; describe the actual or potential financial and/or ownership interest of each such person; describe any financial benefits or payments made or to be made to such persons; identify any agreements or documents setting forth the actual or potential financial or ownership interest; (e) identify all documents related to negotiations, valuations, or opinions relating to the actual or potential financial or ownership interest; (f) identify any agreements or communications regarding actual or potential licenses or licensing strategy among the aforementioned persons; and (g) identify the three persons most knowledgeable about such actual or potential financial or ownership interest.

(ECF No. 44-3 at 4–5.)

Plaintiff objected to Interrogatory No. 6 on the same grounds as RFP Nos. 48, 50, and 51, asserting that it is: vague and ambiguous; overbroad and unduly burdensome; irrelevant and not proportional; calls for confidential, proprietary, or trade secret information; purports to create an obligation to product documents that are outside of [Plaintiff's] possession, custody, or control; and seeks information subject to the attorney-client privilege, attorney work product immunity, or other privilege or immunity against disclosure. (*Id.* at 5.) Plaintiff also objected to Interrogatory No. 6 on the basis that: "it is compound and consists of multiple interrogatories. . . ; it seeks information in a format or at a level of detail other than that which is ordinarily kept and maintained by [Plaintiff] in its regular course of business; it prematurely calls for expert testimony prior to the scheduled expert disclosures, and calls for [Plaintiff's] position regarding priority before sufficient discovery has been conducted." (*Id.*) Without waiving its objections, Plaintiff agreed to "produce non-privileged documents responsive to" the portion of Interrogatory No. 6 calling for the identification of "all persons with an actual or potential financial interest, direct or indirect, including ownership, in [Plaintiff]." (*Id.*)

///

In its opposition, Plaintiff reasserts its objections to RFP Nos. 48, 50, and 51 and Interrogatory No. 6 that Defendant's requests regarding litigation funding are irrelevant, overbroad, and protected by the work-product privilege.[1] (ECF No. 52 at 3.) In its reply, Defendant reiterates that "the entirety of [Plaintiff's] documents that concern litigation funding of the [A]sserted [P]atents are relevant." (ECF No. 93 at 6.) Defendant also contends that Plaintiff's privilege log and supplemental privilege log are insufficient to support Plaintiff's claim of work-product privilege.[2] (*Id.* at 3–5.)

**A. Timeliness**

As an initial matter, the Court will address Plaintiff's assertion that Defendant's Motion to Compel is untimely under Judge Burkhardt's Civil Chambers Rules ("Civil Chambers Rules"). (ECF No. 52 at 10.) Plaintiff argues that the parties did not meet and confer "until well after the deadline" to bring the dispute. (*Id.*)

The Civil Chambers Rules provide that, absent leave of court, counsel shall comply with their meet and confer requirements under the Local Rules "within 14 calendar days of

---

[1] The Court declines to address any objections raised in Plaintiff's discovery responses that it did not reassert within its opposition brief to the instant motion. *SolarCity Corp. v. Doria*, No. 16-cv-3085-JAH-RBB, 2018 WL 467898, at *3 (S.D. Cal. Jan. 18, 2018) (quoting *Medina v. County of San Diego*, No. 08-cv-1252-BAS-RBB, 2014 WL 4793026, at *8 (S.D. Cal. Sept. 25, 2014)) ("When ruling on a motion to compel, courts in this district "generally consider[] only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel."); *Sherwin-Williams Co. v. Earl Scheib of Cal., Inc.*, No. 12-cv-2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, limiting its review to arguments presented in the parties' briefs).

[2] Defendant's reply also argues that Plaintiff cannot support a claim of attorney-client privilege for its litigation funding documents. (ECF No. 93 at 3, 5–6.) In their briefing, neither party clearly analyzes attorney-client privilege distinctly from work-product privilege. Because this matter can be resolved through a work-product privilege analysis, the Court need not engage in an analysis of Plaintiff's asserted (or waived) claims of attorney-client privilege.

the event giving rise to the dispute."[3] Civil Chambers Rules § V.A. The Civil Chambers Rules also provide that any discovery disputes must be brought to the attention of the court "no later than 30 calendar days after the date upon which the event giving rise to the dispute occurred." *Id.* § V.B. For written discovery, the "event giving rise to the dispute" is defined as "the date of the service of the answer/response, or in the absence of a response, the date upon which a timely answer/response was due." *Id.* § V.E. The Scheduling Order in this case further provides that "**[a]ll discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute." (ECF No. 34 at 4.) (emphasis in original.)

