SINGER CASHMAN LLP
  Benjamin L. Singer (Bar No. 264295)
  bsinger@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Attorney for Non-Parties Kenosha Investments LP and Gronostaj Investments LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| TACTION TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 3:21-CV-00812-TWR-JLB <br><br> **NON-PARTIES KENOSHA INVESTMENTS LP AND GRONOSTAJ INVESTMENTS LLC'S JOINT MOTION TO QUASH DEFENDANT'S SUBPOENAS** <br><br> District Judge: Hon. Todd W. Robinson <br> Magistrate Judge: Hon. Jill L. Burkhardt <br><br> Hearing Date:   December 23, 2022 <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> **PUBLIC VERSION** |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

III. ARGUMENT ....................................................................................................... 4

    A. The Law Governing Subpoenas ............................................................... 5

    B. Apple's Subpoenas Seek Duplicative Information Already Determined by the Court to be Non-Discoverable ........................................................... 6

    C. Apple's Subpoenas Seek Protected Work-Product .................................. 7

    D. Apple Cannot Show Substantial Need or Undue Hardship Required to Overcome the Presumption of Work-Product Non-Discoverability ........ 8

    E. Any Deposition on Topics Beyond Work-Product Would Address Duplicative, Cumulative and/or Irrelevant Information ........................... 9

IV. CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*ACLU v. U.S. Dep't of Justice*,
  880 F.3d 473 (9th Cir. 2018) ................................................................................ 7

*Dataquill Limited v. Kyocera Wireless Corp.*,
  No. 01cv2302-B (BLM), 2005 WL 8173292 (S.D. Cal. Oct. 26, 2005) ................ 6

*DR Systems, Inc. v. Kodak Co.*,
  No. 09cv1625-H (BLM), 2009 WL 2982821 (S.D. Cal. Sept. 14, 2009) .............. 6

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .............................................................................................. 7

*Impact Engine, Inc. v. Google LLC*,
  No. 3:19-cv-01301-CAB-DEB, 2020 U.S. Dist. LEXIS 194517 (S.D. Cal. Oct. 20, 2020) ..................................................................................................................... 7

*In re Insogna*,
  No. 3:19-cv-1589-LAB-AHG, 2020 WL 85487 (S.D. Cal. January 3, 2020) ...... 6

*Mediconova, Inc. v. Genzyme Corp.*,
  No. 17cv1572-JLS(KSC), 2018 WL 395488 (S.D. Cal. February 1, 2018) ......... 6

*Odyssey Wireless, Inc. v. Samsung Elecs. Co.*,
  No. 3:15-cv-01738-H (RBB), 2016 WL 7665898 (S.D. Cal. Sept. 20, 2016) ...... 7

**RULES**

Fed. R. Civ. P. 26(b) ................................................................................................ 5

Fed. R. Civ. P. 26(b)(2)(C) ...................................................................................... 5

Fed. R. Civ. P. 26(b)(3) ........................................................................................... 7

Fed. R. Civ. P. 26(b)(3)(A) ...................................................................................... 7

Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii) ............................................................................ 9

Fed. R. Civ. P. 26(b)(3)(B) ...................................................................................... 9

Fed. R. Civ. P. 26(c) ............................................................................................ 1, 5

Fed. R. Civ. P. 45(a)(2) ............................................................................................ 1

Fed. R. Civ. P. 45(d)(3) ........................................................................................... 1

Fed. R. Civ. P. 45(d)(3)(A) ...................................................................................... 5

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 45(a)(2) and (d)(3) and 26(c), Kenosha Investments LP ("Kenosha") and Gronostaj Investments LLC ("Gronostaj")[1] jointly move to quash the substantively identical subpoenas served on them by defendant Apple, Inc. ("Apple") in the above-captioned lawsuit. In that lawsuit, plaintiff Taction Technology, Inc. ("Taction") asserts that Apple infringes two United States patents. The Declaration of Benjamin L. Singer ("BLS Decl.") is submitted with this motion and memorandum.

## I.   INTRODUCTION

Kenosha and Gronostaj are in the business of litigation funding. They have not provided any funding to *Taction*, the plaintiff in this case. ▓▓▓▓ Kenosha and Gronostaj have no relationship with either the plaintiff or defendant in the pending patent litigation. ▓▓▓▓ The only reason that Kenosha and Gronostaj were served with subpoenas is because Taction identified them as parties that have a potential financial intertest in the underlying lawsuit, ▓▓▓▓

Apple's subpoenas seek to obtain comprehensive information from Kenosha and Gronostaj about the underlying lawsuit, including their litigation funding activities. Apple seeks that information under the apparent pretext that it is relevant to various issues in the underlying patent infringement case between Apple and Taction.

