# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | | |
|---|---|---|
| TACTION TECHNOLOGY, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21-cv-00812-TWR-JLB |
| APPLE INC. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Kenosha Investments LP c/o CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Remote Deposition "zoom link to follow" | Date and Time: 10/03/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically, video, audio LiveNote

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/07/2022

| *CLERK OF COURT* | OR |
|---|---|
| | s/Ryan P. O'Connor |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc.
, who issues or requests this subpoena, are:
Ryan P. O'Connor, Fish & Richardson PC, 12860 El Camino Real, Suite 400, San Diego, CA 92130; oconnor@fr.com
Tel: 858-678-5070

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-cv-00812-TWR-JLB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "You," "Your," "Yours" and "Kenosha Investment" means and refers to Kenosha Investments LP, its predecessors-in-interest, successors-in-interest, corporate parents, subsidiaries, affiliates, officers, directors, employees, partners, agents, representatives, and/or any other persons acting or purporting to act on its behalf.

2. "Taction" means and refers to Taction Technology, Inc., its predecessors-in-interest, successors-in-interest, corporate parents, subsidiaries, affiliates, officers, directors, employees, partners, agents, representatives, and/or any other persons acting or purporting to act on its behalf, including Quinn Emanuel Urquhart & Sullivan, LLP.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all Documents which might otherwise be construed to be outside its scope.

4. "Any" shall include "all," and "all" shall include "any."

5. As used herein, "each" shall be construed to include the word "every" and "every" shall be construed to include the word "each' as necessary in order to bring within the scope of the request all Documents that might otherwise be construed to be outside its scope.

6. "Communication" as used herein, means and includes, but is not limited to, transmittals of information or requests for information, whether by document, in electronic form, or orally.

7. "Lawsuit" means and refers to Taction's pending patent infringement lawsuit in the Southern District of California against Apple, Inc. (Case No. 21-cv-00812-TWR-JLB).

8. "Document" or "documents" shall be defined and construed in the broadest possible sense as allowed by Federal Rule of Civil Procedure 34 and other applicable Rules, and includes papers of all kinds and non-paper information storage means.

9. The term "including" shall mean including without limitation.

10. "Patents-in-Suit" means the patents asserted by Taction in the Lawsuit, including United States Patent Nos. 10,659,885 (the "'885 Patent") and 10,820,117 (the "'117 Patent"), individually or collectively.

11. "Taction Transporter" means the component described at https://www.tactiontechnology.com/order/ (attached as "Attachment 1"), and including any and all past, present, and future versions of that component sold or marketed under any name.

12. "Taction Products" means and refers to apparatus, devices, products, methods, or services designed, developed, or sold by Taction that Taction claims embody one or more claims of Taction's patents, including but not limited to the Taction Transporter.

13. "Related Patents" means any patent or application of any type, foreign or domestic, related in any way to the Taction Products or Patents-in-Suit, including but not limited to (a) any provisional continuation, continuation-in-part, divisional, file-wrapper continuation, reexamination proceeding, reissue, abandoned application, foreign counterpart, PCT application, or any patents or applications that claim priority to any of the applications in the chain of applications that led to the Patents-in-Suit or from which any one or more of the Patents-in-Suit claim priority and (b) any provisional continuation, continuation-in-part, divisional, file-wrapper continuation, reexamination proceeding, reissue, abandoned application, foreign counterpart, PCT application, or any patents or applications that Relate to or Concern any Taction Product(s).

14. As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa.

15. The above definitions apply to each and every instruction and request below regardless of capitalization.

## DEPOSITION TOPICS

1. Your relationship with Taction, and/or anyone associated with Taction (including but not limited to Silmon James Biggs and John Steinberg), and Your involvement with the Taction Products.

2. Your relationship with Quinn Emanuel Urquhart & Sullivan, LLP.

3. The conception, proof of concept, design, development, functions, and operation of the Taction Products, including without limitation the involvement and contributions of Silmon James Biggs.

4. The conception, design, development, reduction to practice, or diligence in the reduction to practice of any alleged invention(s) set forth in the Taction Products, Patents-in-Suit or Related Patents.

5. Your knowledge of or involvement in the prosecution of the Patents-in-Suit or Related Patents.

6. Financial analyses, projections, estimates or valuations of Taction, the Taction Products, the Patents-in-Suit, any Related Patents, and/or any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

7. Knowledge regarding comparisons of any products to the Taction Products.

8. The utility, advantages, nature, benefits, desirability or valuation of the Taction Products as compared to other devices, if any.

9. Your knowledge of or involvement with products that are similar to and/or compete with the Taction Products.

10. Your knowledge of or involvement in any plan to commercialize and/or the commercialization of the Taction Products, the Patents-in-Suit, or any Related Patents.

11. Any assistance or collaboration from You to Taction for Taction to use for pitches, investments, offerings, financing, loans, guarantees and/or meetings with any potential or actual funding sources.

12. Your knowledge of or involvement in Taction's filing patent infringement lawsuits against Apple, Inc. and/or regarding the Lawsuit.

13. Any financial or any other interest of any kind that You may have in Taction, the Taction Products, the Patents-in-Suit, any Related Patents, any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

14. Any financial analyses, projections, estimates or valuations of Taction, the Taction Products, the Patents-in-Suit, any Related Patents, and/or any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

15. Proposed, potential or actual agreements, contracts, assignments, licenses or understandings involving Taction; any person associated with Taction; Concerning the Taction Products; Concerning the Patents-in-Suit and/or any Related Patents; and/or Concerning any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

16. The content, nature and authenticity of the documents produced in response to Exhibit B to the Subpoena, including information sufficient to establish that these documents are authentic, the dates they were created and used (and, where applicable, publicly disclosed and/or that they accurately reflect an offer for sale or sale), and that the documents were created and kept in the ordinary course of Your business and are being produced as Your business records.

