Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320
Facsimile: (415) 875-6700

Thomas D. Pease (*pro hac vice*)
(N.Y. Bar No. 2671741)
thomaspease@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff Taction Technoloav. Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TACTION TECHNOLOGY, INC., Plaintiff, vs. APPLE INC., Defendant | Case No. 21-cv-00812-TWR-JLB<br><br>**PLAINTIFF TACTION TECHNOLOGY, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO STRIKE APPLE'S AMENDED INVALIDITY CONTENTIONS**<br><br>Judge: Hon. Todd W. Robinson<br><br>Magistrate Judge: Hon Jill L. Burkhardt<br><br>Hearing Date and Time: April 13, 2023, 2 PM |

# TABLE OF CONTENTS

I. Introduction .......... 1

II. Factual Background .......... 2

III. Legal Standard .......... 3

IV. Argument .......... 5

A. Apple Lacks a Good Faith Belief that Amendment Was Required By Either This Court's Claim Construction Order or Taction's Amended Infringement Contentions .......... 5

B. Apple Failed to Exercise Diligence In Serving Its Post Claim Construction Amended Invalidity Contentions .......... 10

V. Conclusion .......... 12

# TABLE OF AUTHORITIES

## Cases

*Apple Inc. v. Wi-LAN, Inc.*,
No. 14-cv-2235 DMS (BLM), 2018 WL 9538772 (S.D. Cal. Mar. 2, 2018) ...... 12

*Apple, Inc. v. Samsung Elecs Co., Ltd.*,
No. 11-cv-1846, 2012 WL 1067548 (N.D. Cal. Mar. 27, 2012) ........................ 10

*Brilliant Instr., Inc. v. GuideTech, Inc.*,
No. 09-cv-5517, 2011 WL 900369 (N.D. Cal. Mar. 15, 2011) .......................... 10

*CliniComp Int'l, Inc. v. Cerner Corp.*,
No. 17CV02479GPCDEB, 2022 WL 16985003 (S.D. Cal. Nov. 15, 2022) ......... 4

*FullView, Inc. v. Polycom, Inc.*,
No. 18-cv-00510-EMC, 2021 WL 1668017 (N.D. Cal. Apr. 28, 2021) ......... 4, 12

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006) ......................................................... 4, 5, 11

*Oracle Am., Inc. v. Google Inc.*,
No. C 10-03561 WHA, 2011 WL 3443835 (N.D. Cal. Aug. 8, 2011) ............... 11

*Polaris PowerLED Techs., LLC v. VIZIO, Inc.*,
No. SACV181571JVSDFMX, 2020 WL 4258663 (C.D. Cal. May 14, 2020) ......................................................................................... 9

*SanDisk Corp. v. Memorex Prods., Inc.*,
415 F.3d 1278 (Fed. Cir. 2005) ............................................................... 5

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
236 F. Supp. 3d 1110 (N.D. Cal. 2017) ..................................................... 4

*Yodlee, Inc. v. Cashedge, Inc.*,
No. 05- cv-1550, 2007 WL 2261566 (N.D. Cal. Aug. 6, 2007) ......................... 12

*Zest IP Holdings, LLC v. Implant Direct MFG, LLC*,
No. 10CV0541-GPC-WVG, 2014 WL 358430 (S.D. Cal. Jan. 31, 2014) ........ 4, 8

## Rules

Patent L.R. 3.3(b) ........................................................................................ 9

Patent L.R. 3.6(b) ........................................................................................ 4

## I. Introduction

On November 18, 2022, Apple served "Post Claim Construction Amended Invalidity Contentions." Despite the title, Apple included new invalidity contentions unrelated to this Court's claim construction order. Specifically, Apple changed its invalidity theory for two prior art Apple products from obviousness—which it had advanced since serving its initial invalidity contentions on October 22, 2021—to anticipation. In doing so, Apple for the first time contended that its own prior art products contained ferrofluid. This fundamental change, offered 20 months into the case, and almost ten months after Apple served its final validity contentions, cannot possibly derive from the claim construction order, as "ferrofluid" was not itself construed. Yet rather than seek leave to amend its contentions as required by the Patent Local Rules, Apple slipped these amendments into contentions that should have been limited to changes prompted by the Court's claim construction order. None of the post-hoc, contrived justifications that Apple now offers for its conduct survives scrutiny.

