SINGER CASHMAN LLP
Benjamin L. Singer (Bar No. 264295)
bsinger@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Attorney for Non-Parties Kenosha Investments LP and Gronostaj Investments LLC*

UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

TACTION TECHNOLOGY, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

CASE NO. 3:21-CV-00812-TWR-JLB

**NON-PARTIES KENOSHA INVESTMENTS LP AND GRONOSTAJ INVESTMENTS LLC'S RESPONSE TO APPLE INC.'S SUPPLEMENTAL BRIEF REGARDING JOINT MOTION TO QUASH DEFENDANT'S SUBPOENAS**

District Judge: Hon. Todd W. Robinson
Magistrate Judge: Hon. Jill L. Burkhardt

**REDACTED VERSION**

Pursuant to the Court's February 10, 2023, Order (D.I. 183) non-parties Kenosha Investments LP ("Kenosha") and Gronostaj Investments LLC ("Gronostaj") (collectively the "Funders") submit this Supplemental Brief in Support of their Joint Motion to Quash Defendant's Subpoenas ("MTQ").

The non-party Funders jointly moved to quash the subpoenas because the responsive materials are all protected work-product relating to litigation funding activity (save a handful of public patent filings). Defendant Apple, Inc. ("Apple") was denied this same litigation funding discovery from plaintiff Taction Technology, Inc. ("Taction"). During those proceedings, the Court reviewed Taction's privilege log and some of the logged documents [redacted] and ruled that they were all work-product. As described by the Court, the non-discoverable information includes "litigation funding agreements, related supplemental documents and correspondence, and various memoranda and spreadsheets regarding valuations of this case and the Asserted Patents." D.I. 96, at 12-13.

In opposing the MTQ, Apple told the Court that the subpoenas were limited to things "uniquely available" to the Funders and did not seek "the information previously sought from Taction" that the Court deemed to be work-product. D.I. 156 at 1 ("Opposition"). Apple went on to argue that the Funders should produce a privilege log so that Apple may identify any hypothetical additional materials that fit within these strictures. *Id.* The Court granted Apple's request (D.I. 170). The Funders then served a log [redacted] and confirmed to Apple that the Funders do not have responsive documents other than those whose subject matter the Court had already held to be work-product.

Bizarrely, after reviewing the Funders' log, Apple filed a supplemental brief that demands production of all [redacted] logged documents, including dozens that the Court held

singer cashman LLP

to be work-product after reviewing them *in camera*—but neglects to articulate a single work-product challenge. D.I. 199 ("Supplemental Brief").

In fact, Apple's Supplemental Brief does not mention work-product protection *at all*. It does not contain the word "work-product," it does not address the standards for establishing work-product protection or waiver thereof, and it does not cite to any case precedent on the subject. Equally bizarre, the Supplemental Brief argues as if the Court's ruling denying Apple funding discovery from Taction never happened and as if it never promised the Court it would not seek that same information from the Funders. In fact, Apple does not address anything raised in the MTQ, demonstrating that Apple has no substantive opposition to that motion, and that it should be granted.

Instead of assisting the Court to resolve the MTQ, Apple's Supplemental Brief addresses the wholly irrelevant issue of whether the Funders' documents can be withheld on the alternative ground of attorney-client privilege. Apple's irrelevant assertions about attorney-client privilege are incorrect. The fact that Apple makes these new, irrelevant assertions at all after having sent the parties and the Court on a months-long wild goose chase demonstrates that not only should the Court grant the MTQ, it also should award attorneys' fees and costs to the Funders. The Funders should not have to bear the costs of Apple's abuse of process.

## I. APPLE FAILS TO ADDRESS THE WORK-PRODUCT ASSERTION THAT IS THE BASIS OF THE PENDING MOTION TO QUASH

The Supplemental Brief Apple filed does not provide any basis to reassess the Funders' work-product claims, does not offer any explanation to substantiate its claim that it sought information different from what the Court previously found to be work-product, and does not attempt to demonstrate that work-product protection was somehow waived. Indeed, Apple's Supplemental Brief does not address the issue of work-product—the sole basis for the Funders' MTQ—AT ALL.

What the Supplemental Brief argues, instead, is that the author and recipient information disclosed by the Funder's log shows that some documents designated as "privileged" on the Funders' log were shared with [redacted], thereby allegedly waiving *Taction's attorney-client* privilege as to all [redacted] documents. These arguments are directed solely to the issue of waiver of *attorney-client* privilege for the subset of logged documents that were shared. Every case cited by Apple in its brief is directed to that non-issue.

