UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-CV-812 TWR (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF TACTION TECHNOLOGY, INC.'S UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 203, 204) |

　　　　Presently before the Court is Plaintiff Taction Technology, Inc.'s Unopposed Motion to File Documents Under Seal ("Mot. to Seal," ECF No. 203), through which Plaintiff seeks to file under seal over 500 pages of documents supporting its Motion to Strike Apple's Amended Invalidity Contentions ("Mot. to Strike," ECF No. 205)—specifically, portions of its memorandum of points and authorities in support of its Motion to Strike and the entirety of Exhibits A through I to the Declaration of Gavin Synder in Support of Taction's Motion to Strike ("Snyder Decl."), (*see* Mot. to Seal at 2; *see also* ECF No. 204 (sealed lodged proposed documents))—on the grounds that Defendant Apple Inc. designated the documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order, ECF No. 37, as amended by ECF Nos. 41 and 139. (*See* Mot. to Seal at 2.)

Not only does the Motion to Seal fail to comply with the undersigned's Standing Order for Civil Cases,[1] but it also fails to make the requisite showing. *See, e.g.*, *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *2 (C.D. Cal. May 14, 2013) ("The existence of a stipulated protected order is not enough, standing alone, to justify sealing under the [even the more permissive] 'good cause' standard." (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011))); *see also, e.g.*, *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-CV-00628-RCJ-CLB, 2022 WL 2953429, at *1 (D. Nev. July 26, 2022) (applying compelling reasons standard to motion to seal documents submitted in opposition to a motion to strike portions of amended non-infringement, invalidity, and unenforceability contentions). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Seal (ECF No. 203). Either Party **MAY FILE** a renewed motion to file under

---

[1] Section III.C.4 of the undersigned's Standing Order for Civil Cases provides:

> Given the strong presumption in favor of access to court records, parties seeking a sealing order must exercise discretion, limiting their requests to only those documents or portions of documents for which compelling reasons (dispositive motions) or good cause (non-dispositive motions) exist to file the document under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Any party filing a motion for leave to file documents under seal must provide the Court with (1) a specific description of each particular document or portion of a document they seek to protect, and (2) a declaration showing sufficiently compelling reasons or good cause to protect those documents from disclosure. The standard for filing documents under seal will be strictly applied, and all proposed redactions must be as narrowly tailored as possible.
>
> If the moving party seeks to file a document under seal based on another party's designation of the document as "confidential" under a protective order, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal. Because the ultimate burden of proof remains on the designating party, they may file a supplemental brief and/or evidence supporting their arguments that sealing is required under the applicable standard.

Here, it does not appear that the Parties met and conferred, and Plaintiff has failed to "provide the Court with (1) a specific description of each particular document or portion of a document they seek to protect, and (2) a declaration showing sufficiently compelling reasons or good cause to protect those documents from disclosure."

seal any documents for which "compelling reasons" exist <u>within fourteen (14) days</u> of the electronic docketing of this Order.  Should neither Party elect to file a renewed motion, Plaintiff **SHALL FILE PUBLICLY** ECF No. 204 in its entirety <u>within twenty-one (21) days</u> of the electronic docketing of this Order.

    **IT IS SO ORDERED.**

Dated:  February 24, 2023

*[signature: Todd Robinson]*

Honorable Todd W. Robinson
United States District Judge