UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 21-cv-00812-TWR-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 180, 194, 197, 207, 210, 213]** |

Before the Court are six motions to file documents under seal filed by Plaintiff Taction Technology, Inc. ("Plaintiff"), Defendant Apple Inc. ("Defendant"), and non-parties Kenosha Investments LP ("Kenosha") and Gronostaj Investments LLC ("Gronostaj"). (*See* ECF Nos. 180, 194, 197, 207, 210, 213.)

//
//
//
//

| ECF No. | Filing Party | Request to Seal Portions of: | | Designating Party |
|---|---|---|---|---|
| | | Lodged ECF No. | Description | |
| 181 | Defendant | 181 | Portions of Defendant's Ex Parte Motion | Plaintiff |
| | | 181-1, -2, -3 | Plaintiff's Privilege Logs | |
| | | 181-4 | Transcript of Dr. James Bigg's Deposition Testimony | |
| 194 | Plaintiff | 195 | Portions of Plaintiff's Response to Defendant's Ex Parte Motion | Plaintiff |
| | | 195-1 | Portions of Gavin Snyder's Declaration | |
| | | 195-2 | Transcript of Dr. Bigg's Deposition Testimony | |
| 197 | Defendant | 198 | Portions of Defendant's Supplemental Brief | Kenosha and Gronostaj |
| 207 | Defendant | 208 | Portions of Defendant's Motion to Compel | Plaintiff |
| | | 208-1 | Transcript of Dr. Bigg's Deposition Testimony | |
| | | 208-2, -3, -4, -5 | Plaintiff's Privilege Logs | |
| | | 208-6 | Plaintiff's Objections and Responses to Defendant's Notice of Deposition | |
| 210 | Kenosha and Gronostaj | 211 | Portions of Kenosha and Gronostaj's Supplemental Brief | Kenosha and Gronostaj; Plaintiff |
| 213 | Plaintiff | 214 | Portions of Plaintiff's Supplemental Brief | Kenosha and Gronostaj |

//
//

## I.   Background

### A.   Motions to Seal Defendant's Ex Parte Motion and Plaintiff's Response

On February 10, 2023, Defendant filed a motion to file under seal portions of its Ex Parte Motion Regarding Discovery Dispute of Plaintiff's Clawed-Back Documents (ECF

No. 181), along with the entirety of Exhibits B through E[1] (ECF Nos. 181-1, -2, -3, -4). (ECF No. 180.)  As the Motion seeks to protect, *inter alia*, Plaintiff's privilege logs, the Court directed Plaintiff to file a response addressing the legal basis for filing under seal. (ECF No. 191.)  On February 15, 2023, Plaintiff filed its Response in Support of Defendant's Motion to File Documents Under Seal.  (ECF No. 193.)

On the same day, Plaintiff also filed a renewed motion to file under seal portions of Plaintiff's Response to Defendant's Ex Parte Motion (ECF No. 195), portions of Gavin Snyder's Declaration (ECF No. 195-1), and all of Exhibit A[2] (ECF No. 195-2).  (ECF No. 194.)  Plaintiff's 194 Motion seeks to protect the Plaintiff's privilege logs and similar deposition testimony as Defendant's 180 Motion. (*Compare* ECF Nos. 180, 181 *with* ECF Nos. 194, 195.)

### B.   Motions to Seal All Parties' Supplemental Briefs

On February 10, 2023, the Court issued a supplemental briefing schedule regarding Kenosha and Gronostaj's Motion to Quash Defendant's Subpoenas (ECF No. 149). (ECF No. 183.)  Pursuant to the Court's Order, on February 17, 2023, Defendant filed a motion to file under seal portions of its Supplemental Brief (ECF No. 198).  (ECF No. 197.)  On February 24, 2023, Kenosha and Gronostaj filed a motion to file under seal portions of their Response to Defendant's Supplemental Brief (ECF No. 211).  (ECF No. 210.)  On the same day, Plaintiff filed a motion to file under seal portions of its Response to Defendant's Supplemental Brief (ECF No. 214).  (ECF No. 213.)

All three Motions seek to protect information the parties assert contain Kenosha and Gronostaj's "sensitive" and "confidential" business information.  (ECF Nos. 197 at 2; 210

---

[1]   ECF Nos. 181-1 through 181-3 are Plaintiff's privilege logs.  ECF No. 181-4 is a transcript of the deposition testimony taken from Dr. James Biggs, Plaintiff's Founder and Chief Technology Officer, on February 9, 2023.

