UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 21-CV-812 TWR (JLB) <br><br> **ORDER GRANTING DEFENDANT APPLE INC.'S UNOPPOSED MOTIONS TO FILE DOCUMENTS UNDER SEAL** <br><br> (ECF Nos. 225, 226, 228, 229) |

Presently before the Court are Defendant Apple Inc.'s (1) Unopposed Renewed Motion to File Portions of Plaintiff Taction Technology, Inc.'s Motion to Strike Amended Invalidity Contentions (ECF No. 204) Under Seal ("Renewed Mot. to Seal," ECF No. 225), filed in response to the Court's February 24, 2023 Order Denying Without Prejudice Plaintiff Taction Technology, Inc.'s Unopposed Motion to File Documents Under Seal (the "Prior Order," ECF No. 219), and (2) Unopposed Motion to File Portions of Apple's Opposition to Motion to Strike Amended Invalidity Contentions Under Seal ("Mot. to Seal Opp'n," ECF No. 228) (together, the "Motions to Seal"). In the Prior Order, the Court denied without prejudice Plaintiff's request to file under seal portions of its memorandum of points and authorities in support of its Motion to Strike ("Memo.") and the entirety of Exhibits A through I to the Declaration of Gavin Snyder in Support of Taction's Motion to Strike ("Snyder Decl.") on the grounds that Plaintiff had failed to comply with the

undersigned's Standing Order for Civil Cases or to demonstrate the requisite compelling reasons. (*See* Prior Order at 2–3.) Through the Renewed Motion to Seal, Defendant seeks to file under seal more limited redactions to Plaintiff's Memorandum and Exhibits A through I to the Snyder Declaration. (*See generally* Renewed Mot. to Seal; *see also* ECF No. 226 (lodged sealed documents).) Through the Motion to Seal Opposition, Defendant also seeks to file under seal portions of its Opposition to Plaintiff Taction Technology, Inc.'s Motion to Strike Apple's Amended Invalidity Contentions ("Opp'n") and Exhibits 5 and 9 through 11 to the Declaration of Seth M. Sproul in Support of Apple Inc.'s Opposition ("Sproul Decl."). (*See generally* Mot. to Seal Opp'n; *see also* ECF No. 229 (sealed lodged documents).)

As the Court previously indicated, (*see* Prior Order at 2 (citing *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 3:13-CV-00628-RCJ-CLB, 2022 WL 2953429, at *1 (D. Nev. July 26, 2022))), Defendant must articulate "compelling reasons" to file these documents under seal. Here, Defendant broadly attests that the materials it seeks to file under seal "contain confidential technical information concerning Apple's [accused] products that, if made publicly available, would reveal Apple's trade secrets and technical know-how to the competitive harm of Apple." (*See* ECF No. 225-1 ("Tio Decl.") ¶¶ 3–12; ECF No. 228-1 ("Sproul Sealing Decl.") ¶¶ 3–7.) Although light on details, upon a close review of the proposed redactions, the Court concludes that Defendant has demonstrated compelling reasons to file under seal those limited portions of the memoranda and exhibits that have been lodged under seal. *See, e.g.*, *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021) (concluding that compelling reasons existed to seal "technical documents . . . includ[ing] schematic diagrams, specification sheets, and other documents with information about product components, measurements, formulas, and processes" because "these exhibits contain proprietary, trade secret, and technical information that . . . is subject to improper use, resulting in competitive harm to Defendant if publicly disclosed and made available to competitors"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL

7429304, at *2 (N.D. Cal. Feb. 9, 2016) (finding compelling reasons to seal narrowly tailored request as to motion to strike and exhibits containing "information about the technical operation of the products"). The Court therefore **GRANTS** Defendants' Motions to Seal (ECF Nos. 225, 228). The Clerk of Court **SHALL FILE UNDER SEAL** the documents previously lodged under seal at ECF Nos. 226 and 229, and Plaintiff **SHALL PUBLICLY FILE** redacted versions of the documents lodged under seal at ECF No. 226.

**IT IS SO ORDERED.**

Dated: March 20, 2023

_____
Honorable Todd W. Robinson
United States District Judge