1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10
11   TACTION TECHNLOGY, INC.,          Case No.:  21-CV-812 TWR (JLB)
12                      Plaintiff,
                                       **ORDER GRANTING PLAINTIFF'S**
13   v.                                **MOTION TO STRIKE**
                                       **DEFENDANT'S AMENDED**
14   APPLE INC.,                       **INVALIDITY CONTENTIONS**
15                      Defendant.
                                       (ECF No. 205)
16

17          Presently before the Court is the Motion to Strike ("Mot.," ECF No. 205) portions
18   of the amended invalidity contentions that Defendant Apple Inc. ("Apple") served on
19   November 18, 2022, filed by Plaintiff Taction Technology, Inc. ("Taction"), as well as
20   Apple's Response in Opposition to ("Opp'n," ECF No. 230 (public), 235 (sealed)) and
21   Taction's Reply in Support of ("Reply," ECF No. 248) the Motion.  The Court held a
22   hearing on April 13, 2023.  (*See* ECF No. 261.)  For the reasons discussed below, the Court
23   **GRANTS** Taction's Motion.

24                            **BACKGROUND**
25   **I.    The Asserted Patents**
26          Taction is the owner and assignee of U.S. Patent No. 10,659,885 ("the '885 Patent")
27   and U.S. Patent No. 10,820,117 ("the '117 Patent") (collectively, "the asserted patents").
28   (*See* ECF No. 1, ("Compl.") ¶¶ 68, 72); *see also* U.S. Patent No. 10,659,885, at [73] (issued

May 19, 2020); U.S. Patent No. 10,820,117, at [73] (issued Oct. 27, 2020).  The '885 Patent is entitled "Systems and Methods for Generating Damped Electromagnetically Actuated Planar Motion for Audio-Frequency Vibrations" and was issued on May 19, 2020.  '885 Patent at [45], [54].  The '117 Patent is entitled the same and was issued on October 27, 2020.  '117 Patent at [45], [54].  The '885 Patent and the '117 Patent share a common specification, and both patents claim priority to provisional application No. 62/054,712 filed on September 24, 2014.  '885 Patent at [60]; '117 Patent at [60].

The invention described in the '885 Patent and the '117 Patent "relates to tactile transducers that produce bass frequency vibrations for perception by touch."  '885 Patent col. 1 ll. 20–21.[1]  The specification of the asserted patents explains:

> Below about 200 Hz, the lower the frequency of sound, the more it is perceived not only by vibration of the ear drum but also by touch receptors in the skin.  This sensation is familiar to anyone who has "felt the beat" of strong dance music in the chest, or through the seat of a chair, or has simply rested a hand on a piano.  The natural stimulus is both auditory and tactile, and a true reproduction of it is possible only when mechanical vibration of the skin accompanies the acoustic waves transmitted through the air to the ear drum.

*Id.* at col. 1 ll. 25–33.

The specification then details the problems with the prior art audio-frequency tactile transducers, which utilized "axial shakers," "un-damped eccentric rotating motors ('ERMs')," and "un-damped linear resonant actuators ('LRAs')."  *See id.* at col. 1 l. 34– col. 2 l. 46.  With respect to the ERMs and LRAs, the specification explains that a lack mechanical damping is "problematic."  *See id.* at col 2 ll. 1–2 ("The problem of uneven frequency response is typically made worse by a lack of mechanical damping."), col. 2 ll. 11–13 ("Another approach in the prior art, also problematic, is the use of un-damped eccentric rotating motors ('ERMs') and un-damped linear resonant actuators ('LRAs').").

/ / /

---

[1] Because the '885 Patent and the '117 Patent share a common specification, the Court will cite to only the '885 Patent's specification for ease of reference.

The asserted patents aim to overcome the problems of the prior art by disclosing "a thin, flat vibration module with a movable member that is electromagnetically actuated to produce motion in-plane." *See id.* at col. 3 ll. 51–53; *see also id.* at col. 2 ll. 47–49. "[T]he module may consist of a mass and thin magnets, polarized through their thickness, where the mass and magnets are movably suspended inside a housing." *Id.* at col. 3 ll. 63–66. Further, the suspension may include flexures or a ferrofluid layer. *Id.* at col. 3 ll. 66–67. In addition, "the vibration of the moving portion may be damped" using the layer of ferrofluid. *Id.* at col. 4 ll. 6–8.

