UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>                               Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>                              Defendant. | Case No.: 21-CV-812 TWR (JLB)<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 289, 297) |

      Presently before the Court are Plaintiff Taction Technology, Inc.'s ("Pl.'s Mot.," ECF No. 289) and Defendant Apple Inc.'s ("Def.'s Mot.," ECF No. 297) (together, the "Motions to Seal") unopposed motions to file certain documents under seal. Specifically, Taction seeks to file under seal nearly 500 pages comprising Exhibits A (excerpts of Dr. Zinn's opening report), B (excerpts of Dr. Visell's opening report), C (excerpts of Dr. Knox's report), D (excerpts of Taction's response to Apple's Interrogatory No. 15), E (excerpts of Exhibit A1 to Apple's post-claim construction invalidity contentions), F (excerpts of Exhibit A2 to Apple's post-claim construction invalidity contentions), G through I (Apple documents related to the iPhone 6 or iPhone 6 Plus), K (excerpts of Dr. Knox's deposition transcript), L (excerpts of Arman Hajati deposition transcript), and M through R (Apple documents related to the iPhone 6 or iPhone 6 Plus), as well as those portions of its memorandum of points and authorities in support of its *Daubert* motion that

cite and discuss those exhibits.[1] (*See* Pl.'s Mot. at 1, 3–5; ECF No. 289-1 ("Snyder Decl.") ¶¶ 2–11; *compare* ECF No. 291 (redacted publicly filed documents), *with* ECF No. 290 (lodged sealed documents).) Taction contends that there are "compelling reasons" to file these documents under seal because they contain "confidential information about . . . [Apple's] business practices that would harm Apple's competitive standing if made publicly available" and "sensitive and confidential business information about Taction." (*See* Pl.'s Mot. at 2–5; Snyder Decl. ¶¶ 2–11.)

For its part, Apple seeks to file under seal approximately 630 pages, consisting of Exhibits 1 (excerpts of Dr. Zinn's rebuttal report), 2 (excerpts of Dr. Oliver's corrected report), 4 (excerpts of Jere Harrison deposition transcript), 7 (excerpts of Taction's post-claim construction amended infringement contentions), 8 ('885 patent infringement claim chart for Apple iPhone SE), 12 (Taction's infringement contentions), 13 (an Apple manual), 14 (an Apple document), 17 (excerpts of Dr. Ma's deposition transcript), 20 (excerpts of Alex Lee's deposition transcript), 23 ('885 patent infringement claim chart for Apple iPhone 14), 28 (excerpts of Taction's response to an Apple interrogatory),[2] 29 (a February 8, 2023 production letter served by Apple to Taction), 30 ('885 patent infringement claim chart for Apple iPhone 8 and 2020 iPhone SE), 31 ('885 patent infringement claim chart for Apple iPhone 14 Pro Max), 32 ('885 patent infringement claim chart for Apple Watch Series 8 41mm), 34 (excerpts of Dr. Kennedy's amended opening expert report), and 35 (excerpts of Dr. Kennedy's deposition transcript),[3] in addition to portions of its memorandum of points and authorities in support of its motion for summary judgment and *Daubert* motion.[4] (*See* Def.'s Mot. at 1; ECF No. 297-1 ("Tio

---

[1] Specifically, Taction seeks to file under seal the entirety of Exhibits A, C, G, H, I, and L through R; essentially the entirety of Exhibit E; and portions of Exhibits B, D, F, K and its memorandum.

[2] The Court notes that Apple's Exhibit 28 is illegible as currently filed.

[3] The Court notes that Apple's Exhibit 35's slipsheet is miscaptioned as Exhibit 26.

[4] Specifically, Apple seeks to file under seal the entirety of Exhibits 4, 13, 14, and 17, and portions of Exhibits 1, 2, 7, 8, 12, 20, 23, 28 through 32, 34, and 35 and its memorandum.

Decl.") ¶¶ 2–10); *compare* ECF Nos. 299–301 (redacted publicly filed documents), *with* ECF No. 298 (lodged sealed documents).) Apple argues that there exist compelling reasons to file these documents under seal because they "contain[] Taction's, Apple's, and third party sensitive confidential business information." (*See* Def.'s Mot. at 1; Tio Decl. ¶¶ 2–10.)

Upon a close review of the Parties' proposed redactions, the Court concludes that the Parties have demonstrated compelling reasons to file under seal Taction's Exhibits A, C, G, H, I, and L through R and Apple's Exhibits 4, 13, 14, and 17 in their entirety, as well as portions of Taction's Exhibits B, D through F, K and its memorandum and Apple's Exhibits 1, 2, 7, 8, 12, 20, 23, 28 through 32, 34, and 35 and its memorandum. *See, e.g.*, *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021). The Court therefore **GRANTS** Taction's (ECF No. 289) and Apple's (ECF No. 297) Motions to Seal, and the Clerk of Court **SHALL FILE UNDER SEAL** the documents previously lodged under seal at ECF Nos. 290 and 298.

**IT IS SO ORDERED.**

Dated: June 12, 2023

Honorable Todd W. Robinson
United States District Judge