UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 21-CV-812 TWR (JLB)<br><br>**ORDER GRANTING DEFENDANT APPLE INC.'S UNOPPOSED MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 308, 309) |

Presently before the Court is Defendant Apple Inc.'s Unopposed Motion to File Under Seal Portions of Apple's Opposition to Plaintiff's *Daubert* Motion to Exclude Opinions of Defendant's Experts ("Mot. to Seal," ECF No. 308), in which Apple contends that "[c]ompelling reasons exist to file portions of [its] Opposition and accompanying Exhibits 1, 2, 3, 4, 5, 6, 7, 10, 11, and 12 under seal."[1] (*See id.* at 1.) Specifically, "Exhibits 1, 10, and 12 contain portions of Apple's and Taction's expert reports," (*see* ECF No. 308-1 ("Tio Decl.") ¶ 3), *i.e.*, the Opening Expert Report of Michael Zinn, Ph.D., (*see* ECF No. 309-1 ("Ex. 1")); the Expert Rebuttal Report of Julie H. Know, CPA, CFA, CFF, (*see* ECF No. 309-8 ("Ex. 10")); and the Rebuttal Expert Report of Michael Zinn, Ph.D. (*See* ECF

---

[1] Specifically, Apple seeks to file under seal Exhibits 2 through 7 in their entirety and only portions of Apple's Opposition and Exhibits 1 and 10 through 12. (*Compare* ECF Nos. 310-1–14 (proposed public redacted documents), *with* ECF Nos. 309 (lodged sealed documents).)

No. 309-10 ("Ex. 12").)  "Exhibit 11 contains excerpts of the deposition testimony of Apple's damages expert, Julie Knox," (Tio Decl. ¶ 4); "Exhibits 2, 3, 4, 5, and 7 are internal technical documents created by Apple," (Tio Decl. ¶ 5); and "Exhibit 6 is a confidential technical document produced by third party supplied AAC." (Tio Decl. ¶ 6.)  Portions of Apple's opposition discuss these documents.  (See id. ¶¶ 2–6.)  Apple maintains that disclosure of these documents would "harm [its] ability to maintain [its and its supplier's] business and competitive position [in the market]." and/or allow "competitors to obtain and improper business advantage."  (See id. (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021)); *Mezzadri v. Med. Depot, Inc.*, No. 14-cv-2330, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015)).)

Upon a close review of the proposed redactions, the Court concludes that Apple has demonstrated compelling reasons to file under seal Exhibits 2 through 7 in their entirety and those limited portions of Apple's opposition and Exhibits 1 and 10 through 12 that have been lodged under seal.  *See, e.g.*, *Orthopaedic Hosp.*, 2021 WL 1966121, at *2.  The Court therefore **GRANTS** Apple's Motion to Seal (ECF No. 308), and the Clerk of Court **SHALL FILE UNDER SEAL** the documents previously lodged under seal at ECF No. 309.

**IT IS SO ORDERED.**

Dated:  June 13, 2023

Honorable Todd W. Robinson
United States District Judge