UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>                          Defendant. | Case No.: 21-CV-812 TWR (JLB)<br><br>**TENTATIVE REVISED CLAIM CONSTRUCTION ORDER** |

Presently before the Court is Defendant Apple Inc.'s Amended Motion for Summary Judgment ("Mot.," ECF Nos. 299 (public), 313 (sealed)), which is set for oral argument on Thursday, July 13, 2023, at 1:30 p.m. in Courtroom 3A. In light of the arguments and positions presented in the Parties' summary judgment briefing and attached expert reports, the Court issues the following tentative revised claim construction order. *See In re Papst Licensing Digit. Camera Pat. Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015) ("[A] district court may (and sometimes must) revisit, alter, or supplement its claim constructions . . . to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact." (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1359 (Fed. Cir. 2008))); *Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("[D]istrict courts may engage in 'rolling claim construction, in which the court revisits and alters its interpretation of the

claim terms as its understanding of the technology evolves.'" (quoting *Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002))).

At the July 13, 2023 hearing, the Parties should be prepared to discuss the following revised claim constructions:

1. The Court tentatively construes the term "wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40–200 Hz" as "wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40–200 Hz, and wherein the output of the transducer is highly damped (*i.e.*, the output is substantially uniform or flat over the normal operating frequency range of the device), that highly damped output is achieved by the ferrofluid, and the transducer has a Q-factor of less than 1.5."

2. The Court tentatively construes the term "wherein the ferrofluid reduces the Q-Factor of the response of the apparatus over at least a portion of the frequency range of 40–200 Hz" as "wherein the ferrofluid reduces the Q-Factor of the response of the apparatus over at least a portion of the frequency range of 40–200 Hz, and wherein the output of the transducer is highly damped (*i.e.*, the output is substantially uniform or flat over the normal operating frequency range of the device), that highly damped output is achieved by the ferrofluid, and the transducer has a Q-factor of less than 1.5."

3. The Court tentatively construes the term "wherein the viscous ferrofluid reduces at least a resonance within a frequency range of 40–200Hz" as "wherein the viscous ferrofluid reduces at least a resonance within a frequency range of 40–200Hz, and wherein the output of the transducer is highly damped (*i.e.*, the output is substantially uniform or flat over the normal operating frequency range of the device), that highly damped output is achieved by the viscous ferrofluid, and the transducer has a Q-factor of less than 1.5."

4. The Court tentatively construes the term "wherein the ferrofluid damps at least a resonance" as "wherein the ferrofluid damps at least a resonance, and wherein the output of the transducer is highly damped (*i.e.*, the output is substantially uniform or flat over the

normal operating frequency range of the device), that highly damped output is achieved by the ferrofluid, and the transducer has a Q-factor of less than 1.5."

**IT IS SO ORDERED.**

Dated: July 11, 2023

_____
Honorable Todd W. Robinson
United States District Judge