UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC., Plaintiff, v. APPLE INC., Defendant. | Case No.: 21-cv-00812-TWR-JLB |
| AND RELATED COUNTERCLAIMS. | **PUBLIC VERSION** **[REDACTED] ORDER TO SHOW CAUSE** |

On September 7, 2022, Defendant Apple Inc. ("Defendant") filed third party subpoenas on Kenosha Investments LP ("Kenosha") and Gronostaj Investments LLC's ("Gronostaj") (collectively, "the Funders"). On November 21, 2022, the Funders filed a Motion to Quash Defendant's Subpoena. (ECF Nos. 149 (public); 153 (sealed).) On January 13, 2023, the Court held a Status Conference, at which it ordered the Funders to produce a privilege log. (*See* ECF No. 170.) On February 8, 2023, the Funders provided Defendant with their privilege log. (ECF No. 199 at 2; *see* Funders' Privilege Log, Exhibit A to this Order.) The Funders also voluntarily provided the Court with sample documents from the Privilege Log in order to aid the Court in its evaluation of the Funders' claims of privilege. Later, at the request of the Court, the Funders also clarified the relationship

between the Funders and Burford Capital LLC, [redacted].[1] (ECF Nos. 268 (public), 280 (sealed) at 2.)

In briefing the Motion to Quash, the Funders represented many times that their only relationship to this litigation was with [redacted] and not with [redacted]. (ECF Nos. 149 (public), 153 (sealed) at 4, 7, 11; ECF Nos. 163 (public), 166 (sealed) at 2, 3, 4, 6, 6–7.) Some examples include:

[redacted]

(ECF Nos. 163 (public), 166 (sealed) at 4.)

[redacted]

(*Id*. at 6–7.)

"[A] district court has the primary responsibility for controlling the conduct of the attorneys who practice before it." *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996); *see also In re Girardi*, 611 F.3d 1027, 1035 (9th Cir. 2010) ("In addition to case law and applicable court rules, the court may consider codes of professional conduct in determining whether an attorney's conduct falls below the standards of the profession."). All attorneys owe a duty of candor to the tribunal. *See* Cal. Rules of Pro. Conduct r. 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal

---

[1] A redacted, publicly filed copy of this Order to Show Cause will be filed on the docket. Portions redacted from public view appear at: p. 2, ll. 1–2, 4, 7–9 and 11–12; p. 3, ll. 6–8; p. 4, ll. 2–3; and Exhibit A.

A less-redacted version will be filed on the docket with access limited to case participants only. Portions redacted from this version appear at: p. 2, ll. 1–2; p. 3, ll. 6–8; and p. 4, ll. 2–3. In this version, the only redacted portions reflect information that was submitted by the Funders for *in camera* review and which the Court has ruled are not subject to discovery by Defendant.

A fully unredacted version will be mailed to the Funders.

or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ."); Model Rules of Pro. Conduct r. 3.3(a)(1) (Am. Bar. Ass'n 1983) (same). In this District, "[w]e expect lawyers to honor and maintain the integrity of our justice system . . . ." CivLR 2.1(a)(2)(h). Further, "[w]e expect lawyers to be accurate in written communications intended to make a record." CivLR 2.1(a)(3)(f).

[redacted], the Court has certain concerns about whether the Funders' representations referenced above were misleading and possibly violative of the Funders' duty of candor to the Court.[2]

The Court therefore **ORDERS** as follows:

1. An **in-person** show cause hearing shall be held on **August 15, 2023**, at **11:30 AM** in **Courtroom 5A** before Magistrate Judge Jill L. Burkhardt. Counsel for the Funders shall appear to show cause why sanctions should not be imposed for any violation of the Funders' duty of candor to the Court. As this hearing pertains to the Funders' documents lodged for *in camera* review, counsel for Plaintiff and Defendant may, but need not, appear. Any portion of the hearing that could reveal the content of work-product privileged documents will be conducted at sidebar and placed under seal.

///

///

///

///

///

///

---

[2] The Court's concerns expressed here do not impact the Court's analysis with respect to the Motion to Quash.

2. On or before **August 8, 2023**, the Funders shall file a declaration addressing [redacted]. Said declaration should address not only direct inconsistencies but also inconsistencies that result from implications and relevant omissions related to the above representations.

**IT IS SO ORDERED.**

Dated: July 17, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT A

## CASE PARTICIPANTS ONLY