1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  TACTION TECHNOLOGY, INC., | Case No.:  21-CV-812 TWR (JLB) |
| 12                                    Plaintiff, | **ORDER DENYING DEFENDANT'S** |
| 13  v. | **MOTION FOR ATTORNEY'S FEES** |
| 14  APPLE INC., | (ECF No. 389) |
| 15                                    Defendant. | |

16

17        Presently before the Court is Defendant Apple Inc.'s Motion for Attorney's Fees
18  ("Mot.," ECF No. 389 (public), ECF No. 393 (sealed)), as well as Plaintiff Taction
19  Technology, Inc.'s Response in Opposition to ("Opp'n," ECF No. 399 (public), ECF No.
20  401 (sealed)), and Apple's Reply in Support of ("Reply," ECF No. 402) the Motion.  The
21  Court vacated the hearing and took the Motion under submission on the papers without
22  oral argument pursuant to Civil Local Rule 7.1(d)(1).  (*See* ECF No. 404.)  Having carefully
23  reviewed the record, the Parties' arguments, and the relevant law, the Court **DENIES**
24  Apple's Motion.

25                                **BACKGROUND**
26  **I.    The Asserted Patents**
27        Taction is the owner and assignee of U.S. Patent No. 10,659,885 ("the '885 Patent")
28  and U.S. Patent No. 10,820,117 ("the '117 Patent") (collectively, "the asserted patents").

(*See* ECF No. 1 ("Compl.") ¶¶ 68, 72); *see also* U.S. Patent No. 10,659,885, at [73] (issued May 19, 2020); U.S. Patent No. 10,820,117, at [73] (issued Oct. 27, 2020).  The '885 Patent is entitled "Systems and Methods for Generating Damped Electromagnetically Actuated Planar Motion for Audio-Frequency Vibrations" and was issued on May 19, 2020.  '885 Patent at [45], [54].  The '117 Patent is entitled the same and was issued on October 27, 2020.  '117 Patent at [45], [54].  The '885 Patent and the '117 Patent share a common specification, and both patents claim priority to Provisional Application No. 62/054,712 filed on September 24, 2014.  '885 Patent at [60]; '117 Patent at [60].

The invention described in the '885 Patent and the '117 Patent "relates to tactile transducers that produce bass frequency vibrations for perception by touch."  '885 Patent col. 1 ll. 20–21.[1]  Independent claim 1 of the '885 Patent recites:

> 1.      An apparatus for imparting motion to the skin of a user, the apparatus comprising:
>
> a housing;
>
> a plurality of coils capable of carrying electrical current;
>
> a plurality of magnets arranged in operative proximity to the plurality of coils;
>
> a moving portion comprising an inertial mass and the plurality of magnets;
>
> a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils;
>
> wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion; and
>
> wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40-200 Hz in response to electrical signals applied to the plurality of conductive coils.

'885 Patent col. 14 ll. 48–65.

---

[1]      Because the '885 Patent and the '117 Patent share a common specification, the Court will cite to only the '885 Patent's specification for ease of reference.

Independent claim 1 of the '117 Patent recites:

1.    An apparatus comprising:

a housing;

a plurality of conductive coils capable of carrying electrical current;

a plurality of magnets arranged in operative proximity to the plurality of conductive coils;

a moving portion comprising an inertial mass and the plurality of magnets;

a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the plurality of conductive coils;

wherein vibration of the apparatus imparts vibrations to a user's skin;

wherein vibration of the apparatus is damped by a viscous ferrofluid in physical contact with at least the moving portion;

wherein the viscous ferrofluid reduces at least a resonance within a frequency range of 40-200 Hz in response to signals applied to the plurality of conductive coils;

wherein said moving portion includes at least a pocket that provides space for at least a magnet;

wherein each of said plurality of flexures is more resistant to motion transverse to a plane of the moving portion than it is to linear motion in the plane of the moving portion; and

wherein said housing is generally cuboid in shape.

'117 Patent col. 14 l. 47–col. 15 l. 5.

## II.    Procedural History

On April 26, 2021, Taction filed a Complaint against Apple, alleging infringement of the asserted patents.  (*See generally* Compl.)  Specifically, Taction alleged that Apple had directly infringed and induced or contributed to the infringement of the asserted patents by making, using, selling, and offering for sale Apple products, including the iPhone and Apple Watch, that implement haptics technology, (*see id.* ¶¶ 77, 80), which refers to the science of enabling interaction with technology through the sense of touch, such as, for

example, through the use of vibrations.  (*See* ECF No. 73 at 1.)  Apple answered the Complaint and filed Counterclaims against Taction on July 8, 2021.  (*See generally* ECF No. 17.)

