UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taction Technology, Inc., Plaintiff, v. Apple Inc., Defendant. | Case No.: **21-cv-00812-TWR-JLB** **ORDER TAXING COSTS** |

Upon application of Apple Inc., a hearing for taxation of costs was held on September 14, 2023. Gavin Kenneth Snyder representing plaintiffs, and Qiuyi Wu, Seth M Sproul, representing defendants, appeared. A Bill of Costs was filed on 8/25/2023 (Doc. 386), and an Opposition was filed on 9/11/2023 (Doc. 394).

**Service of Process**

Costs for service of process are taxable under L.R.54.1.b.1, which also allows that "(c)osts for service of subpoenas are taxable as well as service of summonses and complaints." Defendant requested costs to be taxed for service of subpoenas in the amount of $5,010.35 (Itemized on PageID 18490 and Invoiced on PageIDs 18510-18534). Defendant also included $90 in "rush charge(s)" (PageIDs 18514, 18515). Under the Rule, expedited service fees are "allowable only if the Court ordered service to be

effected on an expedited basis". As such, these charges will be excluded from the taxable total.

**Deposition Costs**

Costs in connection with taking depositions are taxable under L.R.54.1.b.3. Defendant requested costs be taxed for $128,340.23 for deposition transcripts (Itemized on PageIDs 18492-18493) and Invoiced on PageIDs 18536-18586). L.R.54.1.b.3.a,b allows for the costs of an original and one copy of a deposition transcript "necessarily obtained for use in the case". "Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could be reasonable be expected that the deposition be used for trial preparation".

Plaintiff objected to several aspects of these costs. First, Plaintiff argued that seven transcripts should be denied entirely as the corresponding invoices indicated that they were given expedited delivery (PageID 18740-18741). At the hearing Defendant withdrew two of the seven. The others will still be taxable as nothing in the Rule prohibits expedited delivery for transcripts. Plaintiff also objected to many of the line-item costs indicated on the deposition invoices as being outside what is allowed under the Rule (PageIDs 18741-18743). As a result, Defendant withdrew requests for attendance, miscellaneous, and Realtime service fees at the hearing. Costs are taxable for an original and one copy of the deposition transcript. All other costs are not taxed under the Rule.

**Trial Transcripts**

Costs of fees incident to transcripts are taxable under L.R.54.1.b.2. These costs are not normally allowable unless they are "either requested by the court, or prepared pursuant to stipulation". In addition, "(t)he cost of transcripts necessarily obtained for appeal is allowable". Defendant requested $555.70 in costs for transcripts for a Claim Construction and Motion for Summary Judgment Haring (Itemized on PageIDs 18494 and invoiced on PageIDs 18588-18599). Defendant supported these costs by stating that they were necessary for use in the case and argued that courts have awarded transcription costs for important hearings (PageIDs 18501-18502). However, as Defendant was unable

to cite an exception within the Local Rule where these costs would be allowed, they would not be taxable.

**Copy Costs**

L.R.54.1.b.6.a allows for taxation of costs for copies obtained for use in a case if either "1. Copies were provided either to the court or to opposing counsel either by court order, rule or statute", or "2. Copies were used as court exhibits, either admitted into evidence, or attached to a motion." In addition, under L.R.54.1.b.6.c., "the party seeking recovery must present documentary evidence in the form of affidavits describing the documents copied or converted, to whom they were provided, the number of pages copied or converted, and the cost per page or per hour, and the use of or intended purpose for the items copied or converted… In the absence of a specific showing, recovery must be denied". Defendants requested copy costs be taxed in the amount of $1,121.10 for courtesy copies in compliance with Local Rules (Itemized on PageID 18495 and Invoiced on PageIDs 18591-18593). Costs are taxable.

**Demonstratives**

Defendant submitted a request for costs for visual aids used in a hearing (Itemized on PageID 28297, invoiced on PageIDs 28386-28392) in the amount of $3,850.00. These costs were requested as "exemplification"; however the Local Rule allows them under L.R.54.1.b.7.a: "(t)he cost of preparing charts, diagrams, and other visual aids to be used as exhibits is taxable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial." Defendant addressed this by attesting that they "were reasonably necessary to this highly technical case—they were created to assist the Court in understanding the technical issues at hand, and Apple intended to reuse its technology tutorial at trial" (Page18503-18504).

Plaintiff objected to all but $528.26 of the invoiced costs as preparation fees for the intellectual effort, and not for physical preparation, which they cited case law as not taxable under the Local Rule (PageID 18743). While Defendant's invoice does separate billed hours for "development and production", and "rendering service", there is nothing

to indicate that these costs were not for "preparing charts, diagrams, and other visual aids". As such, these costs are taxable.

**Witness Fees**

Witness fees for Depositions are taxable under L.R.54.1.b.3.f: "(f)ees for the witness at the taking of a deposition are taxable at the same rates as for attendance at trial." Witness rates for trial are allowable per L.R.54.1.b.4.a, which allows "per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. §1821". Per 28 U.S.C. §1821, witnesses are entitled to an attendance fee of $40 per day for each day of attendance, as well as a mileage allowance not to exceed the maximum per diem allowance prescribed by the Administrator of General Services. Defendants requested $360 in costs for the attendance fees of nine witnesses (Itemized on PageID 18497, and invoiced on PageIDs 18514-18518, 18520, 18522, 18524, 18533). Costs are taxable.

Costs are taxed as follows:

| ***Description*** | ***Amount(s) Requested*** | ***Amount(s) Taxed*** |
|---|---|---|
| Fees of the clerk | | |
| Fees for service of summons and subpoenas | $5,010.35 | $4,920.35 |
| Fees for printed or electronically recorded hearing transcripts | $555.70 | $0 |
| Fees for printed or electronically recorded deposition transcripts | $128,340.23 | $52,867.35 |
| Fees for witnesses | $360.00 | $360.00 |
| Fees for exemplification and copies | $1,121.10 | $1,121.10 |
| Docket fees under 28 U.S.C. § 1923 | | |
| Costs as shown on mandate of Court of Appeals | | |
| Compensation of court-appointed experts | | |
| Fees for Demonstratives | $9,803.26 | $9,803.26 |
| Other costs as itemized: | | |

| | | |
|---|---|---|
| ***TOTAL COSTS TAXED*** in favor of Apple Inc. | $145,190.64 | $69,072.06 |

Counsel's attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), FRCivP and Local Rule 7.1, shall be served and filed within seven (7) days after receipt of the Order Taxing Costs, or unless within the seven (7) day period the court permits the motion to be made orally.

Dated: February 8, 2024

John Morrill, Clerk of Court

_s/ S. Tweedle________
S. Tweedle, Deputy Clerk