# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 21-CV-812 TWR (JLB) <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF TACTION TECHNOLOGY, INC.'S MOTION TO RE-TAX COSTS; AND (2) ALLOWING SUPPLEMENTAL BRIEFING FROM DEFENDANT APPLE INC.** <br><br> (ECF Nos. 406, 407) |

On February 8, 2024, the Clerk of Court taxed costs in Defendant Apple Inc.'s favor in the amount of $69,072.06.  (*See generally* ECF No. 406.)  Presently before the Court is Plaintiff Taction Technology, Inc.'s Motion to Re-Tax Costs ("Mot.," ECF No. 407), which was timely filed on February 15, 2024, as well as Defendant's Opposition to ("Opp'n," ECF No. 409) and Plaintiff's Reply in Support of ("Reply," ECF No. 410) the Motion.  Although the Motion is noticed for a hearing on April 11, 2024, (*see* ECF No. 408), the Court determines that the Motion is appropriate for resolution on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

/ / /

Through the instant Motion, Plaintiff seeks only to reduce the costs taxed against it by $17,756.40, representing the amount awarded for five expedited deposition transcripts, on the grounds that the cost of expediting the transcripts was not "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2) and Civil Local Rule 54.1(b)(3).[1] Plaintiff contends that "the expedited processing was optional, and the transcripts could have been obtained on a regular schedule instead." (*See* Mot. at 3.) Defendant, on the other hand, claims that the expedited transcripts were necessary because of the "short turn-around to file timely motions citing to that testimony." (*See* Opp'n at 2.) The Court's review is de novo. *See Hesterberg v. United States*, 75 F. Supp. 3d 1220, 1223 (N.D. Cal. 2014) (citing *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000–01 (N.D. Cal. 2005)).

The Court agrees with those that have concluded that "the costs of expedited delivery are not recoverable generally." *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012) (citing *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012)). Defendant, as the party seeking costs, bears the burden of establishing that the costs it is seeking are compensable, *see Hesterberg*, 75 F. Supp. 3d at 1224 (citing *City of Alameda*, 2012 WL 177566, at *1), *i.e.*, that expedited processing of the deposition transcripts in question was truly "necessar[y]." In *Meier v. United States*, for example, the court concluded that "[t]he costs to expedite the depositions . . . were necessary under the circumstances of th[e] cases" where they "were expedited in order to accommodate the tight deposition schedule plaintiff himself requested." *See* No. C 05-04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009). Although Defendant references a "short turn-around to file timely motions" as the basis for requiring expedited transcripts here, (*see*

---

[1] Specifically, Plaintiff challenges the $2,872.95 awarded for the February 9, 2023 deposition of Dr. James Biggs, (*see* ECF No. 396-4 at 20–21), and $2,929.50 awarded for the February 10, 2023 continuation of that deposition, (*see id.* at 18–19); the $4,650.00 awarded for the April 20, 2023 deposition of Dr. James Oliver, (*see id.* at 44–45); the $3,581.55 awarded for the April 26, 2023 deposition of Dr. Patrick Kennedy, (*see id.* at 46–47); and the $3,722.40 awarded for the May 1, 2023 deposition of Dr. Allison Okamura, (*see id.* at 48). (*See* Mot. at 2.)

Opp'n at 2), "nothing in the record shows that depositions could not have been scheduled earlier or that there is something special about timing that should allow expedited delivery costs to be included as 'costs' under 28 U.S.C. § 1920(d)." *See Plantronics*, 2012 WL 6761576, at *6.

Although the Court would be well within its rights to exclude the entirety of the $17,756.40 Plaintiff seeks in light of Defendant's failure to adduce any evidence concerning what portion of those costs is allocable to the expedited service surcharge, there is no dispute that Apple would otherwise be entitled to recover its costs for "an original and one copy of any deposition." *See* S.D. Cal. CivLR 54.1(b)(3)(a). The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion (ECF No. 407) and **RE-TAXES** costs in Defendant's favor as calculated by the Clerk of Court less any surcharges attributable to expediting the transcripts of the depositions of Drs. Biggs, Oliver, Kennedy, and Okamura. Given that the non-expedited transcript service fee appears to be $3.90 per unit, it would appear that Defendant would be entitled to $1,251.90 for the February 9, 2023 deposition of Dr. Biggs and $1,209.00 for the February 10, 2023 deposition of Dr. Biggs;[2] $1,404.00 for the April 20, 2023 deposition of Dr. Oliver;[3] and $1,479.10 for the April 26, 2023 deposition of Dr. Kennedy.[4] Because no units are provided for Dr. Okamura's deposition, however, it is unclear to the Court what portion of the $3,722.40 Defendant seeks is compensable. Accordingly, Apple **MAY FILE** a supplemental submission within <u>seven (7) days</u> of the electronic docketing of this Order calculating the

/ / /
/ / /
/ / /
/ / /

---

[2] Calculated as $3.90 x 321.00 and $3.90 x 310.00, respectively. (*See* ECF No. 396-4 at 18, 20.)

[3] Calculated as $3.90 x 360.00. (*See* ECF No. 396-4 at 44.)

[4] Calculated as $3.90 x 379.00. (*See* ECF No. 396-4 at 46.)

1  costs to which it is entitled once the expedited deposition transcript fees have been
2  subtracted.
3  **IT IS SO ORDERED.**
4  Dated: April 2, 2024

_____
Honorable Todd W. Robinson
United States District Judge