1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


TACTION TECHNOLOGY, INC.,              )
                                       )
            Plaintiff,                 ) Case No. 21-cv-0812-TWR
                                       )
vs.                                    ) San Diego, California
                                       )
APPLE, INC.,                           ) Thursday,
                                       ) October 9, 2025
            Defendant.                 ) 2:38 p.m.
_____)



                REPORTER'S TRANSCRIPT OF PROCEEDINGS

                      APPEAL MANDATE HEARING

            BEFORE THE HONORABLE TODD W. ROBINSON
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:     QUINN EMANUEL URQUHART & SULLIVAN, LLP
                       BY:   LANCE YANG, Esq.
                             JONATHAN TSE, Esq.
                       865 S. Figueroa Street
                       10th Floor
                       Los Angeles, CA  90017

For the Defendant:     FISH & RICHARDSON, P.C.
                       BY:   ROGER DENNING, Esq.
                             JOY KETE, Esq.
                             RYAN O'CONNOR, Esq.
                       12860 El Camino Real
                       Suite 400
                       San Diego, CA  92130


Reported by:   CAMERON P. KIRCHER
               CSR NO. 9427, RPR, CRR, RMR
               333 W. Broadway, Suite 420
               San Diego, CA  92101
               e-mail:  cpkirchercsr@gmail.com


                COMPUTER-AIDED TRANSCRIPTION

2

San Diego, California - Thursday, October 9, 2025

2:38 p.m.

THE CLERK:  Calling 21-cv-812, Taction Technology, Inc. v. Apple, Inc., for an appeal mandate hearing.

Counsel.

MR. YANG:  Lance Yang of Quinn Emanuel on behalf of Taction.  With me I have John Tse of Quinn Emanuel, as well as the CEO of Taction, Mr. John Steinberg, and the named inventor on the asserted patents, Dr. James Biggs.

THE COURT:  Okay.  Good afternoon.

MR. YANG:  Good afternoon.

MR. DENNING:  Good afternoon, your Honor.  Roger Denning of Fish & Richardson, here on behalf of Apple, joined by my colleagues Joy Kete and Ryan O'Connor.  And then I also have my client, Garrett Sakimae and Pete Maggiore, both from Apple.

THE COURT:  Okay.  Good afternoon to all of you as well.

This matter is on calendar for an appeal mandate hearing.  I assume both parties have received the decision from my colleagues on the Ninth Circuit.  The mandate is hereby spread.

Okay.  We need to talk about our path forward in this case.  And I understand the parties have a different view of that path.

COMPUTER-AIDED TRANSCRIPTION

Who would like to go first?

MR. YANG:  Your Honor, Lance Yang for Taction.  We'd be happy to go first, unless you have other thoughts on that.

THE COURT:  Okay.  That's fine.

MR. YANG:  Would you prefer I start from there or go to the podium?

THE COURT:  As long as I can hear you and you have access to a microphone, it's your choice.

MR. YANG:  Thank you, your Honor.

Okay.  Your Honor, so Taction's position is pretty straightforward.  Before this case went up to -- on appeal, there were about two months left between the summary judgment order your Honor issued and trial.  Your Honor had issued a schedule for that, and that's docket 281.

We believe, as far as trial purposes go and pre-trial purposes go, that two-month schedule could still apply.  The only additional thing we'd request is some limited discovery, supplemental discovery on the accused Apple products that have been released since the case was last stayed.

So a brief period -- and we think -- we suspect all of those products largely will operate materially the same as the products already in the case, so we think it's just a matter of confirming that, having the experts confirm that and getting new financial numbers for those new products.

4

THE COURT:  Would that involve a new round of depositions as to the experts?

MR. YANG:  Perhaps, if those parts are materially different.  If technically they are not different, then I don't think technical depositions would be necessary.

Now, if the numbers change, and it's just a matter of updating the damages numbers, I also wouldn't think that that would warrant additional damages expert depositions.  But I don't know how that is going to come out yet.

THE COURT:  Okay.  As to the request for limited additional discovery, do you oppose that?

MR. DENNING:  We don't oppose that discovery.  We think that's appropriate, although I have some caveats that I'm happy to address now or whenever your Honor wants to hear from me on that.

THE COURT:  Okay.  Let's see if we can reach agreement on a number of different things, and then we can figure out where there is an irreconcilable disagreement, and then I'll have to resolve that.

So as to the discovery that's being requested, in principle, you have no objection to it?

MR. DENNING:  That's correct, your Honor.

There is a pending summary judgment motion that your Honor did not rule on because of the grant of the other summary judgment motions.  There are a number of them.  We

5

think that there are three of those that would either eliminate this entirely, two of them would dispose of the case entirely, one of them would severely limit any future discovery into other Apple products.

