UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.:  21-CV-812 TWR (JLB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 440) |

Presently before the Court is before the Court is Defendant Apple Inc.'s ("Apple's") Motion for Reconsideration ("Mot.," ECF No. 440-1), as well as Plaintiff Taction Technology, Inc.'s ("Taction's") Response in Opposition to ("Opp'n," ECF No. 442) and Apple's Reply in Support of ("Reply," ECF No. 445) the Motion.  The Court heard oral arguments on April 2, 2026.  Having carefully considered the Parties' arguments and the relevant law, the Court **DENIES** Apple's Motion for Reconsideration.

## BACKGROUND

On October 30, 2025, Apple filed its Supplemental Briefing in Support of its Motion for Summary Judgment.  (*See* ECF No. 423 (public) (ECF No. 422 (sealed)), "Apple Suppl. MSJ.")  With respect to additional discovery, Apple stated:

> Taction has requested supplemental discovery on Apple products released
> since the case was stayed. Apple does not oppose this request (subject to

summary judgment as to the Monolithic Products) if Apple is allowed to serve updated invalidity contentions and expert reports to address Dr. Oliver's new infringement theory and the new claim construction. Specifically, Apple requests an opportunity to: (1) add new prior art (and take corresponding third-party discovery); and (2) add the iPhone 6/6+ as anticipatory prior art, including testing them according to Dr. Oliver's new theory.

(*Id.* at 12.)  On January 30, 2026, the Court denied Apple's requests for additional discovery.  (*See* Suppl. MSJ Order at 32.)  Specifically, the Court denied Apple's request to add the iPhone 6/6+ as anticipatory prior art because the Court had already precluded Apple from asserting at trial that these particular devices satisfy the ferrofluid limitations and anticipate the asserted claims and also denied Apple's request on grounds that the Federal Circuit concluded Taction properly disclosed its infringement theories.  (*Id.* (citations omitted).)

On February 27, 2026, Apple filed a Motion for Reconsideration requesting the Court reevaluate its denial of "Apple's request for additional discovery to address the impact of the new, post-remand claim construction on Apple's invalidity defenses." (Mot. at 5.)  Specifically, Apple contends that the Federal Circuit's opinion—and thus the Court's post-remand summary judgment order (*see* Suppl. MSJ Order)—"broadened significantly" the scope of the asserted claims, and that this broader construction makes relevant certain prior art that was not subject to discovery.  (Mot. at 5.)  Thus, Apple asks this Court to reconsider its denial of Apple's discovery request as it relates to "the new claim construction".[1]  (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1]    Apple states its "request does not relate to the iPhone 6/6 Plus, as Apple understands the Court has directly addressed discovery related to the iPhone 6/6 Plus." (Mot. at 13.)  Accordingly, the Court does not revisit—and thus maintains—its denial of Apple's request to add the iPhone 6/6+ as anticipatory prior art.  (*See* Suppl. MSJ Order at 32.)

21-CV-812 TWR (JLB)

(2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Consequently, reconsideration is appropriate in only limited circumstances, such as where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263; *see also* S.D. Cal. CivLR 7.1(i)(1) (requiring any party moving for reconsideration "to present to the judge . . . an affidavit . . . setting forth the material facts and circumstances surrounding each prior application, including *inter alia*: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  A party seeking reconsideration may not raise new arguments or present new evidence if it could have reasonably raised them earlier.  *See id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Nor may a motion for reconsideration be used to ask a court "to rethink what the court had already thought through—rightly or wrongly." *See Schertzer v. Bank of Am., N.A*, No. 19-CV-264 JM (MSB), 2021 WL 5849822, at *1 (S.D. Cal. Dec. 9, 2021) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden").  Instead, a motion for reconsideration is appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence.  *See School Dist. No. 1J,* 5 F.3d at 1263.

21-CV-812 TWR (JLB)

Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## DISCUSSION

Apple contends reconsideration is warranted because "[t]he Court's order addressed only the new infringement theory argument, not the new claim construction argument." (Mot. at 14.)  However, the entirety of Apple's "new claim construction argument" in its Supplemental Briefing constitutes no more than those mere four words. (*See* Apple Suppl. MSJ at 10.)  The Court is unpersuaded by Apple's assertion that its request "to address Dr. Oliver's new infringement theory and *the new claim construction*" (emphasis added) equates to Apple "expressing referr[ing] to Construction 3 as a basis for its additional discovery request." (*Compare* Apple Suppl. MSJ at 10, *with* Mot. at 13–14.)  Because the Court cannot *re*consider an argument it was never presented with, the Court **FINDS** Apple's Motion is procedurally improper.  *See Kona Enters., Inc.*, 229 F.3d at 890; *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2000) ("Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling.")

## CONCLUSION

In light of the foregoing, Apple's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated:  April 3, 2026

_____
Honorable Todd W. Robinson
United States District Judge

4

21-CV-812 TWR (JLB)