UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC., Plaintiff, v. APPLE INC., Defendant. | Case No.: 21-CV-812 TWR (JLB) **ORDER (1) GRANTING DEFENDANT'S *EX PARTE* MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS; (2) DENYING SUMMARY JUDGMENT OF NO WILLFULNESS; (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SUPPLEMENT ITS RECORD ON APPORTIONMENT; (4) DENYING PLAINTIFF'S MOTION TO BIFURCATE; AND (5) GRANTING MOTIONS TO FILE UNDER SEAL** (ECF Nos. 529, 557, 579, 580, 582, 583, 584, 589) |

Presently before the Court is Defendant Apple Inc.'s ("Apple's") *Ex Parte* Motion Motion for Leave to file Motion for Summary Judgment of No Willfulness ("Apple Mot.," ECF No. 557), as well as Plaintiff Taction Technology, Inc.'s ("Taction's") Response in Opposition to ("Taction Opp'n," ECF No. 581) Apple's *Ex Parte* Motion; Apple's Motion

for Summary Judgment of No Willfulness ("MSJ," ECF No. 557-1), as well as Taction's Response in Opposition to ("MSJ Opp'n," ECF No. 581-3 (public), ECF No. 580-1 (sealed)) Apple's Proposed Motion for Summary Judgment; and Taction's Notice of Supplemental Evidence in Support of Its Response in Opposition to Apple's Motion for Summary Judgment (ECF No. 594), as well as Apple's Objection to (ECF No. 595) Taction's Notice of Supplemental Evidence. Also before the Court is Taction's *Ex Parte* Motion for (1) Leave to Supplement Its Record on Apportionment and, Alternatively, (2) Bifurcation ("Taction Mot.," ECF No. 584 (public), ECF No. 583 (sealed)), as well as Apple's Response in Opposition to ("Apple Opp'n," ECF No. 590) the Motion. The Court heard oral arguments on August 27, 2026. (*See* ECF No. 593.)

Additionally before the Court are Taction's Motion to File Under Seal (ECF No. 579) certain documents filed in support of its Response in Opposition to Apple's *Ex Parte* Motion for Leave to File Motion for Summary Judgment of No Willfulness; Taction's Motion to File Under Seal (ECF No. 582) portions of as well as certain documents filed in support of its *Ex Parte* Motion to (1) Leave to Supplement Its Record on Apportionment and, Alternatively, (2) Bifurcation; and Apple's Renewed Motion to File Under Seal (ECF No. 589) certain documents filed in support of its *Ex Parte* Motion for an Additional Deposition of Dr. Allison Mariko Okamura and For Leave to File an Additional Motion to Strike. The Court takes the Parties' Motions to Seal under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Having carefully considered the relevant law, the Parties' argument, and the record, the Court **GRANTS** Taction's *Ex Parte* Motion for Leave to File Motion for Summary Judgment of No Willfulness and **DENIES** Taction's Motion for Summary Judgment of No Willfulness. Additionally, the Court **GRANTS IN PART** and **DENIES IN PART** Taction's Motion for Leave to Supplement Its Record on Apportionment, **DENIES** Taction's Motion to Bifurcate, and **GRANTS** the Parties' Motions to Seal.

/ / /

/ / /

## APPLE'S *EX PARTE* MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT (AND MOTION FOR SUMMARY JUDGMENT)

### I. Background

On August 11, 2026, the Court granted Apple's Motion in Limine ("MIL") 2 in which Apple moved to exclude the following with respect to Taction's willfulness allegations: (1) evidence relating to a pre-issuance review of Taction's Kannon headphones; (2) evidence of a post-suit review of Corsair's headphones; and (3) evidence of patent listings on Taction's website. (*See* ECF No. 545 ("MILs Or.") at 30–31, ECF No. 507 ("Apple MILs") at 27–32.) Thereafter, while the Parties were preparing their proposed jury instructions, a dispute arose as to whether willfulness was still a "live issue" in this case. (*See* Apple Mot. at 3.) In sum, the Parties appear to agree that "Taction has dropped its pre-suit willfulness infringement case entirely and will proceed only on a theory of post-suit willfulness." (*See id.*) Apple disputes, however, whether Taction has sufficient evidence to support its theory of post-suit willfulness. (*See id* at 5–6; *see generally* MSJ.)

