Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:21-cv-00812-TWR-JLB<br><br>**DEFENDANT APPLE INC.'S TRIAL BRIEF RE ENFORCEMENT OF COURT'S ORDERS [DKT. NOS. 545 AND 599]**<br><br>**PUBLIC VERSION**<br><br>District Judge: Hon. Todd W. Robinson<br>Magistrate Judge: Jill L. Burkhardt<br><br>Trial: September 14, 2026 |

# TABLE OF CONTENTS


I. INTRODUCTION ....... 1

II. BACKGROUND ....... 3

A. The Court Excluded Dr. Oliver's Technical Apportionment and Dr. Kennedy's Reasonable Royalty ....... 3

B. The Supplementation Order Permitted Only the Harrison Excerpts and Denied the Corsair-Side Cure ....... 5

C. Dr. Kennedy's Rate Depends on Apportioning the Corsair License Through Dr. Oliver's Excluded Corsair Analysis ....... 5

III. ARGUMENT ....... 7

A. Dr. Kennedy's Reasonable-Royalty Opinion Is Excluded, and the Supplementation Order Did Not Lift That Exclusion ....... 7

B. Without the Excluded Corsair Apportionment, Dr. Kennedy Cannot Apportion the Corsair License to the Asserted Patents and Cannot Offer a Reasonable Royalty ....... 7

1. Dr. Kennedy Cannot Isolate the Asserted Patents in the Corsair License Without the Excluded Corsair Apportionment ....... 9

2. Dr. Kennedy Cannot Compare the Patented Technology's Value in Apple's Products to Its Value in Corsair Without the Excluded Corsair Apportionment ....... 10

3. The Surviving Deposition Testimony Cannot Supply Either Step, and Any Recast Is a New, Undisclosed Theory ....... 10

C. Because Dr. Kennedy Has No Admissible Royalty Opinion, He Should Not Testify as a Conduit for Inadmissible Hearsay or Other Excluded Evidence ....... 12

D. Taction's Untimely New Kennedy Demonstratives Should Be Excluded ....... 14

E. The Court Should Also Not Permit Taction to Circumvent Its Orders Through Fact Witnesses or Attorney Argument .................................. 16

IV. CONCLUSION ..................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpha & Omega Semiconductor Ltd. v. Force MOS Tech. Co.*,
2026 WL 2161197 (N.D. Cal. July 27, 2026) ........................................ 10

*Apple Inc. v. Wi-LAN Inc.*,
25 F.4th 960 (Fed. Cir. 2022), and (2)........................................ 8, 9, 10, 12

*Erhart v. BofI Holding, Inc.*,
445 F. Supp. 3d 831 (S.D. Cal. 2020) ........................................ 13

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp.*,
879 F.3d 1332 (Fed. Cir. 2018) ........................................ 13

*Finjan LLC v. SonicWall, Inc.*,
84 F.4th 963 (Fed. Cir. 2023) ........................................ 8

*Icon Health & Fitness, Inc. v. Strava, Inc.*,
849 F.3d 1034 (Fed. Cir. 2017) ........................................ 16

*J.R. Simplot Co. v. McCain Foods USA, Inc.*,
2024 WL 3744237 (D. Idaho Aug. 10, 2024) ........................................ 16

*Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*,
146 F.4th 1098 (Fed. Cir. 2025) ........................................ 9, 12

*Jinro Am., Inc. v. Secure Invs., Inc.*,
266 F.3d 993 (9th Cir. 2001) ........................................ 12

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ........................................ 14

*MicroStrategy Inc. v. Bus. Objects, S.A.*,
429 F.3d 1344 (Fed. Cir. 2005) ........................................ 13, 15

*Pelican Int'l, Inc. v. Hobie Cat Co.*,
655 F. Supp. 3d 1002 (S.D. Cal. 2023) (Huie, J.) ........................................ 8

*Rex Med., L.P. v. Intuitive Surgical, Inc.*,
156 F.4th 1289 (Fed. Cir. 2025) ........................................ 8, 12

*United States v. Daniels*,
652 F. Supp. 3d 1191 (S.D. Cal. 2023) ........................................ 16

*United States v. Figueroa-Lopez*,
125 F.3d 1241 (9th Cir. 1997) ........................................ 16

*United States v. Vera*,
770 F.3d 1232 (9th Cir. 2014) ........................................ 12

*Whitserve, LLC v. Comput. Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012) ........................................ 13, 14

