Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:21-cv-00812-TWR-JLB<br><br>**DEFENDANT APPLE INC.'S TRIAL BRIEF RE EMERGENCY MOTION TO OVERRULE PRIVILEGE CLAW BACK (AFFECTS OPENING)**<br><br>District Judge: Hon. Todd W. Robinson<br>Magistrate Judge: Jill L. Burkhardt<br><br>Trial: September 14, 2026 |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 2
III. ARGUMENT .......... 4
A. Taction Cannot Claw Back a Document Its Own Testifying Expert Relied Upon and Reproduced in His Expert Reports .......... 4
B. Taction Waived Any Protection by Waiting More Than Three Years to Claw Back a Document on Apple's Exhibit List .......... 6
C. Dr. Oliver's Untimely New Report Is No Cure .......... 8
D. Taction's Waiver Also Extends to Other Documents .......... 8
IV. CONCLUSION .......... 8

Defendant Apple Inc. hereby moves the Court to OVERRULE Plaintiff Taction Technology Inc.'s privilege claw back.

## I. INTRODUCTION

On the eve of trial—12:47 a.m. the day before opening statements—Taction served notice that it is clawing back TACTION020505 (DTX-3529), a Taction engineering spreadsheet that Apple first declared as a trial exhibit ***more than three years ago***--on July 20, ***2023***. Ex. 1 (Sept. 13, 2026 Claw-Back Notice); Dkt. No. 352-2 (Apple's Prelim. Ex. List). Taction cited Magistrate Judge Burkhardt's order holding that certain other documents dated after July 1, 2019 are subject to work product protection. *See* Dkt. No. 348. However, the document was not before Magistrate Judge Burkhardt, and the metadata shows the spreadsheet was created on June 20, 2019, before the deadline, even if it was later modified. *See* Ex. 2 (TACTION020505 Metadata). Regardless, Taction has waived any privilege twice over.

***First***, Taction cannot claw back a document that its own testifying expert relied upon and reproduced in his expert reports. Taction's technical expert, Dr. Oliver, reproduced TACTION020505—twice—in his 2023 opening reports, and relied on it for opinions regarding ferrofluid and Q-factor. *See* Dkt. No. 512-01 at ¶¶ 1086, 1119 & nn. 829, 838. A party that arms its expert with a document to make its case cannot invoke privilege to take that same document back from the adversary on the eve of trial.

***Second***, Taction waived any protection by sitting on its claim for more than three years. The document has been on Apple's exhibit list since July 20, 2023. Taction twice reviewed and objected to the exhibit on other grounds, both in 2023 and on July 30, 2026, but never suggested it was privileged—until 12:47 a.m. the day before trial. Federal Rule of Evidence 502(b) excuses an inadvertent disclosure only where the producing party "promptly took reasonable steps to rectify the error." *See also* Dkt. No. 37 (Protective Order) ¶ 16(a) (no waiver "if a request for return of such

inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production"). A claw-back demand that arrives years late, on the eve of trial, is the opposite of prompt.

In addition, after meet and confer on this motion, Taction wrote indicating it would withdraw Dr. Oliver's reliance on TACTION020505 and serve a new expert report, on the day before trial. Ex. 3 (9/13/26 Tse email). It then demanded that Apple delete all copies of Dr. Oliver's 2023 reports, and it served a "redacted" report blacking out the allegedly privileged document but not the conclusions therefrom. *See* Ex. 4 (9/13/26 Thornburgh email); Ex. 5 (redacted report).

The Court should overrule Taction's claw back and permit Apple to use TACTION020505 at trial. Alternatively, if Taction is permitted to claw back Dr. Oliver's timely reports, the Court should strike Dr. Oliver as a trial witness.

## II. BACKGROUND

TACTION020505 is an engineering spreadsheet authored by Taction's Chief Technology Officer, Dr. Silmon Biggs. The document's metadata—which the Protective Order expressly permits Apple to retain, Dkt. No. 37 ¶ 16(c)—shows that Dr. Biggs created it on June 20, 2019, and last modified it on August 13, 2019. Ex. 2 (TACTION020505 Metadata).

