Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320
Fax: (415) 875-6700

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Plaintiff*
*Taction Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br>Plaintiff,<br>vs.<br>APPLE INC.,<br>Defendant | Case No. 21-cv-00812-TWR-JLB<br><br>**PLAINTIFF TACTION'S OPPOSITION TO APPLE INC.'S TRIAL BRIEF TO OVERRULE PRIVILEGE CLAW BACK**<br><br>Judge: Hon. Todd W. Robinson<br><br>Magistrate Judge: Hon Jill L. Burkhardt |

Plaintiff Taction Technology, Inc. ("Taction") respectfully requests the Court deny Defendant Apple Inc.'s ("Apple") request regarding Taction's privilege clawback.[1] Apple's brief fails to confront three critical, undisputed facts: (1) The document at issue was used to record testing data of accused products *after* the July 1, 2019 date where Magistrate Judge Burkhardt previously found attorney work product protection attached. Apple focuses on metadata with an earlier date, neglecting to mention that this concerned an earlier version of the document to record data for an unrelated product. (2) Taction and its expert will not rely on the document at trial. Apple's argument that Taction will use the document as a sword and shield is therefore meritless. (3) Taction clawed back the document immediately upon learning that it contained privileged information. Apple focuses only on the date of disclosure, ignoring that Taction did exactly what the Protective Order required.

In short, the Court should not permit Apple to use a clearly privileged document that Taction will not rely upon in any way and that Taction clawed back immediately upon learning of the error in disclosure.

## I. <u>BACKGROUND</u>

DTX-3529 is a document that Dr. Biggs used to record testing data of the accused products on or around August 13, 2019. Declaration of Dr. Biggs ("Biggs Decl."), ¶ 2. Notably, prior to recording testing data of the accused products, Dr. Biggs used an earlier version of DTX-3529 to record testing data for an unrelated product on or around June 2019. *Id.*

Apple identified DTX-3529 as one of its exhibits for its opening demonstrative. Br. 3. But as a result of Taction's review, Taction provided Apple with notice on September 13, 2026 at 12:47 AM PT that DTX-3529 may be protected. Ex. 1. That same morning, after diligently confirming that DTX-3529 was actually protected,

[1] Taction also timely clawed back DTX-3584 to DTX-3606 on the night of September 13, 2026, under the basis of attorney-client privilege and attorney work product in compliance with Paragraph 16 of the Protective Order.

Taction immediately clawed back DTX-3529. Ex. 3 at 5. On the parties' first meet and confer on September 13, 2026 at 2 pm PT, Apple explained its bases for objecting to Taction's clawback. *Id.* at 1. In response, Taction informed Apple that it intended to withdraw Dr. Oliver's reliance on DTX-3529 and would circulate a redacted report reflecting that. *Id.* On the second meet and confer at 4 pm PT, Taction sought to address Apple's concerns by explaining the reason for the June 20, 2019 creation date. Declaration of Jonathan Tse ("Tse Decl."), ¶ 2. At 4:28 pm PT, Taction served the redacted version of Dr. Oliver's report that redacted two paragraphs that relied on DTX-3529. *Id.*, ¶ 2.

## II. <u>TACTION'S CLAWBACK IS PROPER AND TIMELY</u>

DTX-3529 is protected by attorney client privilege and/or attorney work product, as Dr. Biggs was seeking legal advice in anticipation of trial. Based on Dr. Biggs' declaration, the testing he performed for the accused products was squarely after the July 1, 2019 line where Magistrate Judge Burkhardt previously found (and the Court affirmed) attorney work product protection attached. Biggs Decl., ¶ 2 ; ECF 349 at 9-13; ECF 437 at 36-38. Apple's sole basis for why DTX-3529 is supposedly not protected rests on its purposeful misunderstanding of the document creation date, notwithstanding Taction's explanation during the second meet and confer that the metadata refers to a date before July 2019 only because an earlier version of the document was used to record testing data for an unrelated product.

