Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Additional Counsel listed on Signature Page*

Attorneys for Defendant Apple Inc.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TACTION TECHNOLOGY, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:21-cv-00812-TWR-JLB

**DEFENDANT APPLE INC.'S TRIAL BRIEF RE JURY'S CONSIDERATION OF DAMAGES AWARD AND REQUEST FOR JUDGMENT AS A MATTER OF LAW OF ZERO DAMAGES UNDER RULE 50(A) (RESPONSE TO DKT. NO. 654)**

District Judge: Hon. Todd W. Robinson
Magistrate Judge: Jill L. Burkhardt

## I. INTRODUCTION

The jury cannot award a reasonable royalty on this record. Taction disclosed a single damages theory in this case, which depends on its license with Corsair. But the jury has seen no evidence of any royalty rate, dollar amount, or unit count based on that license. Even if it had, Taction has admitted its theory requires two further steps: first, apportioning the Corsair license rate to the asserted patents, and second, accounting for the *relative* contribution of the invention to the accused products. Every source of such apportionment has been excluded or was never offered. A reasonable royalty must be proved, not guessed at, and there must be enough evidence in the record for the jury to formulate one. Taction has left the jury nothing but speculation, as reflected in Apple's request that Taction be required to make a proffer on what damages it will seek in closing. The Court should hold that Taction failed to carry its burden under 35 U.S.C. § 284 and enter judgment of no damages under Rule 50(a). If the Court nonetheless submits damages to the jury, it should instruct that Taction bears the burden, that a royalty may not rest on speculation, and that the jury may award zero damages (with Apple's Rule 50(a) motion preserved).

## II. ARGUMENT

### A. The record contains no royalty rate or amount

As this Court has recognized, Taction's damages case rests entirely on its license with Corsair. Tr. 460:11-461:22, 462:9-463:3, 671:3-13; *see* Dkt. No. 503 ¶¶ 236-252. However, Taction has not put any royalty rate from that license before the jury, and its case is now closed. That evidentiary gap is fatal; the jury has no starting point from which to calculate damages. *See Rex Med., L.P. v. Intuitive Surgical, Inc.*, 156 F.4th 1289, 1299 (Fed. Cir. 2025) (Damages "must not be left to conjecture by the jury. They must be proved, and not guessed at.").

### B. The jury also could not apportion any rate to the asserted patents

Even if this jury had received a rate as a starting point, it must be able to apportion that rate. A party relying on a comparable license must "account for

differences in the technologies" and economic circumstances of the licensed patents. *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 971 (Fed. Cir. 2022) (cleaned up). A license fee left unallocated among the patents it covers is "untethered to the facts of the case" and cannot support an award. *Id.* at 973; *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("the trial court must carefully tie proof of damages to the claimed invention's footprint in the market place"); *see also MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1373-75 (Fed. Cir. 2021).

The Corsair license requires such apportionment. It covers not only the asserted patents but also technology transfer, two unasserted parent patents (with different scope), and the '139 patent, which claims a particular notch filter. Tr. 522:14-523:14, 682:24-684:2; Ex. 2046. Taction admitted it must apportion the Corsair royalty first between the '139 patent and the asserted patents, and then again to account for the smaller contribution the asserted patents allegedly make to damping in Apple's accused products. Tr. 461:21-22, 462:9-463:3. Taction bears the burden at each step. *Wi-LAN*, 25 F.4th at 971. Taction conceded as much, agreeing at trial that the jury "still ha[s] to include the apportionment of the Corsair number" and that "there is still going to be two numbers you have to consider." Tr. 224:11-225:8. Taction also failed to apportion the value of its technology transfer to Corsair, as opposed to its patents, and failed to account for the fact that adding the asserted patents to the Corsair agreement did not change the rate. The record also contains no admissible evidence of apportionment:

***First***, the Court excluded Dr. Kennedy's reasonable-royalty opinion in its entirety. Dkt. No. 545 at 29-30; Dkt. No. 599 at 10. That exclusion removed Taction's only quantified royalty along with its only apportionment analysis.

***Second***, the Court excluded the sources on which Dr. Kennedy relied—both Dr. Oliver's 73% technical apportionment and Schedule D of the Corsair license (the rate schedule)—because those numbers, unapportioned, would require the jury to

"perform, essentially, that portion of the expert testimony that was excluded." Tr. 469:10-14, 554:20-24.

***Third***, Taction's lay witnesses cannot supply the missing analysis. Mr. Steinberg admitted that he is "not an engineer" and does "not feel qualified" on the technical questions apportionment requires. Tr. 675:12-14, 716:8-719:5. Dr. Biggs offered no apportionment either; he testified to the cost of ferrofluid (about twenty cents per headset), not to the value the asserted patents contribute relative to the '139 notch filter or in Apple's products. Tr. 281:16-283:15; Ex. 1056. An unsupported assertion by a fact witness who lacks the necessary foundation is not substantial evidence of apportionment. *See EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1344 (Fed. Cir. 2025) (en banc) (CEO's "testimony amounts to an unsupported assertion on behalf of EcoFactor that the $X rate was applied to calculate the lump-sum payment amounts").

