Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson (SBN #219147)
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff*
*Taction Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

TACTION TECHNOLOGY, INC.,

Plaintiff,

vs.

APPLE INC.,

Defendant

Case No. 21-cv-00812-TWR-JLB

**PLAINTIFF TACTION TECHNOLOGY, INC.'S TRIAL BRIEF RE DKT. 654**

Judge: Hon. Todd W. Robinson

Magistrate Judge: Hon. Jill L. Burkhardt

Trial: September 14, 2026

# TABLE OF CONTENTS


INTRODUCTION ........ 1

I. THERE IS SUFFICIENT EVIDENCE FOR THE JURY TO REACH DAMAGES ........ 1

II. TACTION HAS THE RIGHT TO TAILOR ITS DAMAGES THEORY TO THE EVIDENCE ADMITTED AT TRIAL ........ 4

## INTRODUCTION

Taction submits the following response to the Court's request for a brief regarding how the jury may or may not consider an appropriate damages award. Dkt. 654. Given that trial has not concluded, and the evidentiary record is not yet closed, Taction reserves the right to supplement its position based on additional evidence admitted. In any event, as discussed below, at present there is more than sufficient evidence for the jury to make a reasonable estimate of damages.

## ARGUMENT

### I. THERE IS SUFFICIENT EVIDENCE FOR THE JURY TO REACH DAMAGES

As a legal matter, if Apple has infringed a valid patent, then Taction is entitled to no less than a reasonable royalty. 35 U.S.C. § 284. As the Federal Circuit has explained, "[t]he statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003). There is a "presumption" that when there is infringement, damages will be awarded. *Id.* at 1382. The jury has very substantial discretion regarding how to evaluate the evidence on damages and in determining a reasonable royalty from that evidence. *See, e.g.*, *Bio-Rad Laboratories, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1373 (Fed. Cir. 2020) ("A jury's damages award must be upheld unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.") (quotation marks omitted). In addition, "[a] party need not present expert testimony on damages or, as a corollary, on every aspect of damages, such as a single royalty rate." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 985 (Fed. Cir. 2021). This conclusion necessarily follows from the language of the statute. *See also Dow Chem.*, 341 F.3d

at 1382 ("[S]ection 284 is clear that expert testimony is not necessary to the award of damages, but rather 'may [be] receive[d] ... as an aid.'").[1]

Consistent with this law, the jury may consider damages based on the evidence presented (and any further evidence presented). In particular, Dr. Biggs and Mr. Steinberg have testified that the cost of the ferrofluid required to implement the patented technology in the Corsair product was approximately 20 cents per unit. Trial Tr. 282:15-21 (Biggs); 664:7-11 (Steinberg). The ferrofluid cost is limited to implementing the patented technology and does not relate to the only other technology licensed—the notch filter '139 patent. Trial Tr. 279:6-279:22 (Biggs). A party would not pay 20 cents for just one component to implement the infringing technology unless the value that the technology provides exceeds that amount. Thus, the 20 cents provides a minimum for a per unit reasonable royalty and, at the very least, provides a data point for the jury to consider in addition to the other evidence relevant to damages. That is especially true given the executed Corsair license and Mr. Steinberg's related testimony shows that Taction sought and received a per-unit royalty to license the patents in suit. Trial Tr. 662:14-17.

The evidence also shows that Apple chose to change its Taptic Engine from its non-infringing version in the iPhone 6 Plus to the infringing version in later versions

---

[1] *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 2023-1218, 2026 WL 122544 (Fed. Cir. Jan. 16, 2026), is not to the contrary. There, the district court prohibited a damages number in closing argument that was based on the same licensing numbers that the court had excluded for lack of apportionment. *Id.* at *6. *Rex Medical, L.P. v. Intuitive Surgical, Inc.*, 156 F.4th 1289 (Fed. Cir. 2025), likewise concerned an unapportioned license amount, *id.* at 1299, while recognizing that "[h]ad Rex (or Intuitive) put forth other evidence from which a jury could reasonably determine damages for infringement of the '650 patent without speculation, JMOL of no damages would be inappropriate," *id.* at 1301. Here, notwithstanding Taction's respectful disagreement with the Court's exclusion of the evidence on the royalty amount in the Corsair license, Taction will not be using that number in closing argument.

of the iPhone and would have necessarily expended resources to do so. [redacted]

