Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson (SBN #219147)
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Taction Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

TACTION TECHNOLOGY, INC.,

Plaintiff,

vs.

APPLE INC.,

Defendant

Case No. 21-cv-00812-TWR-JLB

**PLAINTIFF TACTION TECHNOLOGY, INC.'S TRIAL BRIEF REPLY RE DAMAGES**

Judge: Hon. Todd W. Robinson

Magistrate Judge: Hon. Jill L. Burkhardt

Trial: September 14, 2026

## I. INTRODUCTION

Apple's continued attempts to dictate the details of how Taction argues the damages evidence in closing are transparent and premature. While Taction will provide a fulsome response to Apple's forthcoming complete Rule 50(a) motion at the close of evidence, Taction opposes Apple's request for JMOL on damages for the reasons set forth here and in Dkt. 658, which it incorporates herein by reference. Apple's argument for JMOL—such that this Court would impose a damages award of zero in a case with considerable evidence that the patented technology has substantial value, and, specifically, substantial value to Apple's products—is legally unsupportable.

## II. ARGUMENT

Apple fails to cite any rule or precedent supporting its attempt to further preview Taction's closing argument. It has already received more than it is entitled to from the brief Taction filed Sunday. Dkt. 658. Apple's further demands now, under the guise that it is necessary to resolve in advance potential objections to closing argument, are a transparent attempt to get a roadmap to which they are not entitled. Taction does not have any information about any aspect of Apple's closing argument, even though it dropped a main invalidity defense on the eve of closing. The unfairness of Apple's request is exacerbated by the fact that evidence has not yet closed. In any event, the jury instructions prescribe how the jury should consider the evidence, and Taction will argue in accordance with those instructions based on admitted evidence. Apple's one-sided approach is unjustified and Taction has already clearly laid out the boundaries of its intended closing argument.

Apple's response also fails to confront the law establishing that Section 284 guarantees a patentee no less than a reasonable royalty once infringement is found, and a fact finder may award no damages "only when the record supports a zero royalty award." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1328 (Fed. Cir. 2014). Apple's argument boils down to the idea that, absent expert testimony on apportionment, there

can be no non-speculative damages (or even an argument about those damages). But the law is clear that expert testimony is not required to allow the jury to determine a reasonable royalty. *See Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003). Under the proper legal standard, the jury has more than sufficient evidence to determine a non-speculative royalty rate and JMOL under Rule 50(a) should be denied.

*First*, Dr. Biggs and Mr. Steinberg have testified that the cost of the ferrofluid required to implement the patented technology in the Corsair product was approximately 20 cents per unit. Tr. 282:15-21 (Biggs); Tr. 664:7-11 (Steinberg). Apple argues that ferrofluid is not the claimed invention, but that argument misses the point. Market evidence of a third party willingness to pay 20 cents per unit for an input to implement the infringing technology provides evidence that the technology itself has a value of at least that amount. *See* Dkt. 658 at 2-3. Apple is free to dispute this common sense argument in closing, but it does not support JMOL, where all reasonable inferences are made in favor of the non-moving party.

*Second*, Apple mischaracterizes the relevance of the [redacted]. While Apple complains about "putting the [redacted] in front of the jury," (Dkt. 675 at 2) that [redacted] and Apple did not object to its admission. *See* Tr. 728:12-729:9. Taction has already stated explicitly it will not argue [redacted] Dkt. 658 at 3. Rather, it is a relevant data point for the jury to put into context the economic value that the Taptic Engine contributes to the Apple products, the value of the infringing technology, and the 20 cent figure. Apple cites *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011), for the proposition that this evidence "skew[s] the damages horizon" (Dkt. 675 at 1), but the full quote shows this language concerned total revenue numbers, which have nothing to do with the evidence here. *Id.* at 1320. Apple's reliance on *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 2026 WL 122544 (Fed. Cir. 2026), is similarly misplaced, as the problem there

was not the existence of a range, but that the numbers for the range were excluded. *Id.* at *22. There was no such exclusion of the [redacted] (again, the latter will not be used as the top end of a range here). In any event, the jury has substantial discretion and its "choice simply must be within the range encompassed by the record as a whole." *Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 519 (Fed. Cir. 1995).

*Finally*, Apple ignores entirely the other evidence supporting a reasonable royalty. That evidence includes testimony on the benefits of the patented technology and its value in the market, *see, e.g.*, Tr. 232:7-20, 256:18-23, 266:8-20; Apple's own documents and engineers on the value of the patented damping to Apple, Tr. 811:12-16, 869:1-3; Ex. 1675 (Ma Dep.) at 94:4-5, 181:23-182:5, 182:12-22; Ex. 1676 (Harrison Dep.) at 173:2-174:20, 190:10-21; Ex. 1677 (Lee Dep.) at 29:5-12; Tr. 844:8-17; Ex. 396; Tr. 845:1-7; Ex. 1685 (Sweet Dep.) at 208:18-23; Tr. 845:15-20; Exs. 440, 476; and the evidence showing Apple chose to change its Taptic Engine from the non-infringing version in the iPhone 6 Plus to the infringing version in later products and expended resources to do so, *see, e.g.*, Tr. 793:21-794:3, 824:24-825:18 (Lee). There also has been evidence on the importance of haptics in Apple products and the particular benefit of having a range of different frequencies. *See, e.g.,* Tr. 498:3-504:4 (Oliver); Tr. 394:20-395:2; Ex. 359.0004; Ex. 387A.0008; Tr. 819:6-10; Ex. 1261 (iPhone 7 press release); Tr. 819:25-821:8 (Lee). In addition, there is evidence of the existence of a per-unit royalty to license the patents-in-suit that Corsair agreed to pay. Tr. 656:25-657:7, 662:14-21 (Steinberg). There is sufficient evidence for the jury to consider damages, and it has discretion to make a reasonable estimate for the well-supported benefits Apple gained through use of the infringing technology. Apple cannot preclude the jury from doing so simply based on the absence of expert testimony and its request for Rule 50(a) JMOL should be denied.

Dated: September 22, 2026

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By: /s/ *Scott L. Watson*

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320

Nagendra (Nick) Setty (*pro hac vice*)
nicksetty@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000

*Counsel for Plaintiff Taction Technology, Inc.*