Here, Defendant concedes that the issue giving rise to this dispute occurred on August 9, 2021—the date Plaintiff served its RFP and interrogatory responses. (ECF No. 44 at 11.) Defendant also admits that it did not attempt to discuss Plaintiff's responses until August 24, 2021—more than 14 days after the event giving rise to the dispute. (*Id.* at 10.) Nonetheless, Defendant argues that the meet and confer requirement was met because this dispute "has been no secret to [Plaintiff]" since the parties asserted their positions on the issue of litigation funding in their Joint Discovery Plan (*see* ECF No. 32) filed pursuant to Rule 26(f). (*Id.*) Plaintiff argues Defendant's characterization of the filing of the Joint Discovery Plan as "'commencing' the meet and confer process" on this dispute is misplaced. (ECF No. 52 at 10.) The Court agrees with Plaintiff. Based on the record before this Court, it appears the parties did not begin the meet and confer process until at least 15 days after Plaintiff served its responses. However, the parties raised the dispute with the Court within its 30-day deadline. Civil Chambers Rules § V.B. Despite the

---

[3] The Local Rules provide that "[t]he court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." CivLR 26.1(a).

parties' failure to timely meet and confer, the Court will proceed to consider the merits of Defendant's Motion to Compel.

**B. Relevance and Overbreadth Objections**

Defendant argues its requests are "relevant to all facets of this case, including damages, standing, invalidity, and [its] fundamental ability to obtain discovery from [Plaintiff] under [Federal Rule of Civil Procedure] 26(b)(1) in view of [Plaintiff's] resources." (ECF No. 44 at 2.) Further, Defendant asserts that it "seeks litigation funding documents . . . because they are relevant to the valuation of [Plaintiff's] [A]sserted [P]atents." (*Id.* at 5.) In response, Plaintiff argues that "[t]he sweeping claims of relevance [Defendant] offers for its overbroad requests are speculative, already addressed by [Plaintiff's] discovery responses, and consistently rejected by prior courts." (ECF No. 52 at 3.)

As other courts have recognized, "[t]here is a split of authority on whether a plaintiff's source of litigation funding is within the scope of relevant discovery." *Impact Engine, Inc. v. Google LLC*, No. 19-cv-1301-CAB-DEB, 2020 U.S. Dist. LEXIS 145636, at * 3 (S.D. Cal. Aug. 12, 2020) (citing *V5 Techs. v. Switch, Inc.*, 334 F.R.D. 306, 312 (D. Nev. 2019); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contam. Prod. Liab. Lit.*, 405 F. Supp. 3d 612, 614 (D.N.J. 2019) ("At bottom, courts are split on the issue. . . .")). However, in patent litigation cases, "courts have generally ruled that litigation funding agreements and related documents are relevant and discoverable." *Id.* at *4.

This Court agrees with other courts in this district that have found litigation funding agreements and related documents can be "directly relevant" to "the valuations placed on the . . . patents prior to the present litigation." *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd.*, No. 15-cv-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016); *see also Impact Engine*, 2020 U.S. Dist. LEXIS 145636, at *4. Here, the Court finds Defendant's RFP Nos. 48, 50, and 51 relevant, but only to the extent that they seek litigation funding agreements and related documents that contain or reflect valuations of the Asserted Patents.

Accordingly, the Court narrows Defendant's requests and addresses Plaintiff's privilege objection below as to these more limited requests:

> 48. All communications relating to any actual or potential litigation involving the Asserted Patents ~~or any Related Patents~~, including but not limited to all communications with any individual or entity that has invested in [Plaintiff] or that has invested in or provided funding for this Litigation, **that contain or reflect an assessment of the value of the Asserted Patents**.
>
> 50. All executed and finalized agreements or contracts between [Plaintiff] or the Named Inventor and any individual or entity ~~that has invested in [Plaintiff] or~~ that has invested in or provided funding in this Litigation.
>
> 51. All documents relating to any litigation funding that [Plaintiff] or the Named Inventor has sought or received with respect to this Litigation or any other litigation, potential litigation, or patent enforcement effort **related to the Asserted Patents, that contain or reflect an assessment of the value of the Asserted Patents**.