This Court already has ruled, however, that most, if not all, of the information Apple now seeks to obtain by subpoena is not discoverable. Apple served its subpoenas only after this Court's Order (D.I. 85) granting-in-part and denying-in-part a motion to compel filed by Apple against Taction, in which the Magistrate Judge found

---

[1] Gronostaj Investments LLC was formerly known as Roosevelt Investments Group, LLC.

that requested information directed to the very same litigation funding and patent valuation subject matter need not, with limited exceptions, be disclosed by Taction to Apple because it is work-product for which no exception to non-discoverability applies.

Apple now seeks to obtain by subpoena from two non-parties what it could not rightfully obtain from a party, Taction. To the extent the subpoenas request information beyond that which was the subject of Apple's previous motion to compel, it is subject to at least the same protections and immunities from disclosure enjoyed by Taction and its litigation counsel.

Given that all or most of the information requested by Apple is immune from discovery, Apple is required to articulate why it has a substantial need to compel Gronostaj and Kenosha to testify and produce documents that could meaningfully assist in the resolution of any of the issues in this case. Apple has not done so. Allowing Apple to proceed with the subpoenas would serve only to needlessly expand this litigation. The subpoenas should be quashed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2021, Taction filed its Complaint (D.I. 1) for patent infringement against Apple in this Court. There are two U.S. patents-in-suit, nos. 10,659,885 and 10,820,117, each directed to haptics technology. Taction alleges that certain models of Apple's iPhones and Apple Watches infringe various claims of the patents.

During discovery, Apple sought, by interrogatory and document request, broad discovery from Taction on the funding of the litigation and any corresponding patent valuation. Taction refused to produce most of the requested information on the grounds, among others, that Apple had not shown that the information was relevant, and that it was subject to attorney-client privilege or work product protection.

On September 27, 2021, Apple filed a motion to compel supplemental responses to three document requests and one interrogatory directed to litigation funding and

patent valuation. To facilitate resolution of the parties' dispute, on January 21, 2022, Magistrate Judge Burkhardt ordered Taction to produce a privilege log and to submit that log to the Court along with any "litigation funding agreements for this litigation" and documents directed to patent valuation for the Court's *in camera* inspection. (D.I. 70). On February 4, 2022, QE on behalf of Taction submitted both the log and the documents to the Court to review. On February 22, 2022, the Court held a hearing on Apple's motion to compel. (D.I. 84).

On March 16, 2022, this Court issued an Order granting in part and denying in part Apple's motion to compel (D.I. 85). The Court made the following findings:

- Litigation funding agreements and related documents can be relevant, but only to the extent they contain or reflect valuations of the asserted patents; funding documents relating to negotiations, opinions, and potential licenses or licensing strategies are not discoverable;
- All of the litigation funding agreements and related documents submitted by Taction for *in camera* review are subject to work-product protection; and
- Apple had failed to demonstrate a substantial need and undue hardship to overcome the presumption of non-discoverability of the documents properly withheld by Taction and determined by the Court to be work-product.

In view of those findings, the Court denied the motion to compel on all three document requests at issue. It granted the motion to compel further response to the interrogatory at issue, but the Court modified the interrogatory to limit the response to the identification of funding agreements and certain persons having an interest in the outcome of the litigation.

In compliance with the Court's Order, on June 16, 2022, Taction served on Apple its supplemental response to Apple interrogatory no. 6. ███████████

1 ████████████████████████████████████████
2 █████████████████████████████████████████████
3 ██████████████████████████████████████
4 █████████████████████████████████████████████
5 ████████████████████████████████████████████
6 ████████████████████████████

On September 7, 2022, at Apple's request, this Court issued deposition and document subpoenas directed to Kenosha and Gronostaj. Through counsel, both Kenosha and Gronostaj accepted service. The subpoenas, which are substantively identical, are attached to the BLS Decl. at Tabs 1 and 2 respectively.

The subpoenas seek to depose the non-parties on a broad variety of topics related to the funding of the litigation, the patents-in-suit, the accused products, patent valuation, and any other actual or potential litigations against Apple. (See e.g. Ex. A to subpoenas at BLS Decl. Tabs 1 and 2). The subpoenas further request that the non-parties bring to their depositions a similarly broad variety of documents, essentially requesting every document related to the patents-in-suit, the accused products, patent valuation, litigation funding, and the investigation of this lawsuit and any other lawsuits involving Apple. (See e.g. Ex. B to subpoenas at BLS Decl. Tabs 1 and 2).