# ATTACHMENT 1

# Order Your Transporter-equipped Corsair Headphones

with the patented Taction Transporter® tactile bass transducers

The hardest-hitting headphone in the world.

The HS60 Haptic is available now from Corsair (https://www.corsair.com/us/en/Categories/Products/Gaming-Headsets/Wireless-Headsets/HS60-HAPTIC/p/CA-9011225-NA), Amazon (https://www.amazon.com/Corsair-Removable-Microphone-Compatible-Discord-Certified/dp/B08JFYW4CK/ref=sr_1_9?dchild=1&keywords=corsair+hs60&qid=1602767450&sr=8-9), BestBuy (https://www.bestbuy.com/site/corsair-hs60-haptic-stereo-gaming-headset-with-haptic-bass-black-and-white-camo/6428300.p?skuId=6428300), NewEgg (https://www.newegg.com/corsair-hs60-haptic/p/N82E16826816166?Description=haptic&cm_re=haptic-_-26-816-166-_-Product), and other retailers worldwide.



## Features and Benefits:

- Most powerful tactile bass ever
- Flattest tactile frequency response ever

- Fastest response of any tactile transducer
- Closed-back design for excellent noise isolation

## Specifications:

- Tactile Frequency Response: Flat +/- 5 dB 15-170 Hz
- Tactile Rise time: 0.008 sec
- Tactile Fall time: 0.085 sec



**Contact:** info@tactiontechnology.com (mailto:info@tactiontechnology.com)

Music (https://www.tactiontechnology.com/music/)

Gaming (https://www.tactiontechnology.com/gaming/)

Technology (https://www.tactiontechnology.com/technology/)

FAQ (https://www.tactiontechnology.com/faq/)

News & Reviews (https://www.tactiontechnology.com/news-reviews/)

Company (https://www.tactiontechnology.com/company/)

Order (https://www.tactiontechnology.com/order/)

Contact Us (https://www.tactiontechnology.com/contact-us/)

Patents (https://www.tactiontechnology.com/patents/)

Privacy (https://www.tactiontechnology.com/privacy/)

Terms of Use (https://www.tactiontechnology.com/terms-of-use/)

[f] (https://www.facebook.com/tactiontechnology)  [twitter] (https://twitter.com/tactiontech)
[instagram] (https://www.instagram.com/tactiontechnology/)
[youtube] (https://www.youtube.com/channel/UCSWQw5mZRGkqaiwxSWL0jew)

© 2022 Taction Technology

## **EXHIBIT B**

## DEFINITIONS

The Definitions in Exhibit A to this subpoena to Kenosha Investments LP are hereby incorporated by reference.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications relating to the Taction Products, the Patents-in-Suit, or any Related Patents.

2. All Documents and Communications relating to any research, experimentation, study, investigation or testing relating to the Taction Products, and/or any alleged invention claimed in the Patents-in-Suit or Related Patents.

3. All Documents and Communications relating to the utility, advantages, nature, benefits, desirability, or valuation of the Taction Products.

4. All Documents and Communications relating to comparisons of any products to the Taction Products.

5. All Documents and Communications relating to Taction's plan to commercialize and/or commercialization of the Taction Products, the Patents-in-Suit, or any Related Patents.

6. All Documents and Communications relating to the conception, proof of concept, design, development, functions, operation, reduction to practice, or diligence in the reduction to practice of any alleged invention(s) set forth in the Taction Products, Patents-in-Suit, or Related Patents, including specifications, prototypes, notebooks, sketches, renderings, design files, invention disclosures, testing or experimental protocols, memoranda, emails, reports, technical files, schematics, CAD files, appointment calendars, trip reports presentations, meeting notes, and/or emails.

7. All Documents and Communications concerning the contribution or participation by any person in the conception, reduction to practice, design and/or development of any alleged invention claimed in the Patents-in-Suit.

8. All Documents and Communications concerning the preparation, drafting, filing, and prosecution of any application for any of the Patents-in-Suit, including, but not limited to draft patent applications; provisional, utility and PCT patent applications; anything identified or considered to be actual or potential prior art; and all non-privileged Documents with regard to filing or prosecution of the Patents-in-Suit or any Related Patent.

9. All Documents and Communications concerning the assignment of the Patents-In-Suit and any Related Patent to Taction.

10. A sample of all prototype(s) of the Taction Products.

11. Source code for all versions of the Taction Products.

12. All Documents and Communications relating to any assistance or collaboration from You to Taction for Taction to use for pitches, investments, offerings, financing, loans, guarantees and/or meetings with any potential or actual funding sources.

13. All Communications between or among You and Taction and/or anyone associated with Taction.

14. All Communications relating to the conception, reduction to practice, design, development or commercialization of the Taction Product(s); the Patents-in-Suit; and/or any Related Patents.

15. Documents relating to any financial or any other interest of any kind that You have in Taction, the Taction Products, the Patents-in-Suit, any Related Patents, any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

16. All Documents and Communications concerning any financial analyses, projections, estimates or valuations of Taction, the Taction Products, the Patents-in-Suit, any Related Patents, and/or any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.

17. All Documents and Communications relating to any proposed, potential or actual agreements, contracts, assignments, licenses or understandings involving Taction; any person associated with Taction; concerning the Taction Products; concerning the Patents-in-Suit and/or

any Related Patents; and/or concerning any patent infringement lawsuit involving Apple, Inc. and/or the Lawsuit.