Apple's violation of Patent Local Rule 3.6 is especially egregious as the two references at issue are ***Apple's own iPhone 6 and iPhone 6 Plus prior art products***. Had Apple sought leave to amend its contentions, it would presumably have had to explain how it failed to recognize before the deadline for final invalidity contentions that two of its own two products, which were well within its ability to investigate, and which Apple had already included for other purposes in its invalidity arguments, allegedly meet the claimed ferrofluid limitations. Because Apple's new contentions and claim charts for the iPhone 6 and iPhone 6 Plus do not derive from the claim construction order and were served without leave, Taction respectfully requests that

they be stricken and that Apple not be permitted to contend that the iPhone 6 or iPhone 6 Plus anticipate the asserted claims or otherwise meet the ferrofluid limitations.

## II. Factual Background

Apple served initial invalidity contentions on October 22, 2021. Among some 70 prior art references, Apple identified the "Apple iPhone 6 Linear Motor Module" as part of an obviousness combination for both asserted patents. Ex. A,[1] Initial '117 iPhone 6 Chart; Ex. B, Initial '885 iPhone 6 Chart. It did the same for the "Apple iPhone 6 Plus Linear Motor Module." Ex. C, Initial '117 iPhone 6 Plus Chart; Ex. D, Initial '885 iPhone 6 Plus Chart. In each chart, Apple did not contend that these devices met the asserted patents' ferrofluid limitations[2] but rather merely stated it "would have been obvious to combine this reference with other prior art." *E.g.*, Ex. A, Initial '117 iPhone 6 Chart at 14-15; Ex. B, Initial '885 iPhone 6 Chart at 11; Ex. C, Initial '117 iPhone 6 Plus Chart at 21-22; Ex. D, Initial '885 iPhone 6 Plus Chart at 20-21. Apple's final invalidity contentions, served January 7, 2022, did not modify the contentions for these references.

On September 28, 2022, this Court issued its claim construction order. D.I. 141. Although two claim phrases including ferrofluid were at issue, the interpretation of "ferrofluid" itself was not, and the Court merely accorded the disputed phrases their

---

[1] All cited exhibits are attached to the Declaration of Gavin Snyder filed with this brief.

[2] All of the asserted patent claims require the presence of ferrofluid. *E.g.*, D.I. 1-2, '885 patent at cl. 1 ("wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion").

plain and ordinary meaning. D.I. 141 at 16-17, 22. Nothing in the order impacts whether a particular prior art product would contain ferrofluid.[3]

On November 18, 2022, without alerting Taction or seeking leave from the Court, Apple served its "Post Claim Construction Amended Invalidity Contentions," which included reworked charts for the iPhone 6 and iPhone 6 Plus references. Ex. E, Amended '117 iPhone 6 Chart; Ex. F, Amended '885 iPhone 6 Chart; Ex. G, Amended '117 iPhone 6 Plus Chart; Ex. H, Amended '885 iPhone 6 Plus Chart. Apple redid its charts in two major ways. First, Apple broadened its reliance on these to include the entire phone instead of the linear motor module within it. *Compare, e.g.*, Ex. A, Initial '117 iPhone 6 Chart at 1 (comparing claim limitation to "Apple iPhone 6 Linear Motor Module"; "Apple iPhone 6 Linear Motor Module discloses . . .") *with* Ex. E, Amended '117 iPhone 6 Chart at 1 (comparing claim limitation to "Apple iPhone 6"; "Apple iPhone 6 and each linear motor module in Apple iPhone 6 is . . ."). Second, Apple for the first time identified the alleged presence of ferrofluid in at least some versions of these iPhone models. *E.g.*, Ex. E, Amended '117 iPhone 6 Chart at 35-41; Ex. F, Amended '885 iPhone 6 Chart at 30-37; Ex. G, Amended '117 iPhone 6 Plus Chart at 21-26; Ex. H, Amended '885 iPhone 6 Plus Chart at 21-26.