Whether or not attorney-client privilege is or is not waived by anyone is not, and never has been, an issue before the Court. The primary issue before the Court is whether the Funders' assertion of work-product is consistent with Taction's. That is now beyond dispute. There can be no doubt that the Funders' assertion of work-product is valid, and Apple does not contend otherwise. Any funding-related facts beyond work-product already have been obtained through discovery of Taction. Apple has no basis to request documents or testimony from the Funders.

As the cases cited by Apple acknowledge, the standard for waiving work-product protection is different from, and stricter than, the standard for waiving attorney-client privilege. To waive work-product protection, the requesting party must show that the disclosure of work-product to another party increases the likelihood that a current or potential opponent in litigation would gain access to the disputed information. *E.g. Friends of Hope Valley v. Frederick Co.,* 268 F.R.D. 643, 649 (E.D. Cal. 2010). Apple does not so much as suggest the facts support such a waiver.

## II. APPLE'S ARGUMENTS ARE BARRED BY COURT ORDER

The Court only permitted Apple "supplemental briefing limited to arguments based on new information not previously received." D.I. 183 at 1. Apple did not abide by this limitation.

As detailed above, Apple's Supplemental Brief presents only a single argument—materials shared between the Funders' and Taction and/or QEU&S cannot be attorney-client privileged because no privileged relationship exists between them. In addition to being irrelevant, this argument rests entirely on things Apple has long known: [redacted].

To the extent Apple refers to what it calls "new information," such as the specific names of individuals associated with Taction and QEU&S and the dates of specific correspondence, it does not actually rely on such things. Moreover, this information has no bearing whatsoever on the issue of work-product or the MTQ. It is illusory "new information" for a straw-man argument on waiver of attorney-client privilege, and it doesn't even support that argument.

## III. APPLE NOW SEEKS TO COMPEL DISCLOSURE OF DOCUMENTS IT TOLD THE COURT IT DOES NOT SEEK

Apple also now attempts to change the subject matter of the documentation and information allegedly sought by its subpoenas, even after promising the Funders and this Court that it would not do so.

In opposing the MTQ, Apple stated not only that it now seeks different subject matter than was sought from Taction by motion to compel, but also that it would ***not*** seek from the Funders the same information previously found to be non-discoverable work-product under the Court's March 17, 2022, Order. And it said so repeatedly:

> *Although this Court has denied certain discovery relating to litigation funding, Apple seeks information that the funder may have separate from the information previously sought from Taction. To the extent the information is the same and thus covered by the Court's prior order, then the issue would be moot.* Apple's December 9, 2022, Opposition to Joint Motion to Quash Subpoenas, D.I. 156 at 1.

*Apple is not seeking the same discovery that the Court previously found to be non-discoverable. Id.* at 4.

Apple now makes a point of specifically identifying nearly 100 documents that it alleges were in Taction's possession and/or logged by Taction – the very documents this Court has already ruled on and that Apple swore it was not seeking – and now explicitly seeks the production of those documents. Apple Supp. Br. at 3-4. Those documents include documents that the Court previously reviewed *in camera.*

Apple's about-face reveals Apple's unstated objective: to undo the Court's March 17, 2022, Order.

## IV. THE FUNDERS' CLAIMS OF PRIVILEGE ARE SUPPORTED BY LAW

In order to protect against a privilege waiver, the log produced by the Funders identifies some work-product documents that are also protected by the attorney-client privilege. The privileges include both the Funders', through disclosures to their in-house lawyers, and Taction's. Apple argues, irrelevantly, that disclosures of these documents to or from Taction or its attorneys waive Taction's privilege. Though that is not an issue for the pending motion, Apple is incorrect. The documents are privileged at least as protected disclosures to an assistant for purposes of providing legal services under *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961); *see United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1071 (N.D. Cal. 2002).

## V. CONCLUSION

Apple's move-the-goalpost litigation tactics have caused enough expense and delay. As Apple has now no substantive response to the MTQ, that motion should be GRANTED, Apple's request for further document discovery and a deposition should be DENIED, and attorneys' fees and costs for the preparation of the privilege log and the briefing on these motions should be awarded to the Funders.

//

//

//



singer cashman LLP

Date: February 24, 2023

Respectfully submitted,

SINGER CASHMAN LLP

By: */s/ Benjamin L. Singer*
Benjamin L. Singer (Bar No. 264295)
bsinger@singercashman.com
SINGER CASHMAN LLP
505 Montgomery Street, Suite 1100
San Francisco, CA 94111
*Attorney for Non-Parties*
*Kenosha Investments LP and*
*Gronostaj Investments LLC*