[2]   ECF No. 195-2 is a transcript of Dr. Biggs' deposition testimony from February 10, 2023.

at 2; 213 at 2.)  Additionally, Kenosha and Gronostaj seek to seal information regarding Plaintiff's privilege logs.  (ECF Nos. 210 at 2; 211 at 2, 4.)

### C. Motion to Seal Defendant's Motion to Compel

On February 21, 2023, Defendant filed a motion to file under seal portions of its Motion to Compel (ECF No. 208) and the entirety of Exhibits B through F (ECF Nos. 208-1, -2, -3, -4, -5) and Exhibit H[3] (ECF No. 208-6).  (ECF No. 207.)

## II. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)).  As such, a party seeking to seal a judicial record attached to a dispositive motion must "articulate[] compelling reasons supported by specific factual findings" that can surmount the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

However, a different standard applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179.  "Non[-]dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179).  "In light of the weaker public interest in non[-]dispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal." *Pintos*, 605

---

[3]  ECF No. 208-1 is a transcript of Dr. Biggs' deposition testimony from February 9 and 10, 2023. ECF Nos. 208-2 through 208-5 are Plaintiff's privilege logs. ECF No. 208-6 is Plaintiff's Objections and Responses to Defendant's Notice of Deposition for Dr. Biggs.

F.3d at 678. "There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015).

### III. Discussion

#### A. Noncompliance with the Court's Stipulated Protective Order

As an initial matter, the moving parties in ECF Nos. 180, 197, 207, 210, and 213 are seeking to file under seal information designated as confidential by a nonmoving party.

Where a motion to file documents under seal seeks to protect the confidential information of another party, the non-designating party may not have sufficient knowledge to inform the Court why the material warrants protection. As such, the Court's Order Entering Protective Order ("Protective Order") sets forth a procedure where parties seeking a motion to file documents under seal must confer prior to filing the motion. Specifically, pursuant to Paragraph 22(e), "[i]f the application to file a document designated as confidential under seal is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation and the non-designating party must include the basis in the application." (*See* ECF No. 37 at ¶ 22(e).)

Here, in ECF Nos. 180, 197, 207, 210, and 213, the moving party is not the designating party. Yet, the moving parties failed to seek and include a legal basis from the designating party as required by the Protective Order. For all future motions to file under seal, all parties are directed to read and comply with the procedures set forth in the Protective Order. (*See* ECF No. 37 at ¶ 22(e).)

#### B. Failure to Set Forth Good Cause

Not only do five of the Motions fail to comply with Judge Burkhardt's Civil Chambers Rules (*see* ECF Nos. 180, 197, 207, 210, and 213), but all six also fail to make the requisite showing of good cause.

*1.   Specificity Required*

ECF Nos. 180, 197, 207, and 210 rely solely on blanket claims that the redacted information contains "sensitive [and] confidential business information" or information "designated as Confidential – Attorneys' Eyes Only." (*See* ECF Nos. 180 at 2; 197 at 2; 207 at 2; 210 at 2.)  No other legal analysis is provided, much less analysis specifically addressing the particular portions of each document the parties seek to redact, as the Court expects.  Accordingly, these Motions fail to demonstrate good cause.  *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).[4]

Further, a cursory review of the proposed redactions in all filings reveal that few, if any, of the proposed redacted portions are likely to warrant filing under seal.  For example, in ECF No. 210, Kenosha and Gronostaj seek to seal *the number of documents* on their privilege logs (ECF No. 211 at 2). Similarly, in ECF Nos. 180, 194, and 207, Plaintiff and Defendant seek to seal the entirety of Dr. Biggs' deposition testimony (ECF Nos. 181-4, 195-2, 208-1), many portions of which contain only publicly available information. (*See, e.g.*, ECF No. 181-4 at 1–7, 18.)

*2.   Sealing Plaintiff's Privilege Logs*

In ECF Nos. 180 and 207, Defendant seeks to seal in their entirety exhibits comprised of Plaintiff's privilege logs (ECF Nos. 181-1, -2, -3; 208-2, -3, -4, -5). (ECF Nos. 180 at 2; 207 at 2.)  Additionally, in ECF No. 210, Kenosha and Gronostaj seek to seal information regarding the content of Plaintiff's privilege logs (ECF No. 211 at 2). (ECF No. 210 at 2.)