Independent claim 1 of the '885 Patent recites:

1.      An apparatus for imparting motion to the skin of a user, the apparatus comprising:

a housing;

a plurality of coils capable of carrying electrical current;

a plurality of magnets arranged in operative proximity to the plurality of coils;

a moving portion comprising an inertial mass and the plurality of magnets;

a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils;

wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion; and

wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40-200 Hz in response to electrical signals applied to the plurality of conductive coils.

'885 Patent col. 14 ll. 48–65.

/ / /

/ / /

/ / /

3

Independent claim 1 of the '117 Patent recites:

1.      An apparatus comprising:

a housing;

a plurality of conductive coils capable of carrying electrical current;

a plurality of magnets arranged in operative proximity to the plurality of conductive coils;

a moving portion comprising an inertial mass and the plurality of magnets;

a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils;

wherein vibration of the apparatus imparts vibrations to a user's skin;

wherein vibration of the apparatus is damped by a viscous ferrofluid in physical contact with at least the moving portion;

wherein the viscous ferrofluid reduces at least a resonance within a frequency range of 40-200 Hz in response to signals applied to the plurality of conductive coils;

wherein said moving portion includes at least a pocket that provides space for at least a magnet;

wherein each of said plurality of flexures is more resistant to motion transverse to a plane of the moving portion than it is to linear motion in the plane of the moving portion; and

wherein said housing is generally cuboid in shape.

'117 Patent col. 14 l. 47–col. 15 l. 5.

## II.    Procedural History

On April 26, 2021, Taction filed a complaint against Apple, alleging infringement of the asserted patents.  (*See generally* ECF No. 1 ("Compl.").)  Specifically, Taction alleges that Apple has directly infringed and induced or contributed to the infringement of

4

the asserted patents by making, using, selling, and offering for sale Apple products, including the iPhone and Apple Watch, that implement haptics technology, (*see id.* ¶¶ 77, 80), which refers to the science of enabling interaction with technology through the sense of touch, such as, for example, through the use of vibrations. (*See* ECF No. 73 at 1.)

On July 8, 2021, Apple answered the complaint and filed counterclaims against Taction. (*See generally* ECF No. 17.) Magistrate Judge Jill L. Burkhardt issued a Case Management Order on August 10, 2021, (*see generally* ECF No. 34), setting a Claims Construction and Tutorial Hearing before the Honorable Gonzalo P. Curiel for February 18, 2022. (*See id.* ¶ 12.)

On October 21, 2022, after this action was transferred to the undersigned, (*see* ECF No. 48), Apple filed before the Patent Trial and Appeal Board ("PTAB") four petitions for *inter partes* review ("IPR"), challenging the validity of all of the asserted claims of the asserted patents. (*See* ECF No. 53-1 ("Kete Decl.") Exs. 1–4.) On January 26, 2022, the Court stayed the action, including further claims construction briefing, pending the PTAB's decision on whether to institute the IPRs. (*See* ECF No. 76 at 6.) The PTAB issued decisions denying institution of IPR for all four IPR proceedings related to the asserted patents on April 18, 2022. (*See generally* ECF No. 97.)

On June 2, 2022, the Court lifted the stay and reset the Claim Construction and Tutorial Hearing for August 18, 2022, (*see generally* ECF No. 98), which the Court subsequently continued to September 15, 2022. (*See* ECF No. 119.) After issuing a tentative ruling, (*see* ECF No. 122), the Court held the *Markman* hearing on September 15, 2022. (*See* ECF No. 126.) The Court's Claim Construction Order followed on September 28, 2022. (*See generally* ECF No. 141.)

On November 18, 2022, Apple served Taction with Apple's "Post Claim Construction Amended Invalidity Contentions" (the "Amended Invalidity Contentions"). (*See* ECF No. 230-1 ("Sproul Decl.") ¶ 14; ECF No. 235-4 ("Ex. 11").) Taction first challenged Apple's Amended Invalidity Contentions on December 29, 2022, and the Parties met and conferred on January 12, 2023. (*See* Sproul Decl. ¶ 14.) The Parties lodged

a Joint Discovery Statement with Judge Burkhardt on January 31, 2022.  (*See id.*)  On February 7, 2023, Judge Burkhardt issued a Minute Order indicating that the Parties "dispute is more properly raised as a noticed motion before the District Judge."  (*See* ECF No. 176.)  Taction filed the instant Motion on February 21, 2023.  (*See generally* ECF No. 205.)

### LEGAL STANDARDS

"The Court's Patent Local Rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17CV02479GPCDEB, 2022 WL 16985003, at *12 (S.D. Cal. Nov. 15, 2022) (quoting *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-01577-H-BGS, 2019 WL 5790999, at *2 (S.D. Cal. Sept. 18, 2019)); *see also AntiCancer, Inc. v. Pfizer, Inc.*, 769 F.3d 1323, 1331 (Fed. Cir. 2014); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006).  "The Local Rules are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute."  *Bell Semiconductor, LLC v. NXP USA, Inc.*, No. 22-CV-00594-H-KSC, 2023 WL 2342037, at *2 (S.D. Cal. Feb. 27, 2023) (quoting *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 3:20-CV-02390-RSH-MSB, 2023 WL 2127995, at *2 (S.D. Cal. Feb. 10, 2023)).

> The Patent Local Rules accomplish this "by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."

*Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 21-CV-01147-RBM-AHG, 2022 WL 17724142, at *7 (S.D. Cal. Dec. 15, 2022) (quoting *O2 Micro*, 467 F.3d at 1365–66).

Under Patent Local Rule 3.3, an accused infringer must serve on all parties its "Invalidity Contentions," which must disclose specific information regarding the accused infringer's theories of invalidity in the case.  *See id.* (citing S.D. Cal. Patent L.R. 3.3); *see*

*also Pelican*, 2023 WL 2127995, at \*3.   "In a lawsuit for patent infringement in the Southern District of California, an accused infringer is limited to the invalidity theories and prior art references it sets forth in its invalidity contentions."   *Echologics*, 2022 WL 17724142, at \*7; *accord Pelican*, 2023 WL 2127995, at \*3.   Any invalidity theories not properly disclosed pursuant to the Court's Patent Local Rules "'are barred from presentation at trial (whether through expert opinion testimony or otherwise).'"   *See Bell Semiconductor*, 2023 WL 2342037, at \*3 (quoting *Pelican*, 2023 WL 2127995, at \*3); *see also In re PersonalWeb Techs., LLC Pat. Litig.*, No. 18-MD-02834-BLF-SVK, 2019 WL 11201545, at \*3 (N.D. Cal. Aug. 7, 2019) ("The contentions are not a mere formality but rather a requirement 'to eliminate the gamesmanship of hints in favor of open disclosure.'" (quoting *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at \*4 (N.D. Cal. Dec. 5, 2014))).

"The Court's Patent Local Rules do not allow amendments to contentions as a matter of course when new information is revealed in discovery."   *Echologics*, 2022 WL 17724142, at \*7 (quoting *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10-CV-0541-GPC-WVG, 2014 WL 358430, at \*3 (S.D. Cal. Jan. 31, 2014)).   "Rather, a party seeking to amend its infringement or invalidity contentions must satisfy the relevant provisions set forth in Patent Local Rule 3.6."   *Id.*; *accord Pelican*, 2023 WL 2127995, at \*3.   "In contrast to the more liberal policy for amending pleadings, the philosophy behind amending contentions under the Patent Local Rules is decidedly conservative, and designed to prevent the shifting sands approach to claim construction."   *Echologics*, 2022 WL 17724142, at \*7 (quoting *Regents of Univ. of Cal. v. Affymetrix, Inc.*, No. 17-CV-01394-H-NLS, 2018 WL 4053318, at \*2 (S.D. Cal. Aug. 24, 2018)); *accord Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002).

Patent Local Rule 3.6(b) governs amendments to invalidity contentions:

As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the completion of claim construction discovery.  Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its validity contentions:

1.     If a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

2.     If, not later than fifty (50) days after service of the Court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

3.     Upon a timely motion showing good cause.

S.D. Cal. Patent L.R. 3.6(b).  Additionally, Patent Local Rule 3.6 states:  "This rule does not relieve any party from its obligations under Fed. R. Civ. P 26 to timely supplement disclosures and discovery responses."  S.D. Cal. Patent L.R. 3.6.

"'A district court has wide discretion in enforcing the Patent Local Rules.'"  *Pelican*, 2023 WL 2127995, at *4 (quoting *CliniComp*, 2022 WL 16985003, at *12); *see Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1320 (Fed. Cir. 2016) (reviewing "a district court's application of its local rules for abuse of discretion").  The Federal Circuit will "affirm decisions in which [a] district court enforced its own local rules, unless it is 'clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence.'"  *Howmedica Osteonics*, 822 F.3d at 1324; *see also Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016) ("'[T]his court defers to the district court when interpreting and enforcing local rules so as not to frustrate local attempts to manage patent cases according to prescribed guidelines.'").

## ANALYSIS

Every asserted claim in this action contains a "ferrofluid" claim limitation.  (*See* ECF No. 234-9, Ex. I at p. 481 (listing the asserted claims).)  Independent claim 1 of the '885 Patent contains the following limitation:  "wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion."  '885 Patent col. 14 ll. 59–61.  And independent claim 1 of the '117 Patent similarly contains the

8

following limitation: "wherein vibration of the apparatus is damped by a viscous ferrofluid in physical contact with at least the moving portion." '117 Patent col. 14 ll. 60–62.

In its initial invalidity contentions, Apple identified its iPhone 6 and iPhone 6 Plus products as prior art references and asserted that each of those two references in combination with other references render obvious claims 1 through 17 of the '117 Patent and claims 1 through 20 of the '885 Patent.[2]  (*See* ECF No. 234-1 ("Ex. A") at p. 2; ECF No. 234-2 ("Ex. B") at p. 56; ECF No. 234-3 ("Ex. C") at p. 105; ECF No. 234-4 ("Ex. D") at p. 174.)  On November 18, 2022, Apple served Taction with its Amended Invalidity Contentions, (*see* Sproul Decl. ¶ 14), in which Apple—for the first time—asserted that the iPhone 6 and iPhone 6 Plus prior art references anticipate the asserted claims of the '885 Patent and the '117 Patent.[3]  (*See* ECF No. 234-5 ("Ex. E") at p. 247; ECF No. 234-6 ("Ex. F") at p. 315; ECF No. 234-7 ("Ex. G") at p. 377; ECF No. 234-8 ("Ex. H") at p. 429.) And Apple for the first time asserted that the iPhone 6 and iPhone 6 Plus prior art references satisfy the ferrofluid claim limitations at issue.  (*Compare* Ex. E at pp. 281–87; Ex. F at pp. 344–51; Ex. G. at pp. 397–402; Ex. H at pp. 449–54, *with* Ex. A at pp. 15–16; Ex. B at p. 66; Ex. C at pp. 125–26; Ex. D at pp. 193–94.)

Through its Motion, Taction argues that these amendments to Apple's Amended Invalidity Contentions violated Patent Local Rule 3.6 and therefore seeks to strike claim charts regarding the iPhone 6 and iPhone 6 Plus references and to preclude Apple from

---

[2] To prove that a patent claim is invalid as obvious under 35 U.S.C. § 103, an accused infringer must show "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *TQ Delta, LLC v. CISCO Sys., Inc.*, 942 F.3d 1352, 1357 (Fed. Cir. 2019) (quoting 35 U.S.C. § 103(a)); *accord KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007).  "Obviousness can be proven by combining existing prior art references, while anticipation requires all elements of a claim to be disclosed within a single reference." *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008).

[3] To prove that a patent claim is invalid as anticipated under 35 U.S.C. § 102, an accused infringer must show that "a single prior art reference disclose[s] each and every limitation of the claimed invention, either explicitly or inherently." *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1306 (Fed. Cir. 2019); *see also K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1377 (Fed. Cir. 2012).

contending "that the iPhone 6 or iPhone 6 Plus anticipate the asserted claims or otherwise meet the ferrofluid limitations." (*See* ECF No. 205-1 ("Mem.") at 1–2, 5–12.[4])   In response, Apple argues that Taction's challenge to its amended invalidity contentions should be rejected for three reasons. (*See* Opp'n at 8.)   First, Apple argues that Taction waived its ability to challenge Apple's November 18, 2023 Amended Invalidity Contentions by failing to raise the issue in a timely manner. (*See id.* at 8–10.)   Second, Apple contends that it merely supplemented its invalidity contentions as permitted by Patent Local Rule 3.6. (*See id.* at 10–11.)   Third and finally, Apple argues that "good cause" exists under Patent Local Rule 3.6(b)(3) for it to amend its invalidity contentions. (*See id.* at 12–25.)   The Court addresses each of Apple's three arguments in turn below.

## I.      Timeliness of Taction's Challenge

Apple argues that Taction waived any challenge to the Amended Invalidity Contentions by failing timely to raise its challenge to the Court. (*See* Opp'n at 8–10.)   On September 23, 2022, Judge Burkhardt issued an Amended Case Management Order that provided:

> Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

(*See* ECF No. 140 at 2 ¶ 2 (emphasis in original).)   Judge Burkhardt's Civil Chambers Rules also require that "[c]ounsel shall commence the meet and confer process within **14 calendar days** of the event giving rise to the dispute." J. Burkhardt Civ. Chambers R. § V.A (emphasis in original).   According to Apple, Taction failed to comply with Judge Burkhardt's timeline to raise its present challenge to the Amended Invalidity Contentions.

---

[4] A sealed version of Taction's memorandum of points and authorities in support of its Motion also appears at ECF No. 234.

(*See* Opp'n at 8–10.)  Specifically, although the Amended Invalidity Contentions were served on November 18, 2022, (1) Taction did not raise any issue with the contentions to Apple until December 29, 2022; (2) the Parties did not meet and confer on the issue until January 12, 2023; and (3) Taction did not raise its challenge to the Court until January 31, 2023, when the parties filed a joint discovery statement with the Judge Burkhardt.  (*See id.* at 9; *see also* Sproul Decl. ¶ 14; ECF No. 235-1 ("Ex. 5").)

In response, Taction asserts that Apple's argument fails because Judge Burkhardt rejected it when she concluded that the present issue should be raised as a noticed motion before the district judge.  (*See* Reply at 1–2.)  Although the Court disagrees with Taction that Judge Burkhardt concluded its challenge was timely, the Court agrees that Apple's reliance on paragraph 2 of Judge Burkhardt's September 23, 2022 Amended Case Management Order is misplaced.  By its plain terms, the provision applies only to "[d]iscovery disputes."  (*See* ECF No. 140 at 2 ¶ 2.)  A challenge to the disclosures in another party's infringement or invalidity contentions, however, is not a "discovery dispute."  While discovery disputes in this District are generally referred to the magistrate judges, motions to strike infringement and/or invalidity contentions are heard by the district court judges.  *See, e.g.*, *Evolusion Concepts, Inc. v. Cross Eng'g, LLC*, No. 18-CV-0871 DMS (MSB), 2019 WL 13149923, at *1 (S.D. Cal. Apr. 8, 2019); *Apple Inc. v. Wi-LAN, Inc.*, No. 14CV2235 DMS (BLM), 2018 WL 9538772, at *1 (S.D. Cal. Mar. 2, 2018); *In re Qualcomm Litig.*, No. 17-CV-00108-GPC-MDD, 2018 WL 1406944, at *1 (S.D. Cal. Mar. 21, 2018); *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H KSC, 2012 WL 4547449, at *1 (S.D. Cal. Sept. 28, 2012).  Further, the deadline in paragraph 2 of the Court's scheduling order is only triggered by the service of "an objection, answer, or response."  (*See* ECF No. 140 at 2 ¶ 2.)  Amended invalidity contentions are not an objection, answer, or response to a discovery request.  The Court therefore rejects Apple's argument that Taction waived its ability to challenge the November 18, 2023 Amended

/ / /

/ / /

11

Invalidity Contentions by failing to comply with the deadline in the Court's scheduling order.[5]

## II.    Supplementation Under Patent Local Rule 3.6

Apple next contends that Taction's motion should be denied because Apple merely "supplemented" its invalidity contentions as permitted by Patent Local Rule 3.6.  (*See* Opp'n at 10–11.)  Specifically, Apple relies on the following sentence from Patent Local Rule 3.6:  "This rule does not relieve any party from its obligations under Fed. R. Civ. P 26 to timely supplement disclosures and discovery responses."  *See* S.D. Cal. Patent L.R. 3.6.   Apple argues that this sentence "allow[s] for supplementation of invalidity contentions, and indeed require[s] it, upon the discovery of new facts.  (*See* Opp'n at 10.) Taction responds that Apple's supplementation argument relies on a strained reading of Patent Local Rule 3.6 and should be rejected.  (*See* Reply at 2–3.)  The Court agrees with Taction.

In the sentence on which Apple relies, Patent Local Rule 3.6 refers to Federal Rule of Civil Procedure 26's supplementation requirements, which provide:

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A)    in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B)    as ordered by the court.

/ / /

---

[5] To be clear, although the Court ultimately concludes that Apple's timeliness argument is without merit, the Court does not condone Taction's delay in raising the issue.  Even in the absence of a firm deadline to file this Motion, an attorney should have taken the time to review the Amended Invalidity Contentions soon after they were served on Taction.  For the reasons discussed below, however, the Court concludes that Taction's delay was not unreasonable and that the procedural equities ultimately favor Taction.

Fed. R. Civ. P. 26(e)(1).  By its plain terms, Rule 26(e)(1)'s supplementation requirements only apply to Rule 26(a) disclosures,[6] responses to interrogatories, responses to requests for production, and responses to requests for admissions.  An accused infringer's invalidity contentions do not qualify as any of the documents specified by Rule 26(e)(1).  As such, Patent Local Rule 3.6 and Rule 26(e)(1) do not provide any basis for the "supplementation" of infringement contentions.[7]  *Cf. Bell Semiconductor*, 2023 WL 2342037, at *6 (explaining to patentee that any "'supplementation'" of its infringement contentions constitutes "amendments" to those contentions).  Indeed, courts in this District have expressly held that "[t]he Court's Patent Local Rules do not allow amendments to contentions as a matter of course when new information is revealed in discovery."  *See Echologics*, 2022 WL 17724142, at *7 (internal quotation marks omitted) (quoting *Zest IP Holdings*, 2014 WL 358430, at *3); *accord Pelican*, 2023 WL 2127995, at *3.  "Rather, a party seeking to amend its infringement or invalidity contentions must satisfy the relevant provisions set forth in Patent Local Rule 3.6," which for infringement contentions are the provisions in Rule 3.6(a) and for invalidity contentions are the provisions in Rule 3.6(b).  *See Echologics*, 2022 WL 17724142, at *7; *accord Pelican*, 2023 WL 2127995, at *3.

Moreover, the Court rejects Apple's assertion that its Amended Invalidity Contentions have not "meaningfully changed."  Contrary to Apple's assertions, it did not merely amend its infringement contentions to disclose "a single fact."  (*See* Opp'n at 10–11, 20.)  Rather, Apple made substantive amendments to its invalidity contentions that represent new invalidity theories.  That the changes at issue are substantive amendments and new invalidity theories can be seen from an examination of the provisions in Patent Local Rules 3.3(b) and (c), which contain disclosure requirements for an accused

---

[6] Rule 26(a) disclosures are initial disclosures, expert disclosures, and pretrial disclosures.  *See* Fed. R. Civ. P. 26(a).

[7] Taction persuasively argues that the more sensible reading on the last sentence of Patent Local Rule 3.6 is that it merely reminds parties that the passing of the deadlines set forth in Rule 3.6 does not permit a party to ignore its duties to supplement under Rule 26.  (*See* Reply at 3.)

infringer's invalidity contentions. Patent Local Rule 3.3(b), for example, requires the disclosure of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." S.D. Cal. Patent L.R. 3.3(b). In the Amended Invalidity Contentions, Apple for the first time asserted that the two prior art references at issue anticipate the asserted claims of the asserted patents. (*See* Ex. E at p. 247; Ex. F at p. 315; Ex. G. at p. 377; Ex. H at 429.) As such, those changes are substantive amendments to Apple's Rule 3.3(b) disclosures and are new invalidity theories even if the prior art references had been previously disclosed as obviousness references in earlier contentions. *See, e.g.*, *Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, No. SACV181571JVSDFMX, 2020 WL 4258663, at *4 (C.D. Cal. May 14, 2020) (striking expert opinion for disclosing new theory of invalidity where expert attempted to use prior art as an anticipatory reference when the prior art had only been previously disclosed as an obviousness reference in the invalidity contentions).

Similarly, Patent Local Rule 3.3(c) requires: "A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." *See* S.D. Cal. Patent L.R. 3.3(c). In the Amended Invalidity Contentions, Apple for the first time asserted that the two prior art references at issue satisfy the ferrofluid limitations in the asserted claims. (*See* Ex. E at pp. 281–87; Ex. F at pp. 344–51; Ex. G. at pp. 397–402; Ex. H at pp. 449–54.) As such, those changes are substantive amendments to Apple's Rule 3.3(c) disclosures and are new invalidity theories even if the prior art references had been previously disclosed as satisfying other limitations.[8] *See, e.g.*, *Asia Vital Components Co.*

---

[8] The Court notes that district courts interpret changes to infringement contentions in a similar way. A change to even just one claim limitation to identify a different element of an accused product is considered a new theory of infringement. *See, e.g.*, *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, No. 21-CV-01147-RBM-AHG, 2023 WL 2756492, at *9 (S.D. Cal. Mar. 27, 2023) (granting motion to strike expert report that identified a different component in the accused product as satisfying the relevant claim limitation than was disclosed in the infringement contentions); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 3640694, at *3–4 (N.D. Cal. June 11, 2015) (same); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 2854773, at *2 (N.D. Cal. June 20, 2014) (same).

*v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 4945316, at *5 (N.D. Cal. Oct. 11, 2018) (striking expert opinions that the "prior art teaches additional limitations not identified in the invalidity contentions" on the grounds that those opinions represent "new invalidity theories that were not properly disclosed"); *Largan*, 2014 WL 6882275, at *5 (same); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *7–8 (N.D. Cal. Aug. 20, 2014) (same).[9]

Because the changes at issue are substantive amendments to Apple's invalidity disclosures under Patent Local Rule 3.3(b) and 3.3(c), for those amendments to have been proper, Apple needed to satisfy one of the provisions set forth in Patent Local Rule 3.6(b).

---

[9] At the hearing, Apple argued that district courts allow modifications to previously charted prior art, citing to *Kilopass Technology Inc. v. Sidense Corporation*, No. C 10-02066 SI, 2012 WL 1901198, at *2–3 (N.D. Cal. May 24, 2012); *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *5 (N.D. Cal. Aug. 8, 2011); and *Chemfree Corp. v. J. Walter, Inc.*, No. CIV. 1:04-CV-3711JTC, 2008 WL 4845129, at *4 (N.D. Ga. Aug. 27, 2008). Not only is this argument untimely, *see, e.g.*, *ABS Glob., Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1027 (Fed. Cir. 2021) (finding argument waived because it was "raised for the first time during oral argument"); CliniComp, 2022 WL 16985003, at *21 (same), but the Court does not find Apple's reliance on these three cases persuasive as none of the cases appear to deal with a situation—like here—where although the accused infringer previously charted the reference, the accused infringer is now attempting to assert for the first time that the reference satisfies a new limitation.

In *Oracle*, for example, the accused infringer previously disclosed the references at issue as anticipatory references and was seeking to amend its charts to now disclose obviousness combinations based on those references. *See* 2011 WL 3443835, at *5. Because the references at issue were previously disclosed and charted as anticipatory references, the accused infringer had already asserted that the references met each and every limitation at issue, meaning there were no new limitation disclosures at issue with respect to those amendments. In *Chemfree*, the accused infringers sought to add more detail to previously charted references. *See* 2008 WL 4845129, at *4 ("[T]he new claim charts appear to be more detailed than the claim charts included in Defendants' previous invalidity contentions."). There is no indication that these additional details included asserting that the references satisfied new limitations. Finally, in *Kilopass*, the accused infringer sought to amend its contentions to assert new obviousness combinations. *See* 2012 WL 1901198, at *2–3. There is no indication that those new combinations included asserting that the references at issue satisfied new limitations. As such, *Kilopass*, *Oracle*, and *Chemfree* are all distinguishable from the present case.

By contrast, the Court found three cases in which an accused infringer attempted to assert that a previously disclosed prior art reference satisfied a new claim limitation. In each case, the district court struck the new invalidity theory. *See, e.g.*, *Asia Vital*, 2018 WL 4945316, at *5; *Largan*, 2014 WL 6882275, at *5; *Verinata*, 2014 WL 4100638, at *7–8.

*See Pelican*, 2023 WL 2127995, at *3; *Echologics*, 2022 WL 17724142, at *7; *Zest IP Holdings*, 2014 WL 358430, at *3.

## III.   Good Cause Under Patent Local Rule 3.6(b)(3)

Finally, Apple argues that there exists good cause to amend its Amended Invalidity Contentions under Patent Local Rule 3.6(b)(3).  (*See* Opp'n at 12–25.)  By its plain terms, however, Patent Local Rule 3.6(b)(3) only permits amendment of an accused infringer's invalidity contentions "upon *a timely motion* showing good cause."  *See* S.D. Cal. Patent L.R. 3.6(b)(3) (emphasis added).  A request for leave to amend in an opposition brief to a motion to strike that is filed four months after the amended contentions at issue were already served is neither "timely" nor a "motion."  *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").  As such, Apple cannot rely on Patent Local Rule 3.6(b)(3) to justify the amendments at issue.

At the hearing, Apple argued that it should be permitted to amend its invalidity contentions through its Opposition, citing—concededly for the first time—to *Slot Speaker Technologies, Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *8 (N.D. Cal. Jan. 19, 2017), and *0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *8 (W.D. Wash. July 15, 2019).  The Court agrees with Taction that it was improper for Apple to raise this argument for the first time at the hearing, and, therefore, the argument is untimely and waived.  *See, e.g.*, *ABS Glob., Inc.*, 984 F.3d at 1027; *CliniComp*, 2022 WL 16985003, at *21.  In any event, those two cases are of no help to Apple here.  *Slot Speaker* is a decision from the Northern District of California, and *0912139 B.C.* is a decision from the Western District of Washington.  The Patent Local Rules for the Northern District of California and the Western District of Washington only require an "order of the Court upon a timely showing of good cause" for a party to be able to amend its invalidity contentions.  *See* N.D. Cal. Patent L.R. 3-6; W.D. Wash. Patent L.R. 124.  By contrast, Southern District of California Patent Local Rule 3.6(b)(3) specifically and expressly requires "*a timely motion* showing good cause."  *See* S.D. Cal. Pat. L.R.

/ / /

3.6(b)(3) (emphasis added).  Because Apple never filed a "timely motion," Patent Local Rule 3.6(b)(3) is inapplicable.

The Court also finds persuasive Taction's argument that it would be unwise to permit parties to violate the Patent Local Rules and then later seek retroactive permission to amend because such a procedure would make civil litigation entirely unwieldly for both parties and the judiciary and incentivize untimely disclosures.  (*See* Reply at 5.)  The Court agrees that an "amend first, ask for permission later" policy would contravene and undermine the policies underlying the Court's Patent Local Rules, which "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *See CliniComp*, 2022 WL 16985003, at *12 (S.D. Cal. Nov. 15, 2022).  In any event, allowing a party to request amendment retroactively is clearly not permitted under the plain language of Patent Local Rule 3.6(b)(3), which requires the filing of "a timely motion."

In sum, the amendments at issue in Apple's Amended Invalidity Contentions violate the Court's Patent Local Rules, specifically Patent Local Rule 3.6(b).  As such, the proper remedy is to strike those portions of the contentions and preclude Apple from asserting at trial that the iPhone 6 or the iPhone 6s satisfies the ferrofluid limitations in the asserted claims and preclude Apple from asserting that the iPhone 6 or the iPhone 6s anticipates the asserted claims.  Although Apple argued at the hearing that it would be an "extraordinary remedy" for the Court to strike the fact that the iPhone 6 has ferrofluid from the case, (*see also, e.g.*, ECF No. 235 at 1, 11), the Court is not striking a "fact."  Rather, the Court is striking untimely invalidity theories that were improperly disclosed in violation of the Court's Patent Local Rules.  Consistent with the holdings of many district courts, any invalidity theories that are not properly disclosed pursuant to the Court's Patent Local Rules "are barred from presentation at trial (whether through expert opinion testimony or otherwise)."  *See Bell Semiconductor,* 2023 WL 2342037, at *3; *accord Pelican*, 2023 WL 2127995, at *3; *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 411 F. Supp. 3d 975, 981 (N.D. Cal. 2019); *Huawei Techs., Co, Ltd v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934,

946 (N.D. Cal. 2018); *Verinata*, 2014 WL 4100638, at *3.  Indeed, the Federal Circuit has explained:  "Because patent local rules are essentially a series of case management orders, a district court may impose any just sanction for the failure to obey them, including refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." *Phigenix, Inc. v. Genentech, Inc.*, 783 F. App'x 1014, 1016 (Fed. Cir. 2019) (internal quotation marks omitted) (affirming district court's striking of infringement theory from expert report for failure to comply with the patent local rules (quoting *O2 Micro*, 467 F.3d at 1363)).  As such, preclusion of these improperly disclosed invalidity theories from presentation at trial is the proper remedy here.

## CONCLUSION

For the reasons above, the Court **GRANTS** Taction's Motion to Strike Apple's Amended Invalidity Contentions (ECF No. 205) and **PRECLUDES** Apple from asserting at trial that the iPhone 6 or the iPhone 6 Plus (1) satisfies the ferrofluid limitations in the asserted claims, and (2) anticipates the asserted claims.

**IT IS SO ORDERED.**

Dated:  April 17, 2023

_____

Honorable Todd W. Robinson
United States District Judge