On October 21, 2022, after this action was transferred to the undersigned, (*see* ECF No. 48), Apple filed before the Patent Trial and Appeal Board ("PTAB") four petitions for *inter partes* review ("IPR"), challenging the validity of all of the asserted claims of the asserted patents.  (*See* ECF No. 53-1 ("Kete Decl.") Exs. 1–4.)  On January 26, 2022, the Court stayed the action, including further claim construction briefing, pending the PTAB's decision on whether to institute the IPRs.  (*See* ECF No. 76 at 6.)  The PTAB issued decisions denying institution of IPR for all four IPR proceedings related to the asserted patents on April 18, 2022.  (*See generally* ECF No. 97.)

On June 2, 2022, the Court lifted the stay, (*see generally* ECF No. 98), and the Court held the *Markman* hearing on September 15, 2022.  (*See* ECF No. 126.)  The Court's Claim Construction Order followed on September 28, 2022.  (*See generally* ECF No. 141.)  On June 15, 2023, the Court denied Taction's Motion for Leave to Amend its Complaint.  (*See generally* ECF No. 318.)

In connection with Apple's Motion for Summary Judgment, the Court issued a Tentative Revised Claim Construction Order on July 11, 2023.  (*See generally* ECF No. 338.)  On August 11, 2023, the Court granted Apple's motion for summary judgment of non-infringement, (*see generally* ECF No. 378 (the "Summary Judgment Order")), and entered Judgment in favor of Apple and against Taction.  (*See generally* ECF No. 379.)

By the present motion, Apple moves for attorney's fees pursuant to 35 U.S.C. § 285.  (*See* Mot. at 1, 12–13.)  Specifically, Apple requests that the Court award Apple its attorney's fees and expert expenses it incurred since October 2022, which Apple estimates to be $4,500,000 and $444,000, respectively.  (*See id.* at 13); *see also* Fed. R. Civ. P. 54(d)(2)(B)(iii) (requiring that any motion for attorney's fees must "state the amount sought or provide a fair estimate of it").

/ / /

**LEGAL STANDARDS**

"Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014). Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

The Supreme Court has held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554; *accord Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness*, 572 U.S. at 555. But "fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 548); *see Universal Stabilization Techs., Inc. v. Advanced Bionutrition Corp.*, No. 17CV87-GPC(MDD), 2018 WL 6181479, at *4 (S.D. Cal. Nov. 27, 2018) ("Failure to win on summary judgment is not a basis for an attorney's fee award under § 285."); *see also FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 739 (Fed. Cir. 2021) ("The strength of a party's litigation position is what is relevant to an exceptional case determination, not the correctness or success of that position." (citing *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015))).

"[A] district court makes the exceptional-case determination on a case-by-case basis considering the totality of the circumstances." *Energy Heating*, 15 F.4th at 1382 (citing *Octane Fitness*, 572 U.S. at 554); *see Intell. Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019) (explaining that a district court must determine whether "the case overall was exceptional"). In determining whether to award fees, district courts may consider a nonexclusive list of factors, including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

5

particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  There is no precise rule or formula for determining whether to award attorney's fees, but instead equitable discretion should be exercised in light of the above considerations.  *Id.* at 554 (quoting *Fogerty*, 510 U.S. at 534); *see Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 914 (Fed. Cir. 2019).

The determination of whether a case is "exceptional" under § 285 is committed "to the discretion of the district court." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014); *see Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356 (Fed. Cir. 2019) ("We generally 'give great deference to the district court's exercise of discretion in awarding fees.'" (quoting *Energy Heating*, 889 F.3d at 1307)); *Spineology*, 910 F.3d at 1229 ("We review all aspects of a district court's § 285 determination for abuse of discretion, keeping in mind that the district court is better positioned to decide whether a case is exceptional, because it lives with the case over a prolonged period of time." (quoting *Highmark*, 572 U.S. at 560, 564)).  "A district court must 'provide a concise but clear explanation of its reasons for the fee award.'" *Thermolife*, 922 F.3d at 1356 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  The party seeking fees must prove that the case is exceptional by a preponderance of the evidence. *Energy Heating*, 15 F.4th at 1382; *see Octane Fitness*, 572 U.S. at 557–58.

## ANALYSIS

Apple argues that Taction's unreasonable tactics during this litigation render this case exceptional under 35 U.S.C. § 285. (*See* Mot. at 1.)  In response, Taction argues that Apple's Motion should be denied because it is premature, illogical, overreaching, and inconsistent with Apple's own behavior during the litigation. (*See* Opp'n at 1–3.)

To support its contention that this is an exceptional case warranting an award of attorney's fees, Apple primarily relies on the fact that the Court granted its Motion for Summary Judgment of non-infringement. (*See* Mot. at 6–11.)  Apple asserts that a grant of summary judgment of non-infringement is a strong indication that a plaintiff's

infringement claims lack substantive strength and are unreasonable. (*See id.* at 6–7, 8 (citing *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6164300, at *6 (C.D. Cal. June 7, 2018); *IPVX Pat. Holdings, Inc. v. Voxernet LLC*, No. 5:13-CV-01708 HRL, 2014 WL 5795545, at *1 (N.D. Cal. Nov. 6, 2014)); *see also* Reply at 7 n.1).

Although a grant of summary judgment of non-infringement means that Taction's claims were ultimately unsuccessful, it does not necessarily mean that the case is exceptional. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-CV-05928-YGR, 2022 WL 17968844, at *3 (N.D. Cal. Oct. 6, 2022) ("[C]laims that are not sufficiently strong to survive summary judgment do not necessitate a finding of an exceptional case."); *Universal Stabilization Techs.*, 2018 WL 6181479, at *4 ("Failure to win on summary judgment is not a basis for an attorney's fee award under § 285."); *see also Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 3460794, at *12 (C.D. Cal. Feb. 16, 2016) ("Even though the Court ultimately disagreed with certain of Enovsys's contentions on summary judgment, it does not necessarily follow that Enovsys's positions were 'objectively baseless' . . . ."). "The strength of a party's litigation position is what is relevant to an exceptional case determination, not the correctness or success of that position." *FireBlok*, 855 F. App'x at 739 (citing *SFA*, 793 F.3d at 1348); *see Pac. Coast Bldg. Prod., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346-LHK, 2021 WL 75755, at *3 (N.D. Cal. Jan. 7, 2021) ("'[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith.'"); *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.' In other words, fees are not awarded solely because one party's position did not prevail." (quoting *Octane Fitness*, 572 U.S. at 548)). As such, in assessing whether the case is exceptional under § 285, what matters is whether Taction's claims were

/ / /

exceptionally weak, not simply the fact that the claims were defeated via a motion for summary judgment of non-infringement.

Considering the totality of the circumstances, this case was a heavily litigated but ultimately run-of-the-mill patent case.  The case was hard fought and contentious, but neither side engaged in any unreasonable or bad faith litigation tactics.  Therefore, it is not an exceptional case under § 285.  *See Octane Fitness*, 572 U.S. at 555 (explaining that an exceptional case is one that "sufficiently set itself apart from mine-run cases" due to "subjective bad faith or exceptionally meritless claims").

In its Motion, Apple notes that "[t]he Federal Circuit has 'frequently held that a case is exceptional when a party continues to litigate claims that have become baseless in view of a district court's claim construction opinion.'"  *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17CV02479GPCDEB, 2023 WL 1767008, at *5 (S.D. Cal. Feb. 3, 2023) (quoting *Innovation Scis., LLC v. Amazon.com, Inc.*, 842 F. App'x 555, 557 (Fed. Cir. 2021)).  But that authority is of no help to Apple.  In making that argument, Apple relies on an inaccurate and distorted view of the record in this action.  For example, Apple asserts that the Court's September 28, 2022 Claim Construction Order "gutted [Taction's] infringement theory across every asserted claim." (Mot. at 2; *see also* Reply at 1–5.)  That is inaccurate.

The Court's entry of summary judgment of non-infringement was based primarily on revised claim constructions that the Court did not issue until the Order on Apple's Motion for Summary Judgment was filed on August 11, 2023.[2]  (*See* ECF No. 378 at 24–42.)  It was not based on any of the original claim constructions contained in the Court's September 28, 2022 Claim Construction Order.  (*See generally* ECF No. 141.)  Taction's claims for patent infringement and its claim construction arguments in support of those claims were not unreasonable or baseless prior to the Court's entry of those revised claim

---

[2]    The Court first raised the possibility of the revised claim constructions when the Court issued its Tentative Revised Claim Construction Order on July 11, 2023.  (ECF Nos. 338, 342.)

constructions.  *See SFA*, 793 F.3d at 1348 ("A party's position on issues of law ultimately need not be correct for them to not stand[] out, or be found reasonable.'  'Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous.'" (quoting *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012))).  Accordingly, this is not a case where the plaintiff continued to litigate claims that became baseless following the issuance of the Court's original Claim Construction Order.[3]

Apple also notes that Taction violated Patent Local Rule 3.1(c) by introducing new theories of infringement in Dr. Oliver's expert report.  (*See* Mot. at 8–10; Reply at 5–7.)  Although the Court held that some of the infringement opinions contained in Dr. Oliver's expert report were improperly disclosed in violation of Patent Local Rule 3.1(c), and the Court struck those opinions, Taction's violation of Patent Local Rule 3.1(c) was not egregious and clearly unreasonable.  On this issue, Taction reasonably argued that it did not need to provide the "how" of the infringement theories at issue because the express language of Patent Local Rule 3.1(c) does not include the word "how."  (*See* ECF No. 333

---

[3]     Indeed, Apple's own litigation conduct in this case supports the notion that Taction's claims were not objectively baseless following the issuance of the Court's original September 28, 2022 Claim Construction Order.  An accused infringer's conduct is a factor that a district court may consider in making an exceptionality determination under § 285.  *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) ("The District Court was well within its discretion to factor in Cook's litigation conduct, because 'the conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant.'" (quoting *Gaymar*, 790 F.3d at 1373)).

In this case, rather than challenge Taction's post-claim construction theories of infringement contained in its final infringement contentions, Apple waited until the pretrial motion cutoff deadline to file its Motion for Summary Judgment of non-infringement, and Apple also attempted to evade the Court's page limits when filing its motion.  (*See* ECF No. 295.)  If Apple truly believed that Taction's claims for patent infringement were frivolous and objectively baseless, it is highly unlikely that Apple would have believed it was necessary to attempt to evade the Court's page limits to file voluminous pretrial motions addressing all of the remaining issues in this case.  In sum, Apple's conduct at the pretrial motion cutoff deadline weighs against finding this case to be exceptional.  *See, e.g.*, *Neville v. Found. Constructors, Inc.*, No. SACV1702507AGAGR, 2019 WL 8195559, at *1 (C.D. Cal. Dec. 2, 2019) (finding case not exceptional where instead of "challeng[ing] Plaintiffs' final infringement contentions," "Defendants continued litigating the matter, including with highly substantive summary judgment motions on the merits of almost all issues in the case").

at 4 n.1.)  The Court rejected that argument based on case law within the Southern District of California interpreting Patent Local Rule 3.1(c).  (*See* ECF No. 378 at 18 n.4 (citing *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12CV1627 JLS NLS, 2013 WL 3894880, at *8 (S.D. Cal. July 26, 2013)).)  But that the Court rejected the argument does not mean that it was unreasonable or baseless.  *See Polaris PowerLED Techs., LLC v. VIZIO, Inc.*, No. SACV181571JVSDFMX, 2022 WL 2189607, at *6 (C.D. Cal. Jan. 18, 2022) ("'Fights over the adequacy of infringement and invalidity contentions are commonplace in patent litigation and are not inherently indicative of unreasonable conduct.'" (quoting *In re Protegrity Corp.*, No. 3:15-MD-02600-JD, 2017 WL 747329, at *6 (N.D. Cal. Feb. 27, 2017))); *Enovsys*, 2016 WL 3460794, at *10 ("Even though the Court found that some theories in Enovsys's expert reports were not encompassed by Enovsys's Infringement Contentions, the mere fact that the Court found that a given theory had not been disclosed does not necessarily mean that the presentation of the theory, or the theory itself, was beyond the range of permissible advocacy.").  Further, although the theories of infringement contained in Dr. Oliver's report were untimely and not properly disclosed because they were not included in Taction's infringement contentions, the theories of infringement contained in the report were reasonable and only became clearly unmeritorious once the Court issued its revised claim constructions during the summary judgment proceedings.[4]

---

[4]  These circumstances render this case easily distinguishable from the *Clinicomp International, Inc. v. Cerner Corp.* case cited by Apple.  In *CliniComp*, the patentee presented four different theories of infringement, all of which failed under the district court's original claim constructions.  *See* No. 17CV02479GPCDEB, 2023 WL 1767008, at *10 (S.D. Cal. Feb. 3, 2023).  Here, by contrast, Taction at most presented two theories of infringement, one of which was reasonable (although improperly disclosed) until the Court issued its revised claim constructions in the Summary Judgment Order.

Further, in *CliniComp*, the plaintiff's claim for infringement was so weak that the defendant prevailed by filing a single, targeted motion for summary judgment of non-infringement challenging the plaintiff's final infringement contentions, prior to the service of expert reports in the case and well before the pretrial motion cutoff deadline.  *See* No. 17CV02479GPCDEB, 2022 WL 16985003, at *7 (S.D. Cal. Nov. 15, 2022).  Here, by contrast, Apple waited until the pretrial motion cutoff deadline and filed voluminous pretrial motions challenging a variety of issues, including non-infringement issues.

1    Apple next argues that Taction's infringement positions related to the "magnets"
2    limitation and the Monolithic products were objectively baseless. (*See* Mot. at 8–10; Reply
3    at 8–9.)   The Court disagrees.   Although the Court did not rule on Taction's theory of
4    infringement as to the Monolithic products in its August 11, 2023 Summary Judgment
5    Order, the Court analyzed the issue in preparing for the hearing of Apple's Motion for
6    Summary Judgment.   Although the theory was likely not properly disclosed in Taction's
7    infringement contentions, Taction's theory of infringement under the doctrine of
8    equivalents as to the Monolithic products and the "magnets" limitation was reasonable and
9    not objectively baseless.

10    Apple also argues that Taction's claim for pre-suit damages was objectively
11    baseless, supporting a finding that the case is exceptional. (*See* Mot. at 11–12; Reply at 9.)
12    Again, the Court disagrees with Apple's characterization of the claim.   On June 15, 2023,
13    the Court denied Taction's Motion for Leave to Amend its Complaint, and the Court held
14    that Taction's proposed marking amendment to support its claim for pre-suit damages
15    failed as a matter of law. (*See* ECF No. 318 at 10–21.)   Although the Court ultimately held
16    that Taction's proposed marking amendment failed as a matter of law, that does not mean
17    that Taction's claim for pre-suit damages was objectively baseless or frivolous.   The
18    Court's analysis of Taction's proposed marking amendment involved consideration of the
19    issue of whether § 287(a) can be applied on a claim-by-claim basis or a patent-by-patent
20    basis, which the Federal Circuit itself has noted is "a novel legal issue not squarely
21    addressed by . . . past decisions," *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
22    853 F.3d 1370, 1384 (Fed. Cir. 2017), and has been the subject of a district court split. (*See*
23    ECF No. 318.)   The Court's decision also involved consideration of the novel issue of
24    whether two non-compliant forms of marking might be sufficient when they are combined.
25    (*See id.* at 20.)   Although the Court ruled against Taction on these two novel legal issues,
26    Taction's arguments in support of those issues were not unreasonable.   *See SFA*, 793 F.3d
27    at 1348 ("A party's position on issues of law ultimately need not be correct for them to not
28    stand[] out, or be found reasonable.").

Finally, Apple argues that Taction's request for injunctive relief was objectively baseless, supporting a finding that the case is exceptional.  (*See* Mot. at 12; Reply at 9.) The parties never litigated this issue in this case, and the Court never rendered a decision on the issue.  The Federal Circuit has "made abundantly clear that district courts have wide latitude 'to refuse to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award.'"  *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (quoting *Thermolife*, 922 F.3d at 1357).  The Court therefore declines to open up the issue and consider Taction's request for injunctive relief as part of the exceptionality determination in this case.  *See also, e.g.*, *Enovsys*, 2016 WL 3460794, at *12 (declining to find case exceptional and noting that "[d]rafting [a] few sentences simply cannot have posed a particularly heavy burden on [defendant], certainly not enough to render this case 'exceptional'").

In sum, Apple won this case, and Taction lost.  But the fact that Taction's claims did not survive summary judgment does not mean that its claims were objectively baseless or that this case was an exceptional one.  As explained above, although ultimately unmeritorious, Taction's claims for patent infringement in this action were reasonable. Accordingly, having considered the totality of the circumstances, the Court declines to find the case to be exceptional under 35 U.S.C. § 285, and, consequently, **DENIES** Apple's Motion.

## CONCLUSION

For the reasons above, the Court **DENIES** Apple's Motion for Attorney's Fees (ECF No. 389).

**IT IS SO ORDERED.**

Dated:  October 17, 2023

_____
Honorable Todd W. Robinson
United States District Judge