So we would propose that we pick up where we left off with those summary judgment motions that could dispose of the case immediately or dramatically narrow the case immediately, and if there is a case left after that, then go into fact and expert discovery, including what Taction is proposing.

THE COURT:  Okay.  With regard to the collateral summary judgment motions -- and I'll call them collateral because I found that they need not be resolved, given the way in which I resolved the existing summary judgment motion, what is Taction's position with respect to the appropriateness of having those heard and resolved prior to going forward with any additional discovery?

MR. YANG:  Your Honor, we disagree with that, and let me tell you why.  The reason is because we don't see a reason why they both can't happen at the same time.  So while your Honor is considering the collateral summary judgment motions, at that time we can continue to conduct the supplemental discovery.

And the main reason is because it's a matter of delay and having our clients have their day in court.  We

6

were ready for trial, two months away before.  We don't want to get pushed out too far.

And just to give you a sense, a preview of what that might look like.  Apple is proposing that if we do that, then the trial should be set for fall of 2026, which is over a year away from now.  And I just don't think we need that time.  I think the discovery is likely going to be limited.

If we need more, then maybe we can do it, add more to it and the parties can approach your Honor about that, but for some now, there is no reason why we can't the start immediately while the summary judgment motions are pending.

THE COURT:  Okay.  With regard to the summary judgment motions that Apple is asking me to resolve, would there be any additional briefing with respect to those summary judgment motions at this juncture?

MR. DENNING:  We think that they are complete and your Honor could rule on them.  In particular, let me preview for the Court what those issues are.

One of them is our indefiniteness argument, that the claim as construed, and now as it comes back from the Federal Circuit, is indefinite in scope, and one of ordinary skill in the art would not know whether the product was infringing practicing the claims or not because it's indefinite.

We've briefed that fully.  Perhaps your Honor wants some, you know, ten-page, five-page sort of briefing to

7

address the changes in the construction made at the Federal Circuit.  They eliminated two of the caveats, but there is some of the claim construction that your Honor added in the summary judgment order that is different, not addressed in the previous summary judgment briefing.  So perhaps your Honor wants just some brief briefs on that to explain the status of things going forward.

The second issue is a written description issue. Same sort of thing.  Your Honor in Footnote 5 of the summary judgment order said you're denying that as moot given the other issues.  That comes back as well.  I think the same issue might apply to that.  A small amount of briefing, just to put things in context of the Federal Circuit opinion, but not a whole lot.

The third one relates to the monolithic magnet issue.  The claims require two or more magnets.  A large subset of the accused products have but one magnet.  So we have a summary judgment motion that those should be carved out and found to be noninfringing.

The vast majority of the new Apple products, the as yet not accused Apple products also fall into that category. So we propose, let's decide that issue first before we start producing more documents, taking more depositions that we think are ultimately going to be unnecessary.

There are a few others.  There is a pre-suit damages

8

issue.  There is a *Daubert* issue related to the written description issue.

I have, your Honor, if I could approach, just more importantly than anything, this contains our proposed schedule that your Honor can look at.  If I can approach and give it to your Honor.

THE COURT:  You may.

MR. DENNING:  Our proposed schedule is on page 10 of the slide deck that I just gave your Honor.  And as you can see, we're not expecting this to take a lot of time.

We're proposing November and December.  Obviously, at the Court's convenience, but November and December, we can address the outstanding summary judgment issues and start the discovery in January.  So we're not pushing this off far into the future.  We're trying to do this as prudently as possible.

THE COURT:  Okay.  From Taction, if I was going to require or allow the parties to submit limited additional briefing as to the summary judgment motions, how much time do you think that you would need in order to submit any supplemental briefing, just as to the summary judgment motions that are now live?

MR. YANG:  Yes, your Honor.  I don't think it would take us much time at all.  I agree with counsel.  These are narrow issues that perhaps need some updating.  So whatever

9

your Honor considers reasonable.  I think two weeks, three weeks would be fine with us.

THE COURT:  Okay.  So I agree with both parties actually.  I agree with Taction that a trial in the fall of 2026 would not serve the ends of justice.  Taction deserves their day in court if this case is going to proceed to trial, and the tentative would be to set it much earlier for trial than the Fall of 2026.  However, I also agree with Apple that the summary judgment motions should be resolved before the parties expend resources and engage in additional discovery.

That having been said, if the parties can brief the issues in one or two weeks, the tentative would be to calendar this for a hearing and resolve those issues sometime in November.  Any objection to proceeding in that fashion?

So it takes into -- it's mindful of the fact that Taction wants their day in court sooner rather than later, and I intend to set dates which honors as best I can that particular request.  But I do agree that, in terms of allocation of resources and moving the case forward, that the summary judgment motion should be ruled on, the ones that I deferred, given the earlier decision -- the earlier order that I entered.

MR. YANG:  Understood, your Honor.  Just so I'm clear, are you saying that the hearing would be in November, and then it would be sometime after that to get the order?

COMPUTER-AIDED TRANSCRIPTION

10

THE COURT:  Yes.

MR. YANG:  Okay.

THE COURT:  So our practice is once we hold a hearing, to issue an order within two weeks of that hearing; so that is our sort of default position.

So if I calendar the hearing in November, you could expect an order within two weeks of that hearing.

MR. YANG:  Okay.  Your Honor, at least from Taction's perspective, as a framework, I think that sounds fine, your Honor.

The only thing I'll raise is that lead counsel for this case, Sean Pak, who is not here today because he has a trial, also has a trial in November, the latter half of November.

So I will have to check with our team, but would the first week of December be amenable for the hearing on the summary judgment motion?

THE COURT:  I actually did not come prepared to set it for a particular date, because I wasn't sure what the respective positions of the parties were going to be.

So what I'll do is, if you check on the availability of whoever it is that's going to appear and argue the summary judgment motions, and let us know, I will set it accordingly.

I can let you know that it appears tentatively that I have the following dates available for a hearing.  And if

11

the parties can meet and confer and agree on a particular date. I have November the 13th, November the 20th and December 1st through December the 3rd. It appears as though I'm not in trial those particular dates.

And the briefing would be due two weeks in advance of the hearing.

MR. DENNING: I think we could meet and confer and come up with a schedule that we can give your Honor that would comport with those dates.

THE COURT: Okay. And then the anticipation is is that at our next hearing, when we have the argument on the summary judgment motions, at that point, we can have a more informed discussion about any additional discovery.

It sounds like the parties are in agreement as to that. Perhaps there is an issue with respect to the time frame and the period of that additional discovery, but we can revisit that issue at our next hearing.

MR. DENNING: May I preview one discovery issue for your Honor before that hearing?

THE COURT: Sure.

MR. DENNING: While I do agree that there may be additional discovery on subsequent Apple products, we would also like to have additional discovery related to invalidity in this case.

In particular, the construction that now applies to

12

the claim term at issue from the Federal Circuit is a new claim construction.  It's one that your Honor adopted at summary judgment.  The Federal Circuit took away parts of it, but some new parts are remaining.

And you can see this on slide 13 of my slide deck. You can see the claim term on the left, representative claim term, the Court's original construction in the second column, the summary judgment construction in the third column, and then how it's been remanded from the Federal Circuit.  That portion in green never existed before the summary judgment order.

We have not been able to address that, our expert hasn't been able to say the prior art has the limitation as it's been construed by the Court, or to look for additional evidence of the prior art related to that.

So while Taction is conducting additional discovery into the subsequent Apple products, we would like to be able to have some fact and expert discovery into prior art products as it relates to that claim construction.

THE COURT:  Okay.  At first blush, that would seem to be reasonable.  However, I'm not going to rule and shoot from the hip on that particular discovery issue.

So if there is something that needs to be resolved sooner rather than later, you can of course -- I believe it's Judge Burkhardt who has this case for discovery purposes.  If

COMPUTER-AIDED TRANSCRIPTION

13

you believe it's appropriate for her to resolve the issue, feel free to bring it up with her.  If you'd like me to resolve the issue, I'm happy to resolve it as well.

MR. DENNING:  Thank you, your Honor.  Will do.

MR. YANG:  Thank you, your Honor.  And that's fine with us.

We obviously disagree with opening discovery for invalidity, as you can imagine.  But what you laid out sounds fine with us.  Thank you.

THE COURT:  Okay.  So we will set this matter for a hearing on the summary judgment motions according to the parties' meet-and-confer.  Please communicate that to my chambers as soon as possible.

And I will set the additional briefing -- I'll set a 15-page limit on any additional briefing with regard to the summary judgment motions.  So please make your position as clear as possible.  The briefing so far in this case has been excellent, and I appreciate all of the input from both sides. So please limit it to 15 pages if at all possible.  And we'll hold the hearing on a date that's convenient to both parties.

MR. YANG:  Thank you, your Honor.

MR. DENNING:  Thank you very much, your Honor.

THE COURT:  Okay.  Thank you very much.

(Proceedings concluded at 2:53 p.m.)

--OOO--

COMPUTER-AIDED TRANSCRIPTION

14

C E R T I F I C A T I O N

I hereby certify that I am a duly appointed, qualified and acting official court reporter for the United States District Court; that the foregoing is a true and correct transcript of the proceedings had in the aforementioned cause; that said transcript is a true and correct transcription of my stenographic notes; and that the format used herein complies with the rules and requirements of the United States Judicial Conference.

DATED:  October 16, 2025, at San Diego, California.

S/CAMERON P. KIRCHER
CAMERON P. KIRCHER

COMPUTER-AIDED TRANSCRIPTION