On August 18, 2026, Apple filed an *Ex Parte* Motion Seeking Leave to File a Motion for Summary Judgment of No Willful Infringement. (*See* Apple Mot.) Apple attached its proposed Motion for Summary Judgment to its *Ex Parte* Motion. (*See* MSJ.) On August 24, 2026, Taction filed a Response in Opposition to Apple's *Ex Parte* Motion (*see* Taction Opp'n) along with its proposed Response in Opposition to Apple's Motion for Summary Judgment (*see* MSJ Opp'n).

### II. Legal Standards

#### *A. Leave to File an Additional Motion for Summary Judgment*

Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Thus, leave to file an additional[1] motion for summary

[1] The Court has already considered two of Apple's motions for summary judgment: one pre-appeal and one post-appeal. (*See* Docket.)

judgment at this stage in the case requires a showing of "good cause." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) (citations omitted) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *see Greenawalt v. Sun City W. Fire Dist.*, 250 F. Supp. 2d 1200, 1206–07 (D. Ariz. 2003) (applying Rule 16(b) in the context of an additional motion for summary judgment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 604.

***B. Summary Judgment***

A party may move for summary judgment as to a claim or defense or part of a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although materiality is determined by substantive law, "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When considering the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence

which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *see also Anderson*, 477 U.S. at 248. Accordingly, the non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] upon mere allegations or denials of his pleading." *Anderson*, 477 U.S. at 256.

## III. Discussion

### *A. Apple's* Ex Parte *Motion for Leave*

Taction opposes Apple's *Ex Parte* Motion for Leave on grounds that it "arrives over three years after the 2023 deadline for summary judgment motions. (Taction Opp'n at 2 (citing ECF No. 281 at 1).) Apple generally does not dispute Taction's arguments concerning timeliness. (*See generally* Apple Mot.) Instead, Apple argues the Court should allow it to file its belated Motion for Summary Judgment for four reasons:

First, Apple argues it was diligent because it filed its *Ex Parte* Motion for Leave "promptly upon learning on August 11, 2026, . . . that Taction had dropped its pre-suit willfulness case and intended to proceed solely on post-suit willfulness." (Apple Mot. at 4.) Considering it is undisputed that Apple has been on notice of Taction's intent to pursue post-suit willfulness (*see generally id.*), the Court is unpersuaded.

Second, Apple argues there is no unfair prejudice to Taction in allowing its Motion for Summary Judgment to proceed because "it is Taction's own choice to drop pre-suit

willfulness and pursue post-suit willfulness on the eve of trial that drives Apple's current request." (*Id.* at 5.) Not so. The Court granted ***Apple's*** request to exclude certain evidence concerning Taction's pre-suit willfulness suit. (*See* MILs Or. at 30–31.) Thus, it was not Taction's "own choice" to thereafter solely pursue post-suit willfulness; rather, it was Apple who set it in motion via its MIL 2. (*See* Apple MILs at 27–32.)

Third, Apple argues that addressing this issue now will "streamline" the issues for presentation at trial because "there is no reason for the jury to hear about post-suit willfulness based solely on Apple not pulling the accused products off the market after the Complaint was filed." (Apple Mot. at 5 (citing *Arbmetrics, LLC v. Dexcom Inc.*, No. 18-cv-00134-JLS-KSC, 2019 WL 12473781, at *4 (S.D. Cal. Feb. 19, 2019) (acknowledging that "continuing post-suit manufacturing and sales . . . cannot be the sole evidence to support a willful infringement claim")).) For the reasons explained below with respect to Apple's Motion for Summary Judgment, *see infra* Section III.B, the Court rejects this argument.

Finally, Apple argues that "post-suit willfulness will introduce significant evidentiary issues at trial that can be avoided if Apple's summary judgment is granted." (Apple Mot. at 6.) To resolve these evidentiary concerns, the Court excludes from trial any evidence to support Taction's post-suit willfulness allegations to the extent it concerns Apple's conduct during a specified period of time. *See supra* Section III.B.

Although the Court is inclined to agree with Taction that "Apple's proposed motion raises no changed circumstances that warrants granting leave now," (Taction Opp'n at 2), it is the Court's preference to resolve issues on the merits. Thus, the Court considers Apple's proposed Motion for Summary Judgment of No Willfulness.

### *B. Apple's Motion for Summary Judgment*

Apple contends that "Taction's only specific allegation of post-suit willfulness concerns Apple's outside counsel's purchase of the Corsair HS60 headphone after this case was filed." (MSJ at 7 (citing ECF No. 490-7 at 52).) Apple then concludes that, because the Court excluded this evidence by granting Apple's MIL 2, "Taction's remaining post-

suit willfulness case rests entirely on Apple's continued sale of its accused products." (*Id.* at 7 (citations omitted).) In response, Taction argues that additional evidence exists to support its post-suit willfulness theory. (*See* MSJ Opp'n at 7.) Taction also argues that Apple's application of a heightened standard to show willfulness is outdated and incorrect. (*See id.*)

The Court begins with the Parties' arguments concerning the standard for willfulness. Specifically, the Parties dispute whether "egregious conduct" is required. (*See* MSJ Opp'n at 8–9.) Taction argues it is not. (*Id.* at 9 (citations omitted).) Indeed, the Federal Circuit has clarified that it did not "inten[d] to create a heightened requirement for willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). Rather, "the concept of willfulness requires a jury to find no more than deliberate or intentional infringement." *Id.* (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)) (additional citation and internal quotations omitted)); *see also Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 665 F. Supp. 3d 1214, 1227 (S.D. Cal. 2023) (rejecting defendants' motion to dismiss a claim for willful infringement on grounds that plaintiffs failed to allege "egregious conduct"). The Court therefore agrees with Taction that "egregious conduct" is not required to prove willfulness. Accordingly, to establish willfulness, Taction need only show that Apple "had a specific intent to infringe at the time of the challenged conduct." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 955 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1181 (2025) (quoting *BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022)).

Taction contends that the following evidence supports a finding of post-suit willfulness: (1) that Apple designed, manufactured, marketed, and launched twenty new Accused Products and began selling standalone Taptic Engines directly to consumers after the complaint was filed; (2) the fact that Apple made no attempt to design around the Asserted Patents (*i.e.*, that Apple did not implement any of the non-infringing alternatives it identified since the complaint was filed); and (3) that Apple failed to internally circulate

the Asserted Patents among its designers. (MSJ Opp'n at 13–17.) Taction argues that this evidence, along with expert testimony at trial (*see id.* at 17–18), is sufficient to demonstrate post-suit willfulness. (*See id.* at 20 ("Willfulness in this case will turn on what Apple's own witnesses say about what Apple knew and what Apple decided across five years and twenty product launches.")

According to the Federal Circuit, "the factual components of the willfulness question should be resolved by the jury." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989) ("Willfulness of behavior is a classical jury question of intent. When trial is had to a jury, the issue should be decided by the jury.")) (additional citations omitted). Considering post-filing conduct alone can serve as the basis of a jury's willfulness finding, *see Apple Inc. v. Samsung Elecs. Co.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal 2017); *accord Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 1:17-CV-00770-JDW-MPT, 2024 WL 51010, at *7 (D. Del. Jan. 4, 2024), and considering Taction sets forth evidence other than Apple's continued infringement as support for its willfulness allegations, the Court **FINDS** summary judgment as to willfulness inappropriate.[2]

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Apple's *Ex Parte* Motion Seeking Leave to File a Motion for Summary Judgment of No Willful Infringement and **DENIES** Apple's Motion for Summary Judgment of No Willfulness.

/ / /

---

[2] Apple is by no means precluded from moving for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 if the evidence Taction presents at trial is insufficient to establish deliberate or intentional infringement. *See Provisor Technologies, Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024) (citing *Bayer v. Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("We have held 'knowledge of the asserted patent[s] and evidence of infringement is necessary, but not sufficient, for a finding of willfulness.'")). The Court may address the appropriateness of any awarded damages related to post-suit willfulness, in particular, from the date the Court granted Apple's motion for summary judgement to the date the Federal Circuit issued its opinion reversing the grant of summary judgement, after a verdict is reached.

## TACTION'S *EX PARTE* MOTION FOR (1) LEAVE TO SUPPLEMENT ITS RECORD ON APPORTIONMENT AND, ALTERNATIVELY, (2) BIFURCATION

### I. Background

On August 11, 2026, the Court granted Apple's request to exclude the technical apportionment opinions of Taction's expert, Dr. James Oliver. (MILs Or. at 28–29.) Dr. Oliver's excluded opinions included "attempts to isolate the contribution of the [A]sserted [P]atents to Apple's [A]ccused [P]roducts and to [Taction's] Corsair HS60 headset." (ECF No. 491 ("Apple MILs") at 21 (citing ECF No. 298-2 ("Oliver Corr. Rep.") ¶¶ 1233–45).)

Regarding Apple's Accused Products, Dr. Oliver relied upon testimony from an Apple witness, Dr. Jere Harrison. (*See* MILs Or. at 28.) In a *Daubert* motion, Apple argued Dr. Oliver's opinion was unreliable because Dr. Harrison referred only to the iPhone 7 (*i.e.*, a non-accused and untested product). (Apple MILs at 21.) As support, Apple pointed the Court to Docket No. 298-3, a seven-page excerpt of Dr. Harrison's 2023 deposition testimony, which Apple alleged Dr. Oliver relied upon. (*See* MILs Or. at 29 (citations omitted).) Taction disputed that Dr. Harrison's testimony was limited to the iPhone 7. (*See id.* at 28–29 (citations omitted).) In granting Apple's request to exclude Dr. Oliver's technical apportionment opinions as to the Accused Products, the Court explained that "[w]ithout additional context surrounding Dr. Harrison's testimony, based on the record before it, the Court is unable to determine whether [Dr.] Harrison exclusively discusses the iPhone 7." (*Id.* at 29.)

Regarding Taction's Corsair HS60 headset (the "Licensed Corsair Product"), Apple argued "Dr. Oliver's attempt to isolate the contributed of the Asserted Patents to the Licensed Corsair Product—which forms part of the basis of his 'technical apportionment' opinion, upon which Dr. [Patrick] Kennedy relies—is unreliable because Dr. Oliver relies upon the non-disclosed testing and unrecorded conversations with Dr. Biggs." (*Id.* at 29 (citing Apple MILs at 21).) In granting Apple's *Daubert* motion, the Court explained that "based on the record before it, the Court is unable to determine whether Dr. Biggs' tests . . . were reliable." (*Id.* (citations omitted).) Further, because Dr. Kennedy relied on Dr.

Oliver's technical apportionment opinions in reaching his reasonable royalty opinions (*see* Apple MILs at 22–24), the Court additionally granted Apple's motion to exclude Dr. Kennedy's opinions. (MILs Or. at 29–30.)

On August 25, 2026, Taction filed its *Ex Parte* Motion for (1) Leave to Supplement Its Record on Apportionment and, Alternatively, (2) Bifurcation. (*See* Mot.) That same day, Taction served upon Apple supplemental expert reports containing the following:

1) Dr. Oliver's citations to additional excerpts from Dr. Harrison's deposition testimony outside of ECF No. 298-3 (*i.e.*, to show that Dr. Harrison's testimony was not limited to the iPhone 7);
2) Dr. Oliver's supplemental technical apportionment opinions performing his own testing to support his pre-existing Q-Factor analysis (*i.e.*, to show Dr. Oliver's opinions no longer rely on Dr. Biggs'); and
3) Dr. Kennedy's supplemental reasonable royalty opinions (*i.e.*, incorporating Dr. Oliver's supplemental opinions)

(*See* Mot. at 6–7 (citations omitted).) Apple filed its Response in Opposition to Taction's *Ex Parte* Motion on August 26, 2026. (*See* Opp'n.)

## II. Legal Standards

### *A. Leave to Serve Supplemental Expert Reports*

Belated disclosures, including amended expert reports that are governed by Federal Rule of Civil Procedure 26(e), are permitted provided the failure to timely disclose was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). In the context of expert opinions regarding the apportionment of damages in patent infringement cases, district courts have exercised discretion to allow a party to serve supplemental expert reports after excluding an expert's opinion in a *Daubert* ruling. *See, e.g.*, *IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, 2020 WL 5106845, at *15 (N.D. Cal. Aug. 31, 2020); *Ford Motor Co. v. Versata Software, Inc.*, No. 15-11624, 2018 WL 4282740, at *7 (E.D. Mich. Sept. 7, 2018); *Prism Technologies, LLC v. Sprint Spectrum L.P.*, No. 8:12CV123, 2015 WL 350503, at *2–3 (D. Neb. Jan. 23, 2015); *Digital Reg of Texas, LLC v. Adobe Systems,*

*Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *4 (N.D. Cal. Aug. 19, 2014); *Golden Bridge Technology v. Apple, Inc.*, No. 5:12-CV-04882-PSG, 2014 WL 2194501, at *7 (N.D. Cal. May 18, 2014). In deciding whether to permit a damages expert's supplemental apportionment opinions, courts may consider (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; (4) the erring party's bad faith or willfulness; and (5) the importance of the excluded evidence. *See Prism Technologies*, 2015 WL 350503, at *1 (citing *Sibley v. Sprint Nextel Corp.*, No. 08–2063–KHV, 2013 WL 1819773, at *7 (D. Kan. April 30, 2013)).

***B. Bifurcation***

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials. *See Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997), *dismissed on other grounds* 185 F.3d 878 (Fed. Cir. 1998); *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D.N.C. 1998); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) (all holding same). In sum, "[a] decision on bifurcation must be based on the circumstances of the individual case at issue, and is left to the discretion of the district court." *Gardco Mfg., Inc. v. Herst Lighting Co.,* 820 F.2d 1209, 1212 (Fed. Cir. 1987). Rule 42(b) further provides that "[w]hen ordering a separate trial, the court must preserve any federal right to a jury trial." Thus, bifurcation "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931) (collecting cases). For patent infringement cases, while bifurcation of liability

/ / /

and damages may be appropriate under certain circumstances, it is generally the exception, not the rule. *See Real*, 195 F.R.D. at 620–21 (collecting cases).

## III. Discussion

### *A. Taction's Ex Parte Motion for Leave to Serve Supplemental Expert Reports*

Taction argues it should be granted leave to serve its second supplemental expert reports because the Court's exclusion of Dr. Oliver's and Dr. Kennedy's opinions "was based on deficiencies in the record, not on the methodological flaw that might require a supplement containing a new theory." (Taction Mot. at 6.) Taction contends that Dr. Oliver's and Dr. Kennedy's methodologies would remain the same and the supplement "would introduce no new product features, no new comparable license, no new macroeconomic variables[,] and no new reasonable royalty calculations." (*Id.* at 11.) Taction further contends "[i]t will make Dr. Oliver and Dr. Kennedy available for deposition on a schedule the Court sets, will not oppose responsive supplemental reports, and does not object to Apple raising any further *Daubert* challenge by motion in limine." (*Id.* at 17–18.) In response, Apple argues that Taction fails to prove substantial justification or harmlessness for submitting its belated disclosures. (*See* Apple Opp'n at 10.) Apple contends that Taction's proposed supplement goes beyond curing the record, and that Taction may not "rehabilitate" its expert with new opinions or a new methodology simply because the Court excluded its prior ones. (*See id.* at 9–11.)

#### *1. Dr. Oliver's Second Supplemental Expert Report Regarding Technical Apportionment*

Regarding Dr. Oliver's citations to additional excerpts from Dr. Harrison's deposition testimony, Apple argues that the newly cited portions do not provide the required context because "they do not even mention the Q-factor of any accused or unaccused product, much less the effect of ferrofluid damping on the Q-factor." (*Id.* at 13.) But this stretches beyond the problem Apple identified in its original *Daubert* motion. (*See* Apple MILs at 21.) Apple specifically argued that Dr. Oliver's citations to Dr. Harrison's deposition testimony were conclusory and incomplete because the citations "refer[red]

only to developmental iPhone 7 models, which are not accused products and have not been analyzed by Dr. Oliver." (*Id.*) Thus, the Court granted Apple's *Daubert* motion because it was "unable to determine whether [Dr.] Harrison exclusively discusses the iPhone 7." (MILs Or. at 29 (citation omitted).) Based on the additional testimony provided, Dr. Harrison discussed additional—and accused—products. (*See* ECF No. 583-1 ("Harrison Depo.") at 7:10–13 ("I worked on the haptic module in the iPhone 7 Plus, the iPhone 8 Plus, the iPhone 11 Pro, the iPhone 12 Pro and 12 Pro Max, the Apple Watch that was launched two years ago . . ."); *see also* ECF No. 583-2 ("Oliver Supp. Rep.") at 26 ("Separately, and although my opinion does not depend on it, Dr. Harrison's quality-factor testimony was in my view not limited to the iPhone 7.").) Accordingly, the Court finds that the supplementation to "cure the record" is harmless. The Court therefore **GRANTS** leave for Taction to serve Dr. Oliver's second supplemental expert report to the extent his opinions rely on additional excerpts from Dr. Harrison's deposition testimony.

Regarding Dr. Oliver's supplemental technical apportionment opinions performing his own testing, Apple argues that Dr. Oliver substituted a brand-new, never-disclosed experiment for Dr. Biggs' testing. (Apple Opp'n at 12.) The fact that Dr. Oliver performed his own form of testing does not alone establish that it is unreliable. However, the Court must still determine whether the proponent of the expert testimony has put forth sufficient evidence to establish that his methodology is sound and the results reliable. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010). Doing so would necessitate additional depositions as well as an opportunity for Apple to submit an additional *Daubert* challenge. Considering trial is only a couple of weeks away, the Court agrees with Apple that this supplement is neither substantially justified nor harmless. Thus, the Court **DENIES** leave for Taction to serve Dr. Oliver's second supplemental report to the extent his opinions rely on his new testing.

*2. Dr. Kennedy's Second Supplemental Expert Report*

Regarding Dr. Kennedy's supplemental reasonable royalty opinions, the same issue is once again before the Court: whether the opinions upon which Dr. Kennedy relies—that

is, Dr. Oliver's new technical apportionment opinions—are reliable. (*See* Taction Mot. at 7; MILs Or. at 30–31.) The Court **GRANTS** leave for Taction to serve Dr. Kennedy's second supplemental report only to the extent Dr. Kennedy's opinions rely on the portions of Dr. Oliver's second supplemental report the Court found harmless. *See supra* Section III.A.1.

***B. Taction's Motion for Bifurcation***

Taction alternatively argues that "[if] the Court concludes that the supplemental reports cannot be completed and tested before September 14, the answer . . . is try liability now and damages later." (Mot. at 18.) Apple opposes bifurcation, arguing that liability and damages are substantially interwoven. (Opp'n at 16.) Apple points out, for example, that "the entire basis of Dr. Oliver's apportionment (ferrofluid versus the closed-loop controller in the Accused Products, and ferrofluid versus the '139 notch filter in the Corsair product) implicates the core infringement dispute (whether the accused products have a highly damped output)." Considering the relatedness between the issues of liability and damages in this case, the Court **DENIES** Taction's Motion to Bifurcate. *See Gasoline Prods. Co.*, 283 U.S. at 500.

**IV. Conclusion**

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Taction's Motion for Leave to Serve Supplemental Expert Reports. The Court also **DENIES** Taction's Motion to Bifurcate.

**THE PARTIES' MOTIONS TO SEAL**

**I. Taction's Motions to Seal (ECF Nos. 579, 582)**

Taction contends that "compelling reasons" exist to file under seal the following documents filed in support of its Opposition to Apple's *Ex Parte* Motion for Leave to File Motion for Summary Judgment of No Willfulness (the "Opposition"): Exhibit A (Taction's Opposition to Apple's Motion for Summary Judgment of No Willfulness; Exhibit 1 (Apple's Supplemental Responses to Taction's Second Set of Interrogatories (Nos. 9, 10, 12), served in this action on January 6, 2023; and Exhibit 3 (Deposition transcript of Dr.

Shingo Yoneoka, (Vol. II), taken in this action on May 22, 2026, as well as portions of its *Ex Parte* Motion for (1) Leave to Supplement Its Record on Apportionment and, Alternatively, (2) Bifurcation (the "*Ex Parte* Motion") and accompanying Exhibits 1, 3, and 4. (*See* ECF No. 579 at 2; ECF No. 582 at 2). According to Taction, Exhibits A, 1, and 2 filed in support of its Opposition as well as the identified portions of its *Ex Parte* Motion and accompanying Exhibits 1, 3, and 4 contain Apple's confidential business information or confidential technical information concerning Apple's accused products, such as product code names. (ECF No. 579 at 3–4; ECF No 582 at 3–4.) Taction's counsel has confirmed that Apple does not oppose this Motion to Seal. (ECF No. 579 at 4; ECF No 582 at 5.)

Upon a close review of the limited proposed redactions, the Court concludes that Taction has demonstrated compelling reasons to file under seal Exhibits A, 1, and 2 filed in support of its Opposition as well as the identified portions of its *Ex Parte* Motion and accompanying Exhibits 1, 3, and 4. *See, e.g.*, *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 19-CV-970 JLS (AHG), 2021 WL 1966121, at *2 (S.D. Cal. Apr. 12, 2021). Accordingly, the Court **GRANTS** Taction's Motion to Seal (ECF Nos. 579, 582).

**II. Apple's Renewed Motion to Seal (ECF No. 589)**

Apple contends that "compelling reasons" exist to file under seal Apple's Renewed Motion to File Under Seal (ECF No. 589) the following documents filed in support of its *Ex Parte* Motion for an Additional Deposition of Dr. Allison Mariko Okamura and For Leave to File an Additional Motion to Strike: Exhibits 1, 2, 3, and 7. (*See* ECF No. 589 at 3.) Apple contends that "Taction has informed Apple that the proposed redactions contain confidential technical information concerning Taction's product research and development." (*Id.*) Upon a close review of the limited proposed redactions, the Court concludes that Apple has demonstrated compelling reasons to file under seal Exhibits 1, 2, 3, and 7. *See, e.g.*, *Orthopaedic Hosp.*, 2021 WL 1966121, at *2. The Court therefore **GRANTS** Apple's Motion to Seal (ECF No. 589).

/ / /

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Apple's *Ex Parte* Motion for Leave to File Motion for Summary Judgment of No Willfulness, **DENIES** Apple's Motion for Summary Judgment of No Willfulness, and **GRANTS IN PART** and **DENIES IN PART** Taction's Motion for Leave to Supplement Its Record on Apportionment, and **DENIES** Taction Motion to Bifurcate. Additionally, the Court **GRANTS** the Parties' Motions to Seal (ECF Nos. 579, 582, 589). The Clerk of Court **SHALL FILE UNDER SEAL** the documents previous lodged under seal at ECF Nos. 529, 580, and 583.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Honorable Todd W. Robinson
United States District Judge