*Windy City Innovations, LLC v. Facebook, Inc.*,
411 F. Supp. 3d 886 (N.D. Cal. 2019), aff'd, 835 F. App'x 610 (Fed. Cir. 2021) ........................................ 16

# I. INTRODUCTION

Following the Court's recent orders regarding damages (Dkt. Nos. 545 and 599), Taction has conceded that it cannot advance Dr. Oliver's or Dr. Biggs's 73% Corsair apportionment factor at trial and that the same is true of Dr. Kennedy's resulting [redacted] per unit royalty (including [redacted] times Apple's accused volume) and Dr. Kennedy's ultimate conclusions on appropriate damages. Ex. 1 (09/2026 emails between Watson and Thornburgh).

Yet Taction says it will call Dr. Kennedy as a witness anyway. It should not be allowed to do so. Without Dr. Oliver's new testing of the Corsair headphones—which the Court excluded in its September 3 order—Dr. Oliver has no way to apportion the contribution of the asserted patents to the Corsair agreement. The inability to apportion leaves an incurable hole in Dr. Kennedy's reasonable royalty analysis, which is based solely on the Corsair agreement. Indeed, Taction's belated set of updated demonstratives—served on Apple ***last night***—effectively concedes that Dr. Kennedy cannot offer any admissible opinion on the measure of damages in this case. The slides (example shown below) contain no damages figure at all, and tellingly include *blanks* for required portions of the apportionment analysis, the resulting royalty rate, and the overall royalty. *See* Ex. 2 (09/07/2026 Kennedy Demonstratives) (especially slides 41-42, 50, 54, 58-59).

[redacted]

This analytical gap is the direct result of Taction's flawed approach to apportionment.

The Court excluded Dr. Kennedy's entire reasonable-royalty opinion in response to Apple's motion. Dkt. No. 545 (*Daubert* Order) at 29–30. It did so for a simple reason: that opinion rests on Dr. Oliver's technical apportionment, which the Court found unreliable, and "Dr. Kennedy cannot reasonably rely upon opinions which, in turn, have not been established as reliable." *Id.* Nothing in the Court's later order on Taction's motion to supplement disturbed that ruling. Dkt. No. 599 (Order re Taction's Motion for Leave to Supplement Its Record on Apportionment). The Court permitted Dr. Oliver's further citations to Dr. Harrison's deposition testimony and ***denied*** Dr. Oliver leave to substitute his new damping tests for the excluded Biggs testing. Consistent with that, the Court then allowed Dr. Kennedy to supplement "only to the extent [his] opinions rely on the portions of Dr. Oliver's second supplemental report the Court found harmless." *Id.* at 13–14. That leaves Dr. Kennedy exactly where he has stood since August 11: without a reliable technical apportionment, and therefore without any admissible opinion. The reason is mechanical: Dr. Kennedy's sole opinion was a reasonable royalty rate derived from a ratio whose numerator—the asserted patents' 40% contribution to Apple's accused products—comes from Dr. Harrison's deposition testimony, while its denominator—their 73% contribution to Corsair—comes only from Dr. Oliver's excluded Corsair testing. That excluded 73% figure does double duty: Dr. Kennedy uses it once to strip the non-asserted '139 patent's [redacted] share out of the Corsair rate, and again as the denominator of the ratio. Remove it and both steps collapse—there is no apportioned Corsair rate, no ratio, and no royalty. Dr. Kennedy has no other damages theories in any of his reports to offer.

Apple files this trial brief because Taction is proceeding as if the Court did not exclude Dr. Kennedy's apportionment and reasonable royalty opinions. Six days after the Court's August 11 Order (Dkt. No. 545), Taction proceeded to serve proposed

demonstratives for Dr. Kennedy that contained his excluded opinions. *See* Ex. 3 (08/17/2026 Kennedy Demonstratives) (especially slides 31–33, 35–43, 45, 47–54, and 56–58). Then, on September 4, 2026, Taction revealed during a meet-and-confer that it still intends to call Dr. Kennedy to offer apportionment and reasonable royalty opinions. Ex. 4 (09/04/2026 email from Thornburgh) at 1. When Apple asked how Dr. Kennedy could apportion without the excluded Corsair calculations, Taction declined to say. *Id.* It also said it would serve a new set of Kennedy demonstratives explaining its new theory. *Id.* (revealing yet more undisclosed theories). Apple received those demonstratives late on September 7, and as explained above, they include blanks for all of the important information on which Dr. Kennedy would opine—presumably because Taction intends to come up with another undisclosed damages theory. Ex. 2 (09/07/2026 Kennedy Demonstratives). It is far too late for another new theory. *See* Dkt. No. 543 (Order Granting Joint Motion) at 1. Contrary to Taction's surprising assertion, Apple never agreed to such late supplementation; instead, it expressly reserved objections on Taction's damages demonstratives. Ex. 5 (09/03/2026 email from Train) at 1.

Apple respectfully asks the Court to enforce Dkt. Nos. 545 and 599 by (1) precluding Dr. Kennedy from offering apportionment or reasonable-royalty testimony; (2) preventing Taction from substituting other improper testimony from Dr. Kennedy; (3) excluding Taction's untimely new Kennedy demonstratives; and (4) barring Taction from circumventing the Court's rulings through fact witnesses or attorney argument.

## II. BACKGROUND

### A. The Court Excluded Dr. Oliver's Technical Apportionment and Dr. Kennedy's Reasonable Royalty

On August 11, 2026, the Court granted Apple's motion to exclude Dr. Oliver's technical apportionment opinions. Dkt. No. 545 (*Daubert* Order) at 28–29. Those

opinions "attempt[ed] to isolate the contribution of the [asserted patents] to Apple's [a]ccused [p]roducts and to [Taction's] Corsair HS60 headset." *Id.* at 28.

During a meet and confer, Taction suggested that the Court excluded only one paragraph of Dr. Kennedy's report. *See* Ex. 1 (09/07/2026 emails between Watson and Thornburgh). However, Apple moved to exclude Dr. Kennedy's entire royalty opinion, and the Court granted it. *See* Dkt. No. 490 (Apple's *Daubert* Motion) at 15 ("And since Dr. Oliver's technical apportionment opinions are unreliable and inadmissible, Dr. Kennedy's reasonable royalty analysis falls with them."); Dkt. No. 545 (*Daubert* Order) at 29-30 ("Because Dr. Kennedy cannot reasonably rely upon opinions which, in turn, have not been established as reliable, *see supra* Section III.A.2, the Court **GRANTS** Apple's Daubert motion regarding Dr. Kennedy's reasonable royalty opinions.").

The Court's reasoning was sound. The Court found Dr. Oliver's technical apportionment opinions unreliable. As to the accused products, Dr. Oliver relied on the testimony of Apple fact witness Dr. Harrison, but the Court could not determine on the record before it "whether [Dr.] Harrison exclusively discusses the iPhone 7," a non-accused product. Dkt. No. 545 (*Daubert* Order) at 29. As to the Corsair headset, Dr. Oliver relied on "non-disclosed testing and unrecorded conversations with Dr. Biggs," but the Court could not determine "whether Dr. Biggs' tests . . . were reliable." *Id.* The Court thus excluded Dr. Oliver's technical apportionment opinions.

Because Dr. Kennedy's reasonable-royalty opinion "relies on Dr. Oliver's technical apportionment opinions," the Court excluded it too: "Dr. Kennedy cannot reasonably rely upon opinions which, in turn, have not been established as reliable." *Id.* at 29–30. The Court thus granted "Apple's Daubert motion regarding Dr. Kennedy's reasonable royalty opinions." *Id.* at 30.

### B. The Supplementation Order Permitted Only the Harrison Excerpts and Denied the Corsair-Side Cure

On August 25, 2026, Taction moved for leave to serve second supplemental reports from Drs. Oliver and Kennedy. Dkt. No. 599 (Order re Taction's Motion for Leave to Supplement Its Record on Apportionment) at 10. On September 3, the Court granted that motion in part and denied it in part. *Id.* at 13–14. It allowed Dr. Oliver to cite "additional excerpts from Dr. Harrison's deposition testimony" to show that his testimony was not limited to the iPhone 7, and found that supplementation "harmless." *Id.* at 12–13. But it ***denied*** Dr. Oliver leave to serve his "supplemental technical apportionment opinions performing his own testing"—specifically, testing of the Corsair HS60 headset "to show Dr. Oliver's opinions no longer rely on Dr. Biggs'"—because evaluating it "would necessitate additional depositions as well as an opportunity for Apple to submit an additional Daubert challenge" and, "[c]onsidering trial is only a couple of weeks away," was "neither substantially justified nor harmless." *Id.* at 10, 13. The Court then limited Dr. Kennedy accordingly, granting leave to supplement "only to the extent Dr. Kennedy's opinions rely on the portions of Dr. Oliver's second supplemental report the Court found harmless"—that is, the Harrison excerpts. *Id.* at 14. The Court was not asked to lift its exclusion of Dr. Kennedy's royalty opinion, and it separately denied Taction's motion to bifurcate. *Id.*

### C. Dr. Kennedy's Rate Depends on Apportioning the Corsair License Through Dr. Oliver's Excluded Corsair Analysis

Dr. Kennedy's only reasonable royalty opinion uses Taction's agreement with Corsair as its sole starting point. Ex. 6 (05/26/2026 Supp. Kennedy Report) ¶ 25. Because the Corsair HS60 headset "incorporates not only the Patents-in-Suit, but also Taction patented technology in the form of a 'notch filter' (the embodiment of the '139 Patent)," Dr. Kennedy must apportion the Corsair royalty to separate the two.

Dkt. No. 298-17 (04/03/2023 Am. Kennedy Report) ¶ 304. He does so in steps: he starts from the [redacted] Corsair per-unit rate, subtracts [redacted] for the cost of ferrofluid to reach [redacted], apportions out [redacted] attributable to the ’139 notch filter to reach [redacted], and then multiplies by the ratio of the patented technology’s contribution in the accused products (40%) to its contribution in Corsair (73%) to reach [redacted]. *Id.* ¶¶ 304–305 & Sched. 1.4. The 40% numerator is the one input the Court restored on September 3, by permitting Dr. Oliver to add the harmless Harrison excerpts; the 73% Corsair denominator remained excluded. Each step is required for Dr. Kennedy to reach his reasonable royalty opinion, as shown in Dr. Kennedy’s slide 40 from August 17 (*see* Ex. 3 (08/17/2026 Kennedy Demonstratives)):

[redacted]

Dr. Oliver’s latest testing (now excluded) is intended to show that the asserted patents provide a 73% benefit to Corsair’s HS60 headset (with [redacted] attributed to Taction’s ’139 notch filter patent). It thus impacts ***two*** of Dr. Kennedy’s steps. First, without this testing, Dr. Kennedy cannot apportion out the benefits he asserts are attributable to the ’139 patent ([redacted]). He thus cannot isolate the value of the asserted patents from the ’139 patent that was also covered by the Corsair license. Second, without this testing, Dr. Kennedy’s technical apportionment ratio falls apart.

He thus cannot apply the ratio his methodology requires—that is, a ratio allowing him to compare the benefits of the asserted patents to Apple with the benefits of the asserted patents to Corsair.

## III. ARGUMENT

### A. Dr. Kennedy's Reasonable-Royalty Opinion Is Excluded, and the Supplementation Order Did Not Lift That Exclusion

The threshold point is simple. The Court excluded Dr. Kennedy's reasonable-royalty opinion on August 11, Dkt. No. 545 (*Daubert* Order) at 29–30, and it has never reinstated it. The September 3 order did the opposite. Taction asked for leave to supplement the Kennedy and Oliver reports; the Court gave Taction only a small portion of what it asked for—additional citations to Dr. Harrison's deposition—and expressly withheld the rest, permitting Dr. Kennedy to supplement "only to the extent [his] opinions rely on the portions of Dr. Oliver's second supplemental report the Court found harmless." Dkt. No. 599 (Order re Taction's Motion for Leave to Supplement Its Record on Apportionment) at 14. The Court denied leave for the new Oliver testing that was Taction's only means of restoring technical apportionment. *Id.* at 13. An order granting a narrow, defined supplement is not an order vacating a *Daubert* exclusion, and Taction cannot convert one into the other. The exclusion of Dr. Kennedy's reasonable royalty opinion stands.

### B. Without the Excluded Corsair Apportionment, Dr. Kennedy Cannot Apportion the Corsair License to the Asserted Patents and Cannot Offer a Reasonable Royalty

Dr. Kennedy cannot offer a reasonable royalty opinion because he cannot apportion either his comparable license or the resulting royalty rate. A comparable-license royalty must first isolate the value of the asserted patents within the license, and then adjust that value to reflect the asserted patents' contribution to the accused features in Apple's products. Dr. Kennedy's only disclosed way to do either step

requires Dr. Oliver's excluded Corsair analysis, and nothing in the very limited supplement that the Court permitted bridges that gap.

Dr. Kennedy uses a single method to calculate a royalty—a comparable-license analysis anchored to the Taction/Corsair license agreements. Ex. 6 (05/26/2026 Supp. Kennedy Report) ¶ 25; Dkt. No. 298-17 (04/03/2023 Am. Kennedy Report), ¶¶ 304–305 and Amended Sched. 1.4 thereto (with notes explaining methodology). To reach a per-unit rate for the asserted patents, he must ***first*** isolate their value within the Corsair license, which also includes Taction's '139 notch-filter patent (not asserted in this case), and ***then*** account for the different contribution the patented technology makes in Apple's products as compared to Corsair's. ***Both*** steps depend on Dr. Oliver's Corsair damping analysis—the very opinion the Court excluded and refused to let Taction revive. The one input that survived, deposition testimony regarding the ***accused*** products, cannot perform either step as to the Corsair product.

The law forecloses what Taction now proposes. When a party attempts to prove a reasonable royalty through comparable licenses, it must (1) "account for differences in the technologies and economic circumstances of the contracting parties," *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022), and (2) apportion the license to the asserted patents rather than the other patents and technology the benchmark license covers, *id.* at 973–74 (vacating damages verdict because expert testimony should have been excluded). Dr. Kennedy can do neither without the Biggs and Oliver Corsair testing the Court excluded. And without an apportionment, he has no basis for a reasonable royalty opinion. *See Rex Med., L.P. v. Intuitive Surgical, Inc.*, 156 F.4th 1289, 1299, 1301 (Fed. Cir. 2025) (affirming JMOL of no damages because damages evidence was insufficient without apportionment); *Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963, 976–77 (Fed. Cir. 2023) (affirming exclusion of a damages expert's opinions that relied on an excluded apportionment analysis); *Pelican Int'l, Inc. v.*

*Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1048–49 (S.D. Cal. 2023) (Huie, J.) (excluding reasonable-royalty opinions premised on a non-comparable license).

### 1. Dr. Kennedy Cannot Isolate the Asserted Patents in the Corsair License Without the Excluded Corsair Apportionment

As explained just above, when a party relies on comparable licenses to prove a reasonable royalty, it must account for the differences in both technology and the parties' economic circumstances. *Wi-LAN*, 25 F.4th at 971. Where the comparable license covers more than the asserted patents, the expert must apportion the license value to the asserted patents; a failure to do so renders the opinion "untethered to the facts of th[e] case" and inadmissible. *Id.* at 973–74. In *Wi-LAN*, the Federal Circuit held it an abuse of discretion to admit a comparable-license damages opinion where the expert "failed to address the extent to which [other] patents contributed to the royalty rate" in the license. *Id.; accord Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, 146 F.4th 1098, 1112 (Fed. Cir. 2025) (expert testimony "should be excluded when it fails to allocate license fees among the licensed patents covered by an agreement").

The Corsair license is not a pure license to the asserted patents; it licenses a product, the Taction Transporter, which allegedly embodies the asserted patents ***and*** Taction's separate '139 notch-filter patent. Dkt. No. 298-17 (04/03/2023 Am. Kennedy Report) ¶ 304. To isolate the asserted patents, Dr. Kennedy subtracts the cost of materials and then apportions out [redacted] of the Corsair royalty he says is attributable to the '139 notch filter—the step that takes his rate from [redacted]. *Id.* That step requires Dr. Oliver's Corsair testing. Dkt. No. 512-1 (04/03/2023 Corrected Oliver Report) § XVIII.1. It rested on Dr. Biggs's non-disclosed testing, which the Court excluded, Dkt. No. 545 (*Daubert* Order) at 29, and it is the opinion Dr. Oliver's denied new testing sought to restore, Dkt. No. 599 (Order re Taction's

Motion for Leave to Supplement Its Record on Apportionment) at 13. Without it, Dr. Kennedy has no way to separate the value of the asserted patents from the value of Taction's own '139 patent, and no way to say what portion of the [redacted] Corsair rate is attributable to the asserted patents. That is the same defect from the *Wi-LAN* case, and worse: Dr. Kennedy did not merely fail to apportion—his apportionment has been adjudged unreliable and excluded.

**2. Dr. Kennedy Cannot Compare the Patented Technology's Value in Apple's Products to Its Value in Corsair Without the Excluded Corsair Apportionment**

The excluded Corsair analysis is also indispensable at a later step in Dr. Kennedy's calculation. After isolating the value of the asserted patents within the Corsair license, Dr. Kennedy compares the patented technology's alleged contribution to Corsair (73%) to its alleged contribution in the accused products (40%). He does this by multiplying the per-unit rate by a ratio of 40/73. Dkt. No. 298-17 (04/03/2023 Am. Kennedy Report) ¶ 305. That comparison is impossible without the 73% denominator it relies on, which has been excluded. Dkt. No. 512-1 (04/03/2023 Corrected Oliver Report) § XVIII.1. In other words, without Dr. Oliver's testing to quantify the benefits that the asserted patents provided to Corsair's HS60 headset, Dr. Kennedy has no way of comparing those benefits with the ones provided to Apple. The required comparison thus fails for the same reason as the required isolation. *See Wi-LAN*, 25 F.4th at 971 (a comparable-license royalty must "account for differences in the technologies and economic circumstances of the contracting parties").

**3. The Surviving Deposition Testimony Cannot Supply Either Step, and Any Recast Is a New, Undisclosed Theory**

The surviving 40% figure Dr. Oliver drew from Dr. Harrison's testimony about Apple's products cannot rescue Dr. Kennedy's royalty opinion. *See Alpha & Omega*

*Semiconductor Ltd. v. Force MOS Tech. Co.*, 2026 WL 2161197, at *14 (N.D. Cal. July 27, 2026) (excluding a damages expert's ultimate royalty figure as *ipse dixit* where, once its component opinions were excluded, its link to the surviving inputs was "written in invisible ink"). That 40% figure concerns only Apple's accused products, not Corsair's HS60 headset, and is only the numerator of the comparison ratio—one of the two inputs that the comparison step requires. Dkt. No. 298-17 (04/03/2023 Am. Kennedy Report) ¶ 305. But that figure offers nothing to isolate the asserted patents within the Corsair license (step one), and it cannot serve as a comparison to Corsair without the Corsair testing (step two).

In addition, when Apple asked Taction at the September 4 meet-and-confer to identify how Dr. Kennedy could apportion the Corsair license without the excluded Corsair calculation, Taction declined to answer. Ex. 4 (09/04/2026 email from Thornburgh). Under the Court's existing orders (Dkt. Nos. 545 and 599), Taction has no apportionment. And Taction has now tacitly admitted as much; its belated demonstratives for Dr. Kennedy have only blanks for the apportionment figures for the Corsair license:

[redacted]

Ex. 2 (09/07/2026 Kennedy Demonstratives) at slide 54; *see also id.* at slides 41-42, 50. And with no admissible apportionment, Dr. Kennedy has no admissible

reasonable royalty opinion, and no other opinion to offer. *See Rex Med.*, 156 F.4th at 1299, 1301. Further blanks on Taction's demonstratives effectively concede this point as well. *See id.* at slides 58-59.

### C. Because Dr. Kennedy Has No Admissible Royalty Opinion, He Should Not Testify as a Conduit for Inadmissible Hearsay or Other Excluded Evidence

Stripped of all admissible opinions, Dr. Kennedy's remaining testimony would do little but place inadmissible material before the jury, which Rule 703 forbids. An expert may rely on otherwise-inadmissible facts or data, but he may not become a conduit for hearsay by reciting the out-of-court statements of others to put them before the jury; such material may be disclosed to the jury "only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703. And the problem is not only hearsay. Because the Corsair license cannot be apportioned to the asserted patents, it has no probative value as to a reasonable royalty rate in the first place and should be excluded. *See Wi-LAN*, 25 F.4th at 971; *Jiaxing*, 146 F.4th at 1112.

Dr. Kennedy's revised demonstratives confirm the problem: other than his slides discussing his excluded opinions, many of his slides simply summarize and reproduce statements by others. *See* Ex. 2 (09/07/2026 Kennedy Demonstratives) (especially slides 5, 12, 13, 15, 17, 18, 22–25, and 34). That is conduit testimony, and it is improper in the Ninth Circuit and this district. *United States v. Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014) ("an expert exceeds the bounds of permissible expert testimony . . . when he 'is used as little more than a conduit or transmitter for testimonial hearsay, rather than as a true expert whose considered opinion sheds light on some specialized factual situation'") (quoting *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013)); *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) (reversing where a witness "cloaked with the mantle of an expert" was

allowed "to testify based on hearsay information, and to couch his observations as generalized 'opinions'"); *Erhart v. BofI Holding, Inc.*, 445 F. Supp. 3d 831, 839, 851 (S.D. Cal. 2020) ("Experts may offer opinions based on otherwise inadmissible testimonial hearsay . . . as opposed to 'merely acting as a transmitter for testimonial hearsay'"; excluding expert opinion that recounted facts provable by ordinary evidence rather than applying specialized knowledge).

An expert may not do indirectly what the Court's orders forbid directly. Because Dr. Kennedy cannot offer an admissible damages opinion and his remaining demonstratives serve only to convey excluded evidence and hearsay, he should be precluded from testifying on damages. That preclusion reaches the *Georgia-Pacific* factors and the form of any award. Once his damages opinion is excluded as unreliable, Dr. Kennedy should be barred from testifying at all, not merely from repeating the excluded figure.[1] *See MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1353–55 (Fed. Cir. 2005) (affirming preclusion of a damages expert from testifying at trial where his reports were excluded as speculative and unreliable). Dr. Kennedy's *Georgia-Pacific* analysis is intrinsically tied to the reasonableness of his royalty figure, which has been excluded. *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp.*, 879 F.3d 1332, 1350 (Fed. Cir. 2018) ("damages experts must not only analyze the applicable factors, but also carefully tie those factors to the proposed royalty rate"); *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012) (a "superficial recitation of the *Georgia-Pacific* factors, followed by conclusory remarks," cannot support a verdict). With Dr. Kennedy's rate and

[1] Nor would a post-hoc curative instruction suffice, if Taction presents unapportioned numbers and then invites the jury to speculate as to how to translate those numbers into a reasonable royalty. Such incomplete and unhelpful testimony presents a high likelihood of juror confusion and prejudice to Apple.

apportionment excluded, no admissible *Georgia-Pacific* analysis remains, and no royalty exists for those factors to inform. The form of any award fails for the same reason. The choice between a running royalty and a lump sum is not a free-standing question that survives the exclusion of Dr. Kennedy's rate; the Federal Circuit has held that it is "subsumed within" *Georgia-Pacific* factor 2—the comparable-license analysis—and must be supported by the same comparable-license evidence used to derive the royalty. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1330 (Fed. Cir. 2009) ("some basis for comparison must exist in the evidence presented to the jury"); *see id.* at 1326–27 (the lump-sum-versus-running-royalty choice is "subsumed within" *Georgia-Pacific* factor 2 and turns on significantly different considerations); *Whitserve*, 694 F.3d at 30–31 (conversions between the two forms require testimony "explaining how they apply to the facts of the case"). Here, that comparable-license analysis—Dr. Kennedy's apportionment of the Corsair license—is the very reasonable royalty opinion the Court excluded, and Dr. Kennedy disclosed no separate, independently supported opinion on form that stands apart from it. He cannot supply one for the first time at trial.

**D. Taction's Untimely New Kennedy Demonstratives Should Be Excluded**

At the September 4 meet-and-confer, Taction stated that it would serve a new set of Kennedy demonstratives, and Apple responded that doing so would be untimely and that Apple would object. Taction served the new demonstratives three days later on September 7. Taction's approach is untimely and improper. The Court's scheduling order required the parties to exchange demonstratives on August 17, 2026, and to raise any objections at the August 27 Final Pretrial Conference. Dkt. No. 457 at 3 & n.2; Dkt. No. 543. Serving new Kennedy demonstratives now—weeks after that deadline and days before trial—is an end-run around the schedule, and there is no good cause for it. *See* Dkt. No. 457 at 4 (modifications require "good cause"). That

is doubly true where the new slides exist to (i) present an opinion the Court has already excluded, or (ii) add yet another undisclosed new theory. In any event, Taction cannot cure the excluded opinion by serving new slides on the eve of trial that suggest a new theory may be coming live at trial. *See MicroStrategy*, 429 F.3d at 1353 (affirming exclusion of a purported supplement that "contained new opinions" and could not fill "the role of a true supplement to a previously filed report").

Taction is also wrong to suggest that Apple agreed to these new demonstratives. Taction served its demonstratives, including for Dr. Kennedy, on August 17. This occurred ***after*** the Court excluded Dr. Kennedy's reasonable royalty opinions, yet Dr. Kennedy's demonstratives covered all his excluded opinions. Apple served its objections on August 21, including full objections to Dr. Kennedy's demonstratives. Taction then filed its Motion to Supplement on Apportionment. When the parties then met and conferred on demonstrative objections on August 25, they agreed to defer discussions regarding the damages slides given Taction's pending motion, which Apple acknowledged would impact the scope of the damages presentations at trial. This exact position is reflected in updated objections that Apple served the next day, stating: "Given Taction's pending motion to supplement the record on damages issues, which may significantly impact damages-related demonstratives, the parties propose to postpone discussion of specific objections on these issues. Apple reserves all rights with respect to the objections to Dr. Kennedy's demonstratives it served on August 21, 2026." Ex. 7 (08/26/2026 Apple's Objs. to Taction's Demonstratives) at 3. At no point in time did Apple agree that Taction could provide new damages slides with new theories at a later date, and that Apple would waive all objections.

Finally, the new slides do not solve Dr. Kennedy's problems. They still improperly opine about the unapportioned Corsair agreement, parrot hearsay, and offer opinions Apple has never seen before. Indeed, they now have a new ***blank*** apportionment factor. *See* Ex. 2 (09/07/2026 Kennedy Demonstratives) at slides 41-

42, 50, 54. And that lack of proof ripples through to Dr. Kennedy's final royalty rate and his overall measure of damages, which Taction's new slides also leave entirely blank. *See id.* at slides 58-59. Dr. Kennedy should be excluded.

### E. The Court Should Also Not Permit Taction to Circumvent Its Orders Through Fact Witnesses or Attorney Argument

During meet and confer, Taction said it was "entitled" to "argue" Corsair apportionment to the jury. Ex. 1 (09/2026 emails between Watson and Thornburgh) at 2. Taction should not be permitted to revive Dr. Kennedy's excluded apportionment and royalty opinions through attorney argument, fact witnesses, or other means. A reasonable royalty and the technical apportionment it requires are quintessential subjects of expert testimony; a lay or fact witness may not supply them. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1245-46 (9th Cir. 1997) (specialized-knowledge opinions must be offered as expert testimony under Rule 702, not as lay opinion); *United States v. Daniels*, 652 F. Supp. 3d 1191, 1193 (S.D. Cal. 2023) ("Rule 701 was specifically 'amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'"). Taction's fact witnesses cannot opine that the asserted patents account for 73% of Corsair's damping or that the appropriate rate is [redacted] per unit, and they cannot be used as a vehicle to read Dr. Kennedy's excluded analysis to the jury. Attorney argument is no different: argument of counsel is not evidence, and counsel may not ask the jury to award a damages figure that no admissible evidence supports. *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("Attorney argument is not evidence."); *Windy City Innovations, LLC v. Facebook, Inc.*, 411 F. Supp. 3d 886, 901 (N.D. Cal. 2019), aff'd, 835 F. App'x 610 (Fed. Cir. 2021) ("Only admissible evidence can create a triable issue of fact, not attorney argument."); *J.R. Simplot Co. v. McCain Foods USA, Inc.*, 2024 WL 3744237, at *11 (D. Idaho Aug. 10, 2024) (excluding arguments covered

by *Daubert* order). Because the only support for the [redacted] rate is Dr. Kennedy's excluded opinion, the Court should not permit Taction to present that figure through demonstratives, fact testimony, argument, or any other way.

## IV. CONCLUSION

For these reasons, Apple respectfully requests that the Court enforce its orders (Dkt. Nos. 545 and 599) by precluding Dr. Kennedy from offering apportionment or reasonable-royalty testimony or demonstratives; excluding Dr. Kennedy as a witness; excluding Dr. Kennedy's untimely new demonstratives; and barring Taction from presenting the excluded [redacted] rate or its underlying apportionment through fact witnesses or attorney argument.

Dated: September 8, 2026

FISH & RICHARDSON P.C.

By: */s/ Roger A. Denning*

Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Qiuyi Wu (*pro hac vice)*
qwu@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070 / Fax: (617) 542-8906

Jacqueline Tio (*pro hac vice)*
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5005

Counsel for *Defendant Apple Inc.*

**CERTIFICATE OF COMPLIANCE**
**REGARDING CONFERENCE OF COUNSEL**

Pursuant to Judge Todd W. Robinson's Standing Order for Civil Cases, counsel for the parties met and conferred telephonically on September 4, 2026, and again on September 6. John Thornburgh and Tyler Train attended for Apple. Nick Setty and Scott Watson attended for Taction. The parties discussed their positions on this trial brief. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Plaintiff indicated that it opposes Apple's position.

Dated: September 8, 2026

By: */s/ Roger A. Denning*
Roger A. Denning