Apple identified TACTION020505 as trial exhibit DTX-3529 on its very first exhibit list, filed on July 20, 2023. Dkt. No. 352-2 (Apple's Prelim. Ex. List) (listing DTX-3529 (TACTION020505)). On August 10, 2023, Taction served written objections to DTX-3529 on eight separate evidentiary grounds—including hearsay, lack of foundation, relevance, and best evidence—but did not assert privilege, even though Taction's own objection key included a code for privileged material. Ex. 6 (Taction's Objs. to Apple's Am. Trial Ex. List (Aug. 10, 2023)). At no point in the three years that followed did Taction claim that DTX-3529 was privileged or attempt to claw it back. *See* Ex. 7 (Taction objections to DTX-3529 dated July 30, 2026).

Apple also included TACTION020505 in the demonstratives and exhibits to be included in its opening statement for *tomorrow*.

Taction's own testifying expert put TACTION020505 at the center of Taction's case. In his opening report served March 10, 2023, and again in his corrected opening report served April 3, 2023, Dr. James Oliver reproduced the document and cited it as TACTION020505 to support his opinions regarding ferrofluid and Q-factor. *See* Dkt. No. 512-01 at ¶¶ 1086, 1119 & nn. 829, 838. Dr. Oliver even reproduced two panels of the spreadsheet in his reports. *Id.* at ¶ 1119. This is how they look in his new redacted report (Ex. 5 at ¶ 1086), but the Court can see the original on the docket:

[redacted]

[redacted]

At 12:47 a.m. on September 13, 2026—the day before trial—Taction served a notice under Paragraph 16 of the Protective Order asserting for the first time that DTX-3529 "and other similar documents" are protected by the attorney-client privilege and/or the work-product doctrine "in accordance with Magistrate Judge Burkhardt's Order." Ex. 1 (Sept. 13, 2026 Claw-Back Notice) (citing Dkt. No. 349 at 9, 12–13). That order resolved Apple's motion to compel certain pre-suit analyses

Taction had clawed back; the court held that Dr. Biggs's internal analyses are not attorney-client privileged and that materials created before July 1, 2019 are not work product. Dkt. No. 349 at 8–9, 12.

## III. ARGUMENT

Taction's claw back fails at the threshold because TACTION020505 is not privileged, and it fails independently because Taction waived any protection—both by affirmatively deploying the document through its own expert and by waiting years to assert it. As the party asserting privilege, Taction bears the burden of establishing that a privilege applies and has not been waived. *See* Dkt. No. 349 at 8, 11.

As a threshold matter, TACTION020505 is not privileged. It is an internal engineering spreadsheet Dr. Biggs authored, not a communication to or from counsel, and Magistrate Judge Burkhardt's order already held that such internal analyses among Taction's principals are not attorney-client privileged and also not work product if created before July 1, 2019. Dkt. No. 349 at 8–9, 12. The order likewise never adjudicated TACTION020505; it resolved Apple's motion as to a discrete set of other documents that Taction identified, Bates numbers TACTION048718–048805, TACTION056754–056755, and TACTION056887, plus one withheld document. *Id.* at 9, 12. But the Court need not resolve the privilege question at all, because Taction waived any protection twice over.

### A. Taction Cannot Claw Back a Document Its Own Testifying Expert Relied Upon and Reproduced in His Expert Reports

Taction's claw back fails because its own testifying expert relied upon—and even reproduced screenshots from—TACTION020505 in his Rule 26(a)(2)(B) infringement reports served back in 2023. Dkt. No. 512-01 (Oliver Corrected Opening Rep.) ¶¶ 1086, 1119 & nn. 829, 838. That affirmative use of the document waived any privilege, and no claw-back provision can undo it. Taction's belated, eve-of-trial offer to withdraw Dr. Oliver's reliance and serve a new report does not change the

analysis: the 2023 reports were served years ago, and that disclosure cannot be undone.

The law in the Ninth Circuit is settled on this issue. When a party provides a document to its testifying expert, who then incorporates it into an expert report, the disclosure occurs in a context governed by Rule 26(a)(2)(B)—not Rule 502—and any privilege is waived. *See Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-CV-02082-APG, 2013 WL 5332410, at *2 (D. Nev. Sept. 23, 2013). As *Great-West* explains, the inadvertence rationale of Rule 502 has no application, because counsel exercise complete control over what they hand their own experts; and neither a claw-back agreement nor FRE 502 can remedy the disclosure, because the expert-disclosure framework operates independently of those mechanisms. *Id.* Everything a testifying expert "considers" is discoverable regardless of privilege—and regardless of whether the disclosure was inadvertent. *See United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal. 1995); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 257 F.R.D. 607, 610 (E.D. Cal. 2009); *Fajardo v. Pierce Cnty.*, No. C08-5136 RBL, 2009 WL 1765756, at *2 (W.D. Wash. June 19, 2009).

This rule is a specific application of the principle that a party may not use privilege as "both a shield and a sword." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *see* Dkt. No. 349 at 14 (quoting same). A party "cannot use reliance on [a document] to support a claim or defense as a sword in litigation while simultaneously depriving the opposing party of the opportunity to test" that reliance by asserting privilege as a shield. *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 276 F. Supp. 2d 1084, 1092 (D. Nev. 2003); *accord Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012); *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006) (waiver doctrine exists "to prevent a party from using the advice . . . as both a sword . . . and a shield").

That is exactly what Taction has done. Dr. Oliver reproduced TACTION020505 in his opening infringement report and again in his corrected

infringement opening report (both served in 2023), and relied on it for opinions regarding ferrofluid and Q-factor. *See* Dkt. No. 512-01 at ¶¶ 1086, 1119 & nn. 829, 838. Taction armed its expert with this document to prove its case. It cannot now assert privilege to strip the same document from Apple on the eve of trial, while keeping Dr. Oliver's conclusions drawn from the withdrawn document (as discussed further in Section C below). That is the very sword-and-shield maneuver the Court condemned when it held that Dr. Biggs "selectively waived work-product privilege" by disclosing favorable analysis while withholding the rest. Dkt. No. 349 at 16.

### B. Taction Waived Any Protection by Waiting More Than Three Years to Claw Back a Document on Apple's Exhibit List

Taction also waived any protection through years of delay. Federal Rule of Evidence 502(b) provides that an inadvertent disclosure does not waive privilege only if the producing party took reasonable steps to prevent the disclosure *and* "promptly took reasonable steps to rectify the error." Taction cannot satisfy the promptness requirement.

Courts in the Ninth Circuit assess inadvertent-disclosure waiver under a five-factor test: "the reasonableness of the precautions taken against disclosure; the time taken to rectify the error; the scope of the discovery; the extent of the disclosure; and the overriding issue of fairness." *In re Sause Bros. Ocean Towing*, 144 F.R.D. 111, 115 (D. Or. 1991); *see Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (inadvertence does not, as a matter of law, prevent waiver). Every factor favors waiver here, and the overriding factor—fairness—favors it decisively. The three factors that control here—the length of Taction's delay, the extent of Apple's reliance on the document, and the overriding unfairness of a claw back on the eve of trial—are addressed in turn below.

TACTION020505 has been on Apple's trial exhibit list since July 20, 2023. Dkt. No. 352-2. On August 10, 2023, ***three years ago***, Taction lodged not one, but eight separate evidentiary objections to the exhibit—hearsay, lack of foundation,

relevance, and best evidence among them—but never asserted privilege, even though its own objection key provided a code for privileged material. Exs. 6 and 7 (Taction's Objs.). Taction thus scrutinized the document closely enough to raise eight objections yet said nothing about privilege for more than three years, waiting until 12:47 a.m. the day before trial to demand its return. Courts find waiver on far shorter delays. *See Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 585 (2012) (ten-month delay waived privilege where the opposing party had already used the document in a brief, because "once a party realizes a document has been accidentally produced, it must assert privilege with virtual immediacy"); *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 511 (2009) (seven-to-nine-month delay; delayed, inconsistent efforts to rectify disclosures were "the antithesis of prompt rectification"); *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. 2:23-CV-00932-JHC, 2024 WL 3620467, at *3 (W.D. Wash. Aug. 1, 2024) (waiver for delays of eighteen, forty-nine, and twenty-one days after the opposing party used the documents at depositions). A three-year delay is not remotely prompt.

The prejudice to Apple is not theoretical, and it is now irreversible. Apple relied on TACTION020505's continued availability by placing it on its exhibit list, litigating Taction's objections to it, and relying on it for its case. *See U.S. ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 182 (C.D. Cal. 2001) (recognizing that a receiving party may retain inadvertently produced documents where the producing party "waited so long to address the problem . . . that the receiving party reasonably changed its position in reliance upon [the document's] continued availability"); *Cunningham v. Conn. Mut. Life Ins.*, 845 F. Supp. 1403, 1409 (S.D. Cal. 1994) (fairness weighed "heavily" toward waiver where discovery had closed and the document's contents had been seen). Apple also intends to cross-examine Taction's witnesses about it. On the eve of trial, Apple cannot reopen discovery or restructure its case to account for the document's removal.

Paragraph 16 of the Protective Order does not support claw back. A claw-back provision addresses waiver *by disclosure*; it does not excuse a producing party's failure to assert privilege promptly once the opposing party uses the document in the litigation. *See Fed. Trade Comm'n v. Amazon.com, Inc.*, 801 F. Supp. 3d 1213, 1217 (W.D. Wash. 2025) (courts in this Circuit hesitate to permit claw back under a Rule 502(d) order where the producing party has allowed the document to be used). The Protective Order also permits Apple to retain "the date, author, . . . and topic" of a clawed-back document, Dkt. No. 37 ¶ 16(c), and that retained metadata is what shows TACTION020505 was created before the order's own July 1, 2019 work-product line.

**C. Dr. Oliver's Untimely New Report Is No Cure**

Taction's redactions are improper sword and shield tactics. It has redacted only the allegedly privileged document, *not* Dr. Oliver's conclusions therefrom. *See* Ex. 5 at ¶ 1085-86 (drawing conclusions regarding practicing the patent). This approach is facially improper.

The Court should also strike the redacted report of Dr. Oliver served the day before trial as untimely. If Taction is allowed to claw back Dr. Oliver's 2023 reports, that leaves him with no report, so he should be excluded from trial.

**D. Taction's Waiver Also Extends to Other Documents**

By waiving protection on Dr. Biggs' testing, Taction has also waived protection on all documents relating to that testing. This includes the nine documents that Taction clawed back earlier in the case. *See* Dkt. No. 349. Those documents all centered on the testing that Taction must produce. It must produce the other, related documents in time for Apple's cross-examination of Dr. Biggs. *See id.* at 14 (discussing scope of waiver); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (scope of waiver should "ensure the fairness of the proceedings").

**IV. CONCLUSION**

For the foregoing reasons, the Court should overrule Taction's claw back and permit Apple to use TACTION020505 (DTX-3529) at trial.

Dated: September 13, 2026

FISH & RICHARDSON P.C.

By: */s/ John W. Thornburgh*

Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Qiuyi Wu (*pro hac vice)*
qwu@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070 / Fax: (617) 542-8906

Jacqueline Tio (*pro hac vice)*
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5005

Counsel for *Defendant Apple Inc.*

**CERTIFICATE OF COMPLIANCE**
**REGARDING CONFERENCE OF COUNSEL**

Pursuant to Judge Todd W. Robinson's Standing Order for Civil Cases, counsel for Taction, Nick Setty, and counsel for Apple, John Thornburgh, met and conferred on September 13, 2026. The parties discussed their positions on this trial brief. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Plaintiff indicated that it opposes Apple's position.

Dated: September 13, 2026

By: */s/ John W. Thornburgh*
John W. Thornburgh