Taction complied with the Protective Order by timely clawing back its protected document. ECF 37, ¶ 16. Paragraph 16(a) of the Protective Order states: "Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, ***whether inadvertent*** or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material

prior to production, ***will not waive the applicable privilege and/or protection*** if a request for return of such inadvertently produced Discovery Material is ***made promptly after the Producing Party learns of its inadvertent production***."[2] *Id.* As discussed above, Taction complied with the Protective Order and "promptly" clawed back DTX-3529 "after . . . learn[ing] of its inadvertent production." ECF 37, ¶ 16(a).

None of Apple's arguments passes muster. ***First***, Taction is not relying on this document as a sword and shield, as Taction has already withdrawn the two paragraphs in Dr. Oliver's report relying on DTX-3529. That is why Apple's reliance on Federal Rule of Civil Procedure 26(a)(2)(B) is inapposite, as the rule concerns disclosure of documents in an expert report and does not purport to require such disclosure (let alone create a waiver that precludes claw-back) for a withdrawn report. Notably, Apple has not articulated how Taction intends to use the document as a sword. That Taction's expert previously relied on this document does not automatically waive all privilege and protections, especially when it was inadvertent and clawed back as soon as Taction learned of the inadvertent production, as required under the Protective Order. *See supra*. To the extent Apple believes that Dr. Oliver's conclusions are insufficiently supported in light of the redactions, Apple is free to cross-examine Dr. Oliver on the remaining bases for his conclusions.

***Second***, the Ninth Circuit five-factor test weighs in favors of Taction's non-waiver of DTX-3529. Apple does not dispute, nor could it, that Taction performed sufficient review for privilege during document production. The scope of discovery and extent of the disclosure are very narrow, as it concerns only one document. And there is no unfairness to Apple, as Taction's expert will not rely upon the document at trial, and Apple has not explained why it could not use another document for its cross-examination. Br. 6.

---

[2] All emphases added unless otherwise noted.

As for the time taken to rectify the error, Apple wrongly focuses on the time since disclosure, rather than the time since Taction learned that privileged information had been wrongly disclosed. In *In re Natural Gas Commodity Litigation*, the Court held that "[t]he period after the producing party realizes that privileged information has been disclosed is the relevant period for measuring whether the privilege has been waived," and that "the length of delay in claiming the privilege should be measured from the time the producing party learns of the disclosure, not from the time of the disclosure itself." 229 F.R.D. 82, 87-88 (S.D.N.Y. 2005). It makes no difference that the disclosure came in the form of an expert report (now withdrawn), as the same test for clawing back documents applies regardless. *See Lloyds of London Syndicate 2003 v. Fireman's Fund Insurance Company of Ohio*, 320 F.R.D. 557, 563 (D. Kan. 2017) (expressly rejecting the argument that a testifying expert's disclosure of the document in his report forecloses a claim of inadvertent disclosure or waiver differently than a consulting expert's would and applying the ordinary five-factor waiver test regardless of "who inadvertently produced the information").

Apple's requests that the Court strike the redacted report, exclude Dr. Oliver from trial if the redacted report is permitted, or treat protection of other documents as waived are disproportionate, legally unsupported, and unjustly seek to gain a tactical advantage based on Taction's timely compliance with the Protective Order. Br. 8; *Lloyds of London Syndicate 2003*, 320 F.R.D. at 565 ("Losing access to an inadvertently produced document, and thus any tactical advantage that the document may provide, does not amount to prejudice sufficient to find a waiver."); *In re Testosterone Replacement Therapy Products Liability Litigation*, 301 F. Supp. 3d 917, 928 (N.D. Ill. 2018) (rejecting a waiver argument based on the document having already been used at deposition without objection before it was clawed back because the claw-back provision in the protective order covered that circumstance too, and the motion was denied as to all six documents).

## III. CONCLUSION

Based on the foregoing, Taction respectfully requests that the Court deny Apple's trial brief.

Dated: September 14, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Lance Yang*

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320

Nagendra (Nick) Setty (*pro hac vice*)
nicksetty@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000

*Attorneys for Plaintiff Taction Technology, Inc.*