***Fourth***, Taction cannot fall back on "built-in" apportionment, and this Court has already rejected that path. Tr. 458:6-460:6 (citing *Vectura Ltd. v. GlaxoSmithKline LLC*, 981 F.3d 1030, 1040 (Fed. Cir. 2020)); *see Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1377 (Fed. Cir. 2021) (built-in apportionment applies only where "the principles of apportionment were effectively baked into the purportedly comparable license," which the patentee must prove).

**C. No other evidence Taction put before the jury bridges the gap**

The remainder of Taction's admitted evidence does not fill the gap in Taction's damages case, and Taction should not be heard to suggest otherwise in closing.

Dr. Oliver testified that ferrofluid contributes roughly 40% of the damping in Apple's accused products. Tr. 222:3-223:12. But ferrofluid is not the claimed invention, and a contribution attributable to an unclaimed component is not an apportionment of the patents' value. Further, the 40% figure was only ever disclosed as the denominator of Dr. Kennedy's excluded 73%/40% ratio, not as a standalone measure of the invention's value. Tr. 461:21-22, 462:9-463:3.

Taction also introduced the cost of the Taptic Engine. Ex. 1686 at 136:16-19. A raw cost figure is a royalty base, not an apportioned royalty, and the Taptic Engine has many other features; presenting such a number without apportionment "skew[s] the damages horizon" and invites the jury to anchor on a large, unapportioned figure. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326-28, 1334 (Fed. Cir. 2014).

Whatever the jury might do with the Corsair rates or the Taptic Engine cost, it would be guessing at a relationship to the value of the asserted patents—the very correlation the Court identified as missing. Tr. 448:22-449:6.

Nor may Taction supply by argument what its evidence lacks. The agreed jury instructions confirm that "arguments and statements by lawyers are not evidence." Agreed Final Jury Instr. No. 3; *see* 9th Cir. Model Civ. Jury Instr. § 1.1. A patentee "must show his damages by evidence," and damages "must not be left to conjecture… proved, and not guessed at." *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017); *accord Mayor of N.Y. v. Ransom*, 64 U.S. (23 How.) 487, 488 (1859). The Federal Circuit has affirmed barring a patentee from arguing an unapportioned comparable license to the jury in closing. *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 2026 WL 122544, at *21 (Fed. Cir. Jan. 16, 2026). And the Court already indicated that any improper argument flowing from Dr. Oliver's 40% testimony will draw a sustained objection. Tr. 225:14-18.

**D. Because the jury cannot find a reasonable royalty on this record, this Court should enter judgment of no damages**

Section 284 "does not require an award of damages if none are proven," and "there must at the least be enough evidence in the record to allow the factfinder to formulate a royalty." *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020); *Rex*, 156 F.4th at 1299. The Federal Circuit recently affirmed a JMOL of zero damages on materially identical facts: a comparable license the patentee failed to apportion, no admissible expert, and lay testimony that could not bridge the gap. *Rex*,

156 F.4th at 1298-1301. The same result follows here, and Taction's previously-cited cases cannot change that conclusion.

*Bayer Healthcare LLC v. Baxalta Inc.* does not help Taction, as the Court explained. Tr. 461:9-18. There, the expert's reliable bargaining range remained in evidence, and the court excluded only a midpoint. 989 F.3d 964, 972 (Fed. Cir. 2021). Here the record contains no admissible range—no apportioned rate, base, or royalty of any kind—from which the jury could choose. A range the jury must invent is not a range in evidence. The Federal Circuit confirmed as much this year, affirming a district court's refusal to let a patentee ask the jury for an "intermediate royalty" on a comparable license it had failed to apportion, and affirming the exclusion of the expert opinion built on that unapportioned license. *Sunoco*, 2026 WL 122544, at *15-16.

The District of Delaware's opinion in *Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 16-cv-453 (D. Del. Mar. 22, 2023), ECF No. 767, fares no better. It not only predates *Rex*, it relied on the incorrect principle that a plaintiff "will be entitled, at least, to nominal damages" even where it entirely fails to prove any non-zero amount. *Id.*, slip op. at 14; *contra Rex*, 156 F.4th at 1298-1301. In addition, *Acceleration Bay* is easily distinguishable; it was a pretrial ruling that afforded the patentee a chance to prove its case at trial, and held only that summary judgment of zero damages would be inappropriate "at this stage of the case" because "it is difficult to predict exactly what level of apportionment might be established" at trial. *Id.* Taction has been given that opportunity, and the record at trial is insufficient to establish any damages. This Court should grant JMOL of no damages.

## III. CONCLUSION

Because no legally sufficient evidence would permit the jury to find a non-speculative, apportioned royalty, the Court should determine that Taction has not carried its § 284 burden and enter judgment of no damages. Fed. R. Civ. P. 50(a).

Dated: September 20, 2026

FISH & RICHARDSON P.C.

By: */s/ John W. Thornburgh*

Roger A. Denning (SBN 228998)
denning@fr.com
Christopher S. Marchese (SBN 170239)
marchese@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Tyler R. Train (SBN 318998)
train@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Qiuyi Wu (*pro hac vice)*
qwu@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070 / Fax: (617) 542-8906

Jacqueline Tio (*pro hac vice)*
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5005

Counsel for *Defendant Apple Inc.*