In conjunction with this quantitative evidence, the jury can take account of the qualitative evidence of the value of the infringing technology. There has been evidence and testimony on the importance of haptics in Apple products and the particular benefit of having a range of different frequencies. *See, e.g.,* Tr. 498:3-504:4 (benefits of Accused Products including wideband capabilities); Ex. 359.004 (same); Ex. 327.0009-10, 0.0032 (same); Ex. 387.0005-8 (same); Tr. 393:20-395:2 (benefits to app store). For example, Mr. Lee testified that 140 engineers at Apple work only on haptics. *See, e.g.,* Tr. 733:4-733:7 ("Q. How many people work under you in your group? A. I have about 140 people."). As another example, the iPhone 7 press release touted the new and improved Tactic Engine. *See, e.g.,* Ex. 1261 (iPhone 7 press release); Tr. 819:25-821:8. Apple has provided no evidence that it could achieve this

benefit without the infringing technology. Given the value that Apple itself places on wideband haptics, the unquestioned benefit of having a range of different frequencies, and Apple's choice to use the infringing technology in generation after generation of iPhones and watches, there is ample evidence that Apple would have agreed to pay a non de minimis per-unit royalty at the hypothetical negotiation. The jury has discretion to make a reasonable estimate for that amount, and Apple cannot preclude the jury from doing so simply based on the absence of expert testimony.

Finally, the parties have stipulated as to the number of allegedly infringing devices. Thus, there is no dispute that the jury has sufficient evidence to determine the total damages based on a per-unit estimate of the reasonable royalty.

## II. TACTION HAS THE RIGHT TO TAILOR ITS DAMAGES THEORY TO THE EVIDENCE ADMITTED AT TRIAL

There is no legal basis to preclude Taction's theory of damages, as parties are entitled to conform their damages theory to the evidence.

First, the Ninth Circuit has held there is no requirement to disclose damages theories and those theories can be adjusted at trial to conform to the evidence. In *Santa Clarita*, the defendant challenged a jury verdict on the ground that plaintiff asserted a new damages theory which "it did not include in its Rule 26 disclosures." *Santa Clarita Valley Water Agency v. Whittaker Corp.*, 99 F.4th 458, 470–71 (9th Cir. 2024). The "district court [had] determined that [defendant's] argument fails because legal theories are not subject to Rule 26 disclosures, and [plaintiff] timely disclosed all of the supporting evidence for the damages that it sought." *Id.* The Ninth Circuit affirmed, holding "Rule 26 does not require disclosure of legal theories." *Id.* at 471. In so holding, it pointed to *PCT Int'l v. Holland Elects.*, where "the defendant in a patent infringement case argued that the plaintiff could not pursue an 'indirect infringement theory' because it failed to fully disclose that theory during discovery. The [court] held that Rule 37(c)(1) 'concerns the exclusion of only untimely disclosed *evidence*,' and does not bar the introduction of a previously undisclosed legal theory."

*Id.* (emphasis in original) (discussing *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 875200, at *5 (D. Ariz. Mar. 2, 2015).[2] Here, the evidence on which Taction relies was properly disclosed and admitted without objection.

Second, tailoring a damages presentation to the proof at trial is proper and unexceptional. For example, in *FTC v. Commerce Planet, Inc.*, 2012 WL 13015007, at *7 (C.D. Cal. Sept. 13, 2012), the defendant "argue[d] that [plaintiff] improperly presented a novel theory of damages in its Closing Brief," including by revising its calculations and "basing its revised calculation on Ms. King" – a witness who "did not provide testimony as to damages" and was not so disclosed. *See id.* The court held that both these adjustments in closing were "proper." *Id.* at *7. Likewise, here, Taction is entitled to ask for damages based on what the properly disclosed, admitted evidence supports.

In any event, Taction's discovery disclosures encompass the theories Taction intends to present. In its Rule 26 Initial Disclosure, Taction stated it "intends to seek at a minimum a reasonable royalty for the use made of its inventions by the accused products identified in the complaint and as appropriate in discovery." Hudash Declaration in Support of Taction's Trial Brief ("Hudash Decl.") Ex. 1 at 4. Taction's interrogatory response is even broader. Dkt. 490-7 at 41-48.

Apple therefore cannot claim surprise as to the *evidence*—which is all Rule 26 entitles it to. *See Santa Clarita*, 99 F.4th at 471.

---

[2] Other cases are in accord. *See, e.g., Athena Cosms., Inc. v. AMN Distribution Inc.*, 2022 WL 4596549, at *6 (C.D. Cal. Aug. 16, 2022), *aff'd*, 2024 WL 3423712 (9th Cir. July 16, 2024) ("While Rule 26 requires the identification of certain evidence and its disclosure to the opposing party, it does not require a party to disclose its legal theory to the opposition, as Defendants seem to think."); *Estakhrian v. Obenstine*, 233 F. Supp. 3d 824, 837 (C.D. Cal. 2017) (similar).

Dated: September 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By: /s/ Scott L. Watson

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320

Nagendra (Nick) Setty (*pro hac vice*)
nicksetty@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000

*Counsel for Plaintiff Taction Technology, Inc.*