The Court also finds Defendant's Interrogatory No. 6 relevant to the extent it requests Plaintiff to identify litigation funders, litigation funding agreements, and other documents related to valuations of the Asserted Patents. However, the Court agrees with Plaintiff that Defendant "failed to address the different subcategories of documents" that fall within Interrogatory No. 6. (ECF No. 52 at 10.) Indeed, Defendant does not argue how "documents related to negotiations . . . or opinions" and "any agreements or communications regarding actual or potential licenses or licensing strategy . . ." would be relevant. Accordingly, the Court will address Plaintiff's privilege objection to Interrogatory No. 6 only pertaining to the following:[4]

> 6. **(1)** Identify all persons with an actual or potential financial interest, direct or indirect, including ownership, in [Plaintiff], the Asserted Patents, or the Litigation against [Defendant] or any other potential

---

[4] The Court notes that it has made additional non-substantive changes to Interrogatory No. 6 for clarity and ease of analysis.

> defendant with respect to the Asserted Patents **("Persons With Interest")**, such actual or potential financial interest including any form of litigation funding that was sought or received or is pending, and **(2)** describe the relationship between the Named Inventor or [Plaintiff] and any of the ~~aforementioned persons~~ **Persons With Interest**; **(3)** describe the actual or potential financial and/or ownership interest of each ~~such person~~ **Person With Interest**; **(4)** describe any financial benefits or payments made or to be made to ~~such persons~~ **the Persons With Interest**; **(5)** identify any agreements or documents setting forth the actual or potential financial or ownership interest; **(6)** identify all documents related to ~~negotiations,~~ valuations~~, or opinions~~ relating to the actual or potential financial or ownership interest; ~~**(7)** identify any agreements or communications regarding actual or potential licenses or licensing strategy among the aforementioned persons~~; and **(8)** identify the three persons most knowledgeable about such actual or potential financial or ownership interest.

With respect to Plaintiff's overbreadth objections to Defendant's discovery requests, the Court finds that Defendant's requests, as modified by the Court, relate to a sufficiently specific type of information—i.e., litigation funding and patent valuation—such that the requests are not overbroad. Accordingly, Plaintiff's overbreadth objections are sustained to the extent reflected in the Court's modifications to the discovery request but are otherwise overruled.

## C. Privilege Objection

### 1. Attorney Work Product

Plaintiff asserts that "[t]he information [Defendant] requests is also protected by [the] work product protection with no applicable exception." (ECF No. 52 at 3.) In its Motion to Compel, Defendant urged the Court not to deny its motion on the basis of Plaintiff's privilege objections as Plaintiff had not yet provided a privilege log that Defendant would need to properly assess and brief the privilege issues. (ECF No. 44 at 10.) On January 21, 2022, the Court ordered Plaintiff to produce a privilege log to Defendant. (ECF No. 70 at 2.) On the same date, the Court also ordered Plaintiff to submit to the Court for *in camera* review the privilege log it provided to Defendant and "any

litigation funding agreement(s) for this litigation and any documents responsive to RFP Nos. 48, 50, and 51 that address or reflect the valuation of the Asserted Patents."[5] (*Id.*) On February 4, 2022, Plaintiff made its *in camera* submission and Defendant subsequently filed a reply (ECF No. 93).[6]

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks and citation omitted); Fed. R. Civ. P. 26(b)(3). In order to qualify for protection against discovery under Rule 26(b)(3), "documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (quoting *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989)) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 26(b)(3) distinguishes between ordinary work product and opinion work product. Ordinary work product is discoverable if the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). However, as to opinion work product, courts are obligated to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). "A party seeking opinion work product must make a showing beyond the

---

5 As stated above, the Court only finds RFP Nos. 48, 50, and 51 relevant to the extent they request litigation funding agreements and other documents related to the valuation of the Asserted Patents. As such, the Court only analyzes whether the documents Plaintiff submitted for *in camera* review meet the standard for work-product privilege.

6 In addition, Plaintiff provided Defendant with a supplemental privilege log and a personnel key on March 1, 2022, which are under seal and attached as Exhibit E to Defendant's reply. (*See* ECF Nos. 93 at 3; 94.)

substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product." *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (agreeing with other courts "that have concluded that opinion work product may be discovered and admitted when mental impressions are *at issue* in a case and the need for the material is compelling" (emphasis in original)).

The "anticipation of litigation" test requires "more than a remote possibility of litigation." *Natural-Immunogenics Corp. v. Newport Trial Group, et al.*, No. SACV 15–02034 JVS (JCGx), 2019 WL 11743217, at *4 (C.D. Cal. Mar. 1, 2019) (citations omitted); *see also Arfa v. Zionist Org. of Am.*, No. CV 13–2942 ABC (SS), 2014 WL 815496, at *4 (C.D. Cal. Mar. 3, 2014) ("The work product rule does not apply merely because there is a remote prospect of future litigation."); *Health v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004) ("More than the mere possibility of litigation must be evident for materials to be considered immune from discovery under the work-product doctrine." (citation and internal quotations omitted)); *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988) ("There is no requirement that the litigation have already commenced in order for the work-product doctrine to be operative, however, there must be more than a remote possibility of litigation.").

Defendant argues that the requested documents are not protected by privilege because the "litigation funding documents are . . . discoverable as facts related to a business transaction" and its requests merely "target business information, not communications related to legal advice." (ECF No. 44 at 8.) The Court is not persuaded.[7] The Court has reviewed *in camera* each of the documents submitted by Plaintiff, which include litigation

---

[7] In support of this argument, Defendant incorrectly cites *Continental Circuits* as a case in which the Court ordered litigation funding documents produced. (*See* ECF No. 44 at 8.) As Defendant conceded in the hearing, the court in *Continental Circuits* did not order the production of the funding documents. *See Cont'l Circuits LLC v. Intel Corp., et al.*, 435 F. Supp. 3d 1014, 1023–24 (D. Ariz. 2020).

funding agreements, related supplemental documents and correspondence, and various memoranda and spreadsheets regarding valuations of this case and the Asserted Patents. It is clear to the Court these documents were created by or for Plaintiff in anticipation of litigation. Furthermore, many of the documents include express confidentiality provisions regarding the litigation funding agreements, the terms, and the information related to them. Therefore, the Court finds that the documents submitted by Plaintiff for *in camera* review—which contain patent valuations and are responsive to RFP Nos. 48, 50, and 51—qualify as work product. Moreover, this Court agrees with other courts in this district that have found that the work-product doctrine applies to litigation funding agreements and related documents. *Odyssey Wireless*, 2016 WL 7665898, at *5 ("Although there is a dearth of case law regarding the applicability of the work-product doctrine to litigation funding documents, the district courts that have addressed this issue have found this protection applicable.") (collecting cases.)

On the other hand, Defendant's Interrogatory No. 6 only requests Plaintiff to *identify* litigation funders, litigation agreements, and documents related to patent valuation. The Court does not consider the existence of these documents and the people/entities who are parties to them to be protected information under the work-product doctrine. *See, e.g.*, *Cont'l Circuits LLC*, 435 F. Supp. 3d at 1019 (finding the fact that litigation funding agreements existed was not protected information under the work-product doctrine and that "[t]he identity of litigation funders who have a stake in the litigation will also help identify jurors, if any, who have a relationship with such funders"). These facts constitute "intangible information that do[] not reveal the mental impressions or strategies of the attorneys. . . ." *Id.* at 1020. Indeed, "Plaintiff cites no authority suggesting that every unwritten fact collected or developed by an attorney in preparation for litigation is protected from discovery." *Id.* at 1024. Thus, there is no need to analyze substantial need with respect to Interrogatory No. 6 and the Court **GRANTS** Defendant's Motion to Compel as to the modified version of this interrogatory.

///

**2. Substantial Need and Undue Hardship**

As Plaintiff has met its burden of showing the documents submitted for *in camera* review constitute attorney work product, the burden now shifts to Defendant to establish that an exception to the ordinary protection afforded to work product applies. Specifically, Defendant must show that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).[8]

Defendant argues it has a substantial need for Plaintiff's litigation funding documents as evidence of the value of the patents at issue, relying on the *Odyssey Wireless* case. (*Id.* at 9.) However, as Plaintiff points out, that case is distinguishable. (ECF No. 52 at 9–10.) There, the defendants had not "been given any other documents regarding valuations of" the plaintiff for over two years. *Odyssey Wireless*, 2016 WL 7665898, at *7. Conversely, here, discovery has just begun, and it appears that Plaintiff has agreed to produce other discovery relevant to valuations of the Asserted Patents. (*See* ECF No. 52 at 10; 52-3 at 7–10.) In addition, Defendant contends that it has a substantial need for the requested discovery because Plaintiff "has produced no other discovery in this case that would permit [Defendant] to further investigate or identify parties that have a stake in this litigation through litigation funding." (ECF No. 44 at 9.) However, this argument is based on Plaintiff's refusal to respond to Interrogatory No. 6 in addition to its refusal to produce litigation funding documents. The argument goes to the need for the identities of the

---

[8] This is the standard for obtaining ordinary work product; the standard for opinion work product is higher. Defendant's RFPs and interrogatory at issue could potentially call for both ordinary work product and opinion work product. However, because Defendant does not meet the standard to obtain ordinary work product, the Court does not parse between ordinary work product and opinion work product.

funders, not necessarily the litigation funding *documents*.[9] Because the Court has granted Defendant's Motion to Compel as to a modified version of Interrogatory No. 6, Plaintiff will provide Defendant with, among other things, the identities of litigation funders. Therefore, the Court finds that Defendant does not have a substantial need for litigation funding documents. Because it has not shown a "substantial need" as required by Federal Rule of Civil Procedure 26(b)(3)(A)(ii), the Court concludes that Defendant is not entitled to production of any litigation funding agreements or related documents requested in RFP Nos. 48, 50, and 51. Accordingly, Defendant's Motion to Compel as to RFP Nos. 48, 50, and 51 is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel (ECF No. 44) is **GRANTED in part and DENIED in part**. The Court **DENIES** Defendant's Motion to Compel as to RFP Nos. 48, 50, and 51, and **GRANTS** Defendant's Motion to Compel as to the Court's modified version of Interrogatory No. 6. Accordingly, to the extent it has not already done so, Plaintiff shall:

> **(1)** Identify all persons with an actual or potential financial interest, direct or indirect, including ownership, in [Plaintiff], the Asserted Patents, or the Litigation against [Defendant] or any other potential defendant with respect to the Asserted Patents **("Persons With Interest")**, such actual or potential financial interest including any form of litigation funding that was sought or received or is pending, and **(2)** describe the relationship between the Named Inventor or [Plaintiff] and any of the ~~aforementioned persons~~ **Persons With Interest**; **(3)** describe the actual or potential financial and/or ownership interest of each ~~such person~~ **Person With Interest**; **(4)** describe any financial benefits or payments made or to be made to ~~such persons~~ **the Persons With Interest**; **(5)** identify any agreements or documents setting forth the actual or potential financial or ownership interest; **(6)** identify all documents related to ~~negotiations,~~ valuations~~, or opinions~~ relating to the actual or potential

---

[9] In its reply, Defendant merely asserts in conclusory fashion, without any material explanation, that it has a substantial need for Plaintiff's litigation funding documents. (ECF No. 93 at 5.)

financial or ownership interest; ~~**(7)** identify any agreements or communications regarding actual or potential licenses or licensing strategy among the aforementioned persons~~; and **(8)** identify the three persons most knowledgeable about such actual or potential financial or ownership interest.

Plaintiff shall comply with this Order and produce responsive discovery within **<u>14 days</u>** of the stay in this case being lifted. [10]

**IT IS SO ORDERED.**

Dated: March 16, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[10] In its reply, Defendant also requests that the Court "compel the production of a privilege log that identifies the 'redacted' parties." (ECF No. 93 at 4.) This is not part of the motion currently before the Court. In light of this Court's Order, Plaintiff shall reevaluate the current redactions in its supplemental privilege log and provide an updated privilege log to Defendant. The parties shall then meet and confer regarding any remaining issues regarding Plaintiff's privilege log. Any unresolved disputes regarding Plaintiff's privilege log shall be brought to the Court's attention, after the stay is lifted, in compliance with § V of Judge Burkhardt's Civil Chambers Rules.