In subsequent telephone conversations between counsel for Gronostaj and Kenosha on one hand, and Apple on the other, counsel for Gronostaj and Kenosha explained to counsel for Apple that Gronostaj and Kenosha do not have anything to offer in response to the subpoenas beyond what this Court already told Apple it could not get from plaintiff Taction, and therefore the subpoena should be withdrawn. Apple refused to withdraw the subpoenas. This motion followed.

## III. ARGUMENT

Apple's subpoenas would require Kenosha and Gronostaj to designate witnesses to testify about, and to produce documents directed to, virtually every aspect of the

underlying patent infringement lawsuit and more. These include the funding of the litigation, patent valuation, the patents-in-suit, the conception and reduction to practice of the patented inventions, Taction's products and their commercialization, any actual or potential litigation claims against Apple, ███████████████████████████
███████████████████████████

These diverse topics fall into three categories:

1. Information identical to, or substantially identical to, information found to be non-discoverable from Taction in the Court's March 16, 2022, Order;
2. Information beyond that requested from Taction, but subject to the same work-product protection as the information found to be non-discoverable work-product in the March 16, 2022, Order; and
3. To the extent the subpoenas request additional information beyond categories (1) and (2), duplicative, cumulative or irrelevant information.

### A. The Law Governing Subpoenas

Fed. R. Civ. P. 45(d)(3)(A) requires a court to quash or modify a subpoena if it subjects a person to an undue burden or requires disclosure of privileged or protected information.

The scope of discovery is further limited by Fed. R. Civ. P. 26(b), which requires that any sought discovery be both relevant and proportional to the needs of the case. A court must limit discovery otherwise allowed "if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Fed. R. Civ. P. 26(c) empowers the Court to prevent or limit discovery accordingly.

District courts afford extra protection to non-parties subject to discovery requests and should impose more stringent restrictions where such discovery is sought.

*In re Insogna*, No. 3:19-cv-1589-LAB-AHG, 2020 WL 85487 at 2 (S.D. Cal. January 3, 2020). District courts thus have broad discretion to determine whether a subpoena is unduly burdensome or overly broad, and therefore must be quashed. *Dataquill Limited v. Kyocera Wireless Corp.*, No. 01cv2302-B (BLM), 2005 WL 8173292 at 1-2 (S.D. Cal. Oct. 26, 2005). District courts also have broad discretion to limit discovery to prevent abuse. *DR Systems, Inc. v. Kodak Co.*, No. 09cv1625-H (BLM), 2009 WL 2982821 at 2 (S.D. Cal. Sept. 14, 2009).

### B. Apple's Subpoenas Seek Duplicative Information Already Determined by the Court to be Non-Discoverable

To the extent that the requested documents and testimony concern litigation funding and patent valuation, Apple seeks substantially the same information it sought from Taction, albeit from a different source. The subject matter, if not the information source, is identical.[2]

As the Court already has determined following an *in camera* review that all documents related to those topics are subject to work product protection, Apple already has had an opportunity to obtain documents on the identical topic. It should not be able to obtain by subpoena what it could not rightfully obtain in party discovery. *Cf. Mediconova, Inc. v. Genzyme Corp.*, No. 17cv1572-JLS(KSC), 2018 WL 395488 at 4 (S.D. Cal. February 1, 2018) (quashing subpoena where requesting party could have obtained information from a party to the action without placing a burden on a non-party). Nor should it be able to compel deposition testimony on that same non-discoverable subject matter.

---

[2] Gronostaj and Kenosha further object to the demand for litigation funding and valuation information on grounds of relevance. Notwithstanding that objection, Gronostaj and Kenosha recognize this Court has determined that such information can, at least in some circumstances, be relevant to this case. Gronostaj and Kenosha respectfully disagree with that finding, but for the purposes of this motion, Gronostaj and Kenosha seek to quash on grounds of relevance only information beyond the scope of the Court's March 16, 2022 Order, such as Apple's broad requests for information about any litigations contemplated against it.

### C. Apple's Subpoenas Seek Protected Work-Product

Under Federal Rule of Civil Procedure 26(b)(3), which codifies the protection for party and attorney work product, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). As the Supreme Court has explained, "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

To the extent the subpoenas purport to reach beyond information requested from Taction, including funding and valuation information either generated internally by Gronostaj or Kenosha ███████████████████████████████, and to information other than funding or valuation, such as analyses of the patents or patented products and other actual or potential litigations, the subpoenas seek information that is immunized from discovery as work-product. *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 3:15-cv-01738-H (RBB), 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) ("[T]he documents were created because litigation was expected. This is sufficient to bring them within the protections of the work-product doctrine.").[3]

In its March 16, 2022, Order, this Court set forth the law governing work-product protection. In so doing, the Court rejected Apple's contention that litigation funding documents are discoverable as facts related to a business transaction. D.I. 85

---

[3] *See also Impact Engine, Inc. v. Google LLC*, No. 3:19-cv-01301-CAB-DEB, 2020 U.S. Dist. LEXIS 194517, at *2-3 (S.D. Cal. Oct. 20, 2020) ("[T]hese documents were created because of the litigation they will fund. . . . The work product protection is not waived because it was shared with another person or entity."); *ACLU v. U.S. Dep't of Justice*, 880 F.3d 473, 485 (9th Cir. 2018) (Even "[w]hen a document was not prepared exclusively for litigation, it should be deemed prepared in anticipation of litigation . . . if . . . the document can be fairly said to have been prepared or obtained because of the prospect of litigation." (ellipses in original)).

at 12. The Court further noted its agreement with other courts that have determined litigation funding documents, and documents related to them, to be work-product. Order at 13.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In its Supplemental Response to Interrogatory No. 6, Taction already has informed Apple that it does not have any relationship with either Kenosha or Gronostaj.

It follows that any litigation funding and patent valuation information generated or developed by Kenosha and Gronostaj ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ was made in anticipation of or during litigation and also is work-product. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇, it is hard to imagine how any such information would not fall within the scope of work-product protection.

Apple's subpoenas seek additional information beyond funding and evaluation to include topics such as analyses of the patents-in-suit, the conception and reduction to practice of products embodying the patented invention, the patented products themselves, valuations of Taction and its products. By the same logic, these topics also cover work-product, as the only way Kenosha or Gronostaj could have developed such information is in connection with this litigation ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

To the extent any underlying facts relating to these topics would be discoverable, Apple has made no showing that such underlying information cannot be, or has not been, obtained directly from Taction.

### D. Apple Cannot Show Substantial Need or Undue Hardship Required to Overcome the Presumption of Work-Product Non-Discoverability

Once a party or non-party has shown that materials are work product, the requesting party must overcome Rule 26(b)'s protections by showing both that the documents satisfy Rule 26(b)(1)'s relevance and proportionality requirements and that

"it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii). Opinion work product – materials that contain "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative," Fed. R. Civ. P. 26(b)(3)(B) – is entitled to absolute immunity.

In its March 16, 2022, Order, the Court found that Apple had failed to establish substantial need and undue hardship required to meet the exception to non-discoverability of Taction's work-product information. By the same reasoning, Apple cannot demonstrate that the exception applies to the work-product sought by the subpoenas. Apple has not provided any argument or information in support of applying the exception beyond that which the Court already found to be insufficient following Apple's motion to compel production from Taction.

### E. Any Deposition on Topics Beyond Work-Product Would Address Duplicative, Cumulative and/or Irrelevant Information

With work-product protection immunizing from disclosure virtually all document discovery[4] and most testimony on the noticed subject matter, any deposition of a Kenosha or Gronostaj designee would yield little more than what Apple already knows from the discovery it received from Taction. Not only would such testimony be cumulative and duplicative, it also would impose an undue burden on Gronostaj and Kenosha given the limited value of discoverable information.

To the extent Apple seeks general information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or actual and potential litigations against Apple other than the underlying lawsuit, Apple seeks information that has no bearing on any issue in this case. And Apple has made no showing that such information could lead to the discovery of relevant information not protected from discovery. Apple has failed to

---

[4] In view of the fact that virtually all of the requested documents would be covered by the work-product protections, any request by Apple for a detailed log of withheld documents would not serve the purposes of reasonable discovery and would impose undue burden and unnecessary costs on non-parties Kenosha and Gronostaj.

articulate any need for information beyond that which Taction already revealed to Apple in its supplemental disclosures following the Court's March 16, 2022, Order.

## IV. CONCLUSION

Because Apple's subpoenas are directed to information already found by this Court to be non-discoverable, non-parties Kenosha and Gronostaj respectfully request that this Court GRANT the present Motion and QUASH the subpoenas.

Date: November 21, 2022

Respectfully submitted,

SINGER CASHMAN LLP

By: /s/ Benjamin L. Singer
Benjamin L. Singer (Bar No. 264295)
bsinger@singercashman.com
SINGER CASHMAN LLP
505 Montgomery Street, Suite 1100
San Francisco, CA 94111
*Attorney for Non-Parties
Kenosha Investments LP and
Gronostaj Investments LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Section V.C.1 of Magistrate Judge Burkhardt's Civil Chamber Rules and Civil Rule 26.1(b) of the Local Rules, the undersigned hereby certifies that counsel for the parties conducted a meet and confer regarding this Motion by telephone prior to filing, but the parties were unable to resolve the issues. Thus, this motion is opposed.

                                                     */s/ Benjamin L. Singer*
                                                        Benjamin L. Singer