The parties have already raised this dispute with Magistrate Judge Burkhardt in a Joint Discovery Statement, and Magistrate Judge Burkhardt authorized Taction to file this motion. D.I. 176.

## III. Legal Standard

Patent Local Rule 3.6(b) is clear: a party may only amend its invalidity contentions after claim construction "absent undue prejudice to the opposing party"

---

[3] Taction then sought and obtained leave to amend its infringement contentions to include newly-released Apple products. D.I. 144, 145. On October 31, 2022, Taction served amended contentions for those products. Nothing in Taction's amended contentions implicates its treatment of "ferrofluid."

***and*** only with a "good faith" belief that amendment is required by amended infringement contentions or "a claim construction that differs from that proposed by the party." Patent L.R. 3.6(b)(1)-(2).[4] The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17CV02479GPCDEB, 2022 WL 16985003, at *12 (S.D. Cal. Nov. 15, 2022) (citation omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (Local rules "require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach."). Accordingly, "the philosophy behind amending claim charts is decidedly conservative." *CliniComp*, 2022 WL 16985003, at *13. Indeed, this District's Local Rules "do not allow amendments to contentions as a matter of course when new information is revealed in discovery, but instead require parties to file amendments to contentions with diligence." *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV0541-GPC-WVG, 2014 WL 358430, at *3 (S.D. Cal. Jan. 31, 2014) (internal quotation marks and citation omitted).

In considering diligence, courts evaluate "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (citation omitted). "[T]he critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Id.* (citation omitted). Thus, "under Patent Local Rule 3-6, if there is no diligence, the amendment may be denied without a showing of prejudice." *FullView, Inc. v. Polycom, Inc.*, No. 18-cv-00510-EMC, 2021 WL 1668017, at *3-5 (N.D. Cal. Apr. 28, 2021); *c.f. O2 Micro*, 467 F.3d at 1367-68

---

[4] This Patent Local Rule also permits amendment upon a timely motion. Patent L.R. 3.6(b)(3). It is undisputed that Apple did not move for leave to amend.

("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."). Even if a good faith belief and diligence could be established, the Court must still consider whether the amendment will cause the patentee prejudice. *See* Patent L.R. 3.6(b) ("***absent undue prejudice to the opposing party***"). Finally, district courts have wide discretion in enforcing local patent rules. *O2 Micro*, 467 F.3d at 1367; *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) ("[T]his court gives broad deference to the trial court's application of local procedural rules in view of the trial court's need to control the parties and flow of litigation before it.").

## IV. Argument

Apple's post-claim construction invalidity contentions and claim charts for the iPhone 6 and iPhone 6 Plus served on November 18, 2022 should be stricken as Apple failed to seek leave and would not otherwise have been able to establish that it had a good faith belief that amendment was required or that it was diligent in making its amendment.

### A. Apple Lacks a Good Faith Belief that Amendment Was Required By Either This Court's Claim Construction Order or Taction's Amended Infringement Contentions

Patent Local Rule 3.6(b) permits invalidity contentions to be amended when a party opposing infringement believes in good faith that amendment is necessitated by a court's claim construction that differs from that proposed by the party, or believes in good faith that the patentee's amended infringement contentions so require. Patent L.R. 3.6(b). Neither applies here.

First, Apple's recent amendments were not necessitated by the claim construction order because the amended contentions concern a limitation—ferrofluid—that is not addressed in the order and was not argued at the *Markman* hearing. Apple, for example, had not alleged that either the iPhone 6 linear motor module or the iPhone 6 Plus linear motor module met the '117 patent's limitation

providing that "wherein vibration of the apparatus is damped by a viscous ferrofluid in physical contact with at least the moving portion." *See* Ex. A, Initial '117 iPhone 6 Chart at 14-15; Ex. C, Initial '117 iPhone 6 Plus Chart at 21-22. Yet despite the absence of anything in the claim construction order that might have impacted this limitation, Apple's post-claim construction invalidity contentions specifically amended Apple's position as to its own products with respect to this limitation, now contending that they contained ferrofluid. *See* Ex. E, Amended '117 iPhone 6 Chart at 35-41; Ex. G, Amended '117 iPhone 6 Plus Chart at 21-26. Because the Court did not enter an adverse construction for this term or the broader limitation containing it, Apple has no basis under Local Patent Rule 3.6(b) to claim in good faith that it was permitted to amend its contentions for this limitation.

This is also the case for the '885 patent, which has a similar limitation, "wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion." D.I. 1-2, '885 patent at Claim 1. Apple did not initially contend that the iPhone 6 linear motor module or the iPhone 6 Plus linear motor module disclosed ferrofluid or otherwise met this limitation, *see* Ex. B, Initial '885 iPhone 6 Chart at 11; Ex. D, Initial '885 iPhone 6 Plus Chart at 20-21, yet Apple has now unilaterally amended its contentions to assert that they do, *see* Ex. F, Amended '885 iPhone 6 Chart at 30-37; Ex. H, Amended '885 iPhone 6 Plus Chart at 21-26.

Second, Apple cannot claim in good faith that Taction's amended infringement contentions necessitated its new invalidity theories regarding the presence of ferrofluid. For one, Taction merely served new charts for newly-accused products[5] that were substantially similar to the charts Taction had served for the previously-accused products. Taction's new claim charts did not change its infringement theory

---

[5] As noted, Taction sought and was granted leave to add Apple's recently released products as accused products.

or rely on new evidence for the previously-accused products. Taction merely added charts to account for the new products that Apple had agreed—and the Court had authorized—would be part of the case.

Further, Taction's amended infringement contentions cover pleading is not a valid justification for Apple's amended invalidity contentions because additions in Taction's cover pleading did not bear on the ferrofluid limitation. During claim construction, the Court found two disclaimers limiting claim scope: "(1) that the claimed invention is directed to transducers with highly damped output; and (2) that the claimed invention does not utilize or encompass un-damped linear resonant actuators." D.I. 141 at 17. Because these disclaimers are not tied to any specific claim limitation or construction thereof, Taction addressed these disclaimers in its cover pleading, explaining that the highly damped output is met and may be "satisfied by any mechanism" [REDACTED] Ex. I, Taction's Amended Infringement Contentions at 10. Nothing, however, in Taction's cover pleading changed Taction's infringement position with regards to ferrofluid.

Apple has suggested that [REDACTED] [REDACTED] prompted Apple to investigate whether its own prior art references included ferrofluid. This suggestion defies logic. The asserted claims expressly recite ferrofluid, and Taction's complaint identified it as present in the accused products, as did Taction's initial infringement contentions. *E.g.*, D.I. 1, Complaint at 17-18, 24-25. Moreover, although the parties did not dispute the meaning of the term ferrofluid, they did dispute other aspects of larger claim phrases that contain that word during Markman.[6] Apple has long known that Taction contends the accused Apple products contain ferrofluid. Apple

[6] *E.g.*, D.I. 1-2, '885 patent at cl. 1 ("wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion").

presumably had a compelling incentive to look for its own use of ferrofluid in the prior art versions of its products.

Moreover, the source for Taction's claim that [REDACTED] was ***Apple's own response*** to an interrogatory. Ex. I, Taction's Amended Infringement Contentions at 10. Thus, Apple raised to Taction [REDACTED] before Taction amended its infringement contentions; Taction did not suddenly put Apple on notice of possible [REDACTED] via its amendment. Apple cannot claim ***in good faith***—as it must under Patent L.R. 3.6(b)(1)—that Taction's reference to [REDACTED] suddenly prompted Apple to investigate its prior art products for ferrofluid. Nothing about [REDACTED] justifies Apple's amendments to its invalidity contentions for elements concerning ***ferrofluid***. Ferrofluid is expressly present in the claims and has been at the heart of this litigation from the onset. *See, e.g.*, Ex. A, Initial '117 iPhone 6 Chart at 14-15 (Apple identifying ***twenty-three*** prior art references allegedly disclosing ferrofluid with which to combine the iPhone 6 linear motor module). Nothing about the claim construction order or Taction's amended infringement contentions changed the focus or scope of this litigation with regards to ferrofluid.

To the extent that Apple attempts to argue that the amended charts disclose new "facts"[7] and not new invalidity theories as it argued in the joint discovery statement that addressed these contentions, this argument is undermined by a simple comparison of the initial and amended invalidity contentions. The initial contentions disclosed one specific module within the iPhone 6 and iPhone 6 Plus—the "linear motor

---

[7] Even if this could be construed as only disclosing a new fact, this district does "not allow amendments to contentions as a matter of course when new information is revealed in discovery, but instead require parties to file amendments to contentions with diligence." *Zest*, 2014 WL 358430, at *3 (internal quotation marks and citation omitted). As explained below, Apple lacked diligence.

module"—as the prior art reference. *E.g.*, Initial '117 iPhone 6 Chart at 1. The post-Markman contentions, in contrast, changed the identified reference from the modules to the entire phone. *E.g.*, Amended '117 iPhone 6 Chart at 1. That Apple now contends Taction had notice that the iPhones themselves were prior art references when Apple had previously identified only the linear motor modules strains credulity.

It is of course noteworthy that Apple itself had disclosed these modules as part of an obviousness combination in initial contentions without apparently bothering to even investigate whether they contained ferrofluid. *E.g.*, Ex. A, Initial '117 iPhone 6 Chart at 1 (reference "renders obvious"), 14 (similar). Although its post-*Markman* contentions now raise these iPhones as allegedly anticipatory references with entirely new contentions about how the linear motor modules within them allegedly meet the ferrofluid-based limitations, its earlier contentions acknowledged that these limitations were not met. *E.g.*, Ex. E, Amended '117 iPhone 6 Chart at 1 (reference "anticipates or renders obvious"), 35-41 (alleging ferrofluid limitation is met). This fundamental change in Apple's factual position (akin to "guess what, our products had ferrofluid after all") and legal theory (from obviousness to anticipation) cannot be saved by the boilerplate reservations in Apple's cover pleading. A "boilerplate, placeholder statement [does] not relieve [defendant] of its obligation to provide a chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found." *Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, No. SACV181571JVSDFMX, 2020 WL 4258663, at *4 (C.D. Cal. May 14, 2020); *see also* Patent L.R. 3.3(b) (requiring each "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found"). Because Apple "did not provide an invalidity contention chart" for the iPhone 6 or iPhone 6 Plus "as an anticipatory reference, or . . . otherwise disclos[e]" that they met the ferrofluid limitations, its amended "charts to that effect are new." *Polaris*, 2020 WL 4258663, at *4.

### B. Apple Failed to Exercise Diligence In Serving Its Post Claim Construction Amended Invalidity Contentions

Courts have found that parties were unable to establish diligence when the prior art references were available to the amending party prior to the invalidity contention deadline. *See, e.g., Apple, Inc. v. Samsung Elecs Co., Ltd.*, No. 11-cv-1846, 2012 WL 1067548, at *3-4 (N.D. Cal. Mar. 27, 2012) (finding no diligence when defendant knew of prior art reference shortly after filing preliminary invalidity contentions); *Brilliant Instr., Inc. v. GuideTech, Inc.*, No. 09-cv-5517, 2011 WL 900369, at *2 (N.D. Cal. Mar. 15, 2011) (noting no good cause existed to amend invalidity contentions because the prior art references that defendant wanted to add were two publicly available patents). This situation presents an even more extreme example of lack of diligence.

The iPhone 6 and iPhone 6 Plus are ***Apple products*** and Apple identified components of them in its initial invalidity contentions. Even now, Apple relies on its own internal documents[8] to show the alleged presence of ferrofluid in them. *E.g.*, Ex. E, Amended '117 iPhone 6 Chart at 35-41. Not only did Apple know about these products and have physical access to them since the outset, Apple also had access to the internal Apple documents on which it now relies, and also could have consulted with its own Apple engineers about these products. Indeed, Apple's identified witnesses relating to these products, Alex Lee and Jere Harrison, are still employed by Apple in its Haptic Engineering Group, and were also employed by Apple when the complaint in this case was filed. Ex. J, Apple Second Amended Initial Disclosures at 2. No reasonable explanation exists for why Apple's own documents and engineering knowledge would not have been sufficient to put Apple on notice that its

---

[8] Apple has suggested that, because these products were designed and manufactured by third parties, finding information about them was difficult. But Apple relies on ***Apple*** documents, not third-party documents, in its latest invalidity contentions. Moreover, nothing prevented Apple from consulting with its manufacturing partners about the use of ferrofluid at the outset of this case.

own products allegedly used ferrofluid, had Apple bothered to check. This failure to timely investigate the prior art references it has been asserting since the onset of this litigation—its own products—shows a lack of diligence on Apple's part that Apple has not even attempted to explain.

Further, Apple revealed its new positions long after the parties' positions had largely crystallized, causing Taction undue prejudice. *See O2 Micro*, 467 F.3d at 1365 (Discovery is designed "to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case."). Apple should have investigated whether these products used ferrofluid at least by January 2022, when it served its final invalidity contentions. Instead, Apple sat on its hands for almost twenty months after the case was filed, and over seven months after the stay was lifted, before serving its untimely and unjustified claim charts. By holding back its own evidence about its own prior art products, to which it has unfettered access, and its invalidity theories based on those products, Apple obstructed Taction's ability to obtain discovery on the alleged prior art iPhones. Moreover, because these prior art Apple products—which Apple knew about since their design and release around 2014—were not identified as containing ferrofluid or otherwise asserted as anticipatory references in Apple's preliminary invalidity contentions, Taction did not fully assess their relevance to the claim construction process. Because it is too late to reengage in claim construction, Taction has been unfairly prejudiced by the improper amendments.

Finally, despite serving its amended contentions in November 2022, Apple waited until January 17, 2023, at which point there was less than a month left in fact discovery, to identify two new fact witnesses to testify about these iPhone models. Ex. J, Apple Second Amended Initial Disclosures. That is the exact type of "sandbagging" the Patent Local Rules are designed to avoid. *See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *2 (N.D. Cal. Aug. 8, 2011) (finding defendant's delay in seeking to amend "amount[ed] to sandbagging");

*see also Yodlee, Inc. v. Cashedge, Inc.*, No. 05- cv-1550, 2007 WL 2261566, at *3 (N.D. Cal. Aug. 6, 2007) (noting that "the Patent Local Rules' concern with parties sandbagging opponents late in the discovery period"). Although Apple's lack of diligence relieves Taction of the obligation to show prejudice, *see FullView*, 2021 WL 1668017, at *3-5, here Apple's conduct unmistakably caused unfair prejudice to Taction.

**V. Conclusion**

Apple has no legitimate excuse for failing to disclose that its own prior art products allegedly had ferrofluid and for attempting to change its invalidity theories in a "post-claim construction" pleading when its changes had nothing to do with the Court's claim construction order. Accordingly, Apple's new claim charts for the iPhone 6 and iPhone 6 Plus should be stricken, and Apple should not be permitted to rely on the alleged use of ferrofluid in these products or otherwise assert that they anticipate the asserted claims. *Apple Inc. v. Wi-LAN, Inc.*, No. 14-cv-2235 DMS (BLM), 2018 WL 9538772, at *1-2 (S.D. Cal. Mar. 2, 2018) (striking Apple's contentions when plaintiff had "insufficient time to conduct any fact discovery on the amended contentions").

Dated: February 21, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Sean Pak

Sean Pak (SBN 219032)
seanpak@quinneemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320
Facsimile: (415) 875-6700

Thomas D. Pease (*pro hac vice*)
(N.Y. Bar No. 2671741)
thomaspease@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for Plaintiff Taction Technology, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Section III.A.1 of Judge Robinson's Standing Order for Civil Cases, the undersigned hereby certifies that counsel for the parties conducted a meet and confer regarding this Motion prior to filing, as part of the meet and confer process leading to a Joint Discovery Statement under Magistrate Judge Burkhardt's Civil Chambers Rules, but the parties were unable to resolve the issues. Thus, this Motion is opposed.

/s/ *Gavin Snyder*
Gavin Snyder