---

[4]   Plaintiff's 213 Motion is more specific in that it only seeks to seal the numbers of certain subsets of documents in privilege logs and does include some analysis.  However, the Motion fails to set forth good cause for sealing the proposed redacted information.

All parties argue there are "[c]ompelling reasons" to seal the privilege logs but support their allegations with only cursory references to "sensitive" and "confidential business information" or designations as "Confidential," "Confidential – Outside Attorneys' Eyes Only," or "Confidential – Attorneys' Eyes Only." (ECF Nos. 180 at 2; 193 at 2; 207 at 2; 210 at 2.) In its Response in Support of Defendant's 180 Motion, Plaintiff expounds that the privilege logs "contain details of [Plaintiff's] confidential business and professional relationships" protected by the professional conduct code and "sensitive internal communications reflecting how [Plaintiff] has prepared for this litigation and continues to manage this litigation." (ECF No. 193 at 2.)

However, no party provides any authority to support the argument that general information provided on privilege logs merits protection.[5]

In conclusion, the parties may have good cause to file under seal some subset of the material they seek to redact in these six Motions; however, the current pleadings do not provide enough specificity and authority for the Court to reach such a conclusion.

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby rules as follows:

- The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to File Under Seal its Ex Parte Discovery Motion (ECF No. 180). Defendant **MAY FILE** a renewed motion to file under seal any information for which good cause exists within <u>fourteen (14) days</u> of the electronic docketing of this Order. Should Defendant choose not to file a renewed motion, Defendant **SHALL PUBLICLY FILE** ECF No. 181 in its entirety, subject to the redaction of Dr. Bigg's address, within <u>twenty-one (21) days</u> of the electronic docketing of this Order.

---

[5] The Court acknowledges that it previously sealed Plaintiff's privilege logs based on agreement of the parties. This decision was reached through an informal conference and without legal analysis. (*See* ECF No. 92.)

- The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to File Under Seal its Response (ECF No. 194).  Plaintiff **MAY FILE** a renewed motion to file under seal any information for which good cause exists within fourteen (14) days of the electronic docketing of this Order.  Should Plaintiff choose not to file a renewed motion, Plaintiff **SHALL PUBLICLY FILE** ECF No. 195 in its entirety within twenty-one (21) days of the electronic docketing of this Order.

- The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to File Under Seal its Supplemental Brief (ECF No. 197).  Defendant **MAY FILE** a renewed motion to file under seal any information for which good cause exists within fourteen (14) days of the electronic docketing of this Order.  Should Defendant choose not to file a renewed motion, Defendant **SHALL PUBLICLY FILE** ECF No. 198 in its entirety within twenty-one (21) days of the electronic docketing of this Order.

- The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to File Under Seal its Motion to Compel (ECF No. 207).  Defendant **MAY FILE** a renewed motion to file under seal any information for which good cause exists within fourteen (14) days of the electronic docketing of this Order.  Should Defendant choose not to file a renewed motion, Defendant **SHALL PUBLICLY FILE** ECF No. 208 in its entirety within twenty-one (21) days of the electronic docketing of this Order.

- The Court **DENIES WITHOUT PREJUDICE** Kenosha and Gronostaj's Motion to File Under Seal their Supplemental Brief (ECF No. 210).  Kenosha and Gronostaj **MAY FILE** a renewed motion to file under seal any information for which good cause exists within fourteen (14) days of the electronic docketing of this Order.  Should Kenosha and Gronostaj choose not to file a renewed motion, Kenosha and Gronostaj **SHALL PUBLICLY FILE** ECF No. 211 in its entirety within twenty-one (21) days of the electronic docketing of this Order.

- The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to File Under Seal its Supplemental Brief (ECF No. 213).  Plaintiff **MAY FILE** a renewed motion to file under seal any information for which good cause exists within fourteen (14)

days of the electronic docketing of this Order.  Should Plaintiff choose not to file a renewed motion, Plaintiff **SHALL PUBLICLY FILE** ECF No. 214 in its entirety within twenty-one (21) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated:  March 8, 2023

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge