Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson (SBN #219147)
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Taction Technology, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>Defendant | Case No. 21-cv-00812-TWR-JLB<br><br>**PLAINTIFF TACTION TECHNOLOGY, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(a)**<br><br>Judge: Hon. Todd W. Robinson<br><br>Magistrate Judge: Hon. Jill L. Burkhardt<br><br>Trial: September 14, 2026 |

## I. INTRODUCTION

Taction submits this motion under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law as to infringement and validity for all Apple products accused of infringing claim 17 and 19 of the ’885 patent and claim 16 of the ’117 patent. For the reasons set forth below, this Court should grant JMOL to Taction.

## II. LEGAL STANDARD

“Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.” *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (quotation marks omitted). “In other words, a motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the nonmoving party’s favor.” *Id.* (quotation marks omitted). Here, a reasonable jury would not have a legally sufficient evidentiary basis to find in Apple’s favor as to infringement and validity.

## III. THE COURT SHOULD GRANT JMOL OF INFRINGEMENT

Taction presented evidence that Apple’s accused products met every claim litigation for each asserted claim, and thus all of the accused products are infringing. *See* Tr. 487:22-487:24. None of Apple’s evidence supposedly to the contrary is sufficient for a reasonable jury to find non-infringement. Indeed, Apple’s expert testimony regarding supposed non-infringement was based on the wrong claim constructions. In particular, Dr. Zinn testified that “highly damped” means “critically damped” (Tr. at 1077:8-10), and rendered non-infringement opinions at trial based on his wrong construction (Tr. at 1081:22-1082:6). But in previously construing “highly damped output,” the Federal Circuit already rejected the argument that the “highly damped output” is limited to a “Q-factor of less than 1.5.” *Taction Tech., Inc. v. Apple Inc.*, No. 2023-2349, 20205 WL 2336950, at *5-6 (Fed. Cir. Aug. 13, 2025). Dr. Zinn’s trial testimony goes even further and requires that the Q-factor be 0.5 in order to be “highly damped,” which is legally impermissible and runs afoul with the Federal Circuit’s decision.

In addition, while Apple disputes that Taction's testing of seven products is sufficient, Taction has presented evidence that the seven products it tested are representative of the other accused products. Tr. 426:21-428:22.

**A. Infringement of Claim 17 of the '885 patent**

Taction presented evidence proving infringement of all claim limitations for claim 17 of the '885 patent:

- For "An apparatus for imparting motion to the skin of a user, the apparatus comprising," Taction presented evidence that the accused products satisfy this limitation, Tr. 401:1-15, and Apple's expert did not dispute it. Dr. Oliver and Dr. Zinn confirmed that the term "apparatus" is not limited to headphones.
- For "a housing or frame," Taction presented evidence that the architecture of the representative Taptic Engines meet this limitation, Tr. 401:16-402:18, which Apple does not dispute.
- For "a conductive coil capable of carrying electrical current," Taction presented unrefuted evidence that the accused products meet this limitation, including because there are conductive coils in the planar architecture, air coil architecture, and sandwich architecture of the accused products. Tr. 402:19-404:3.
- For "a plurality of magnets arranged in operative proximity to the conductive coil," Taction presented evidence that all accused products other than the Monolithic Magnet products have multiple magnets in them (including an identification of those specific accused products) and the benefits of having multiple magnets, which Apple did not contest. Tr. 404:4-407:13.
- For the Monolithic Magnet products, Taction presented evidence that they infringe under the doctrine of equivalence under the function-way-result test. Notably, they contain two distinct dipolar magnets (each containing

their own magnetic domain) that are separated by a spacer. The evidence shows that the Monolithic Magnet performs substantially the same function in substantially the same way to achieve substantially the same result as the "plurality of magnets" element of the claim. Apple presented no evidence disputing the applicability of the doctrine of equivalence.

- For "a moving portion comprising an inertial mass and the plurality of magnets," Taction presented evidence that the accused products meet this feature, which Apple did not dispute. Tr. 415:18-416:19.
- For "a suspension comprising a plurality of flexures that guides the moving portion in a planar motion with respect to the housing and the conductive coil," Taction presented evidence that the accused products have flexures on either side of the moving mass that are adjacent to the walls of the housing and provide resistant force to the moving mass. Apple does not dispute that the planar architecture meets this limitation. While Apple disputes that sandwich and air coil architectures meet this limitation, the evidence shows that the long axis of the flexure is in the same plane as the motion for both the sandwich and air coil architectures. Tr. 416:20-419:5.
- For "wherein movement of the moving portion is damped by a ferrofluid in physical contact with at least the moving portion," Taction presented evidence that the accused products meet this limitation because the ferrofluid is located on the magnet in the accused Taptic Engines. Tr. 419:6-419:24.
- For "wherein the ferrofluid reduces at least a mechanical resonance within the frequency range of 40-200 Hz in response to electrical signals applied to the conductive coil," Taction presented evidence that the accused products do have a mechanical resonance in the 40-200 Hz range and that ferrofluid damps the motion in the primary working direction of the Taptic Engine. Tr. 419:25-421:9.

- For "wherein the output of the transducer is highly damped (i.e., the output is substantially uniform or flat over the normal operating frequency range of the device)," Apple disputes that this limitation is met, but Taction's evidence shows that the asserted claims are not limited to any particular test or Q-factor values and that the output of the accused products fall within +/- 10 dB based on Dr. Oliver's testing using HapticSweep application. Tr. 421:10-428:22; 474:17-484:18.
- For "the apparatus does not utilize or encompass un-damped linear resonant actuators," Apple disputes this limitation, but Taction's evidence shows that the accused products are not un-damped LRAs because the accused products including formal damping mechanisms to achieve wideband frequency and do not operate at a single frequency. Tr. 484:19-487:24.

**B. Infringement of Claim 19 of the '885 patent**

Taction also presented evidence proving infringement of all claim limitations for claim 19 of the '885 patent. The only additional limitation for this claim is that the "conductive coil is an elongated oval with substantially flat sides." Taction presented evidence that the accused products have conductive coils that meet this limitation. Apple produced no evidence to the contrary.

**C. Infringement of Claim 16 of the '117 patent**

Taction presented evidence proving infringement of all claim limitations for claim 16 of the '117 patent for all products accused of infringing this claim.[1] *See* Tr.

---

[1] These products are: iPhone 8; the iPhone 8 Plus; the iPhone X; the iPhone XS; the iPhone XS Max; the iPhone XR; the iPhone 11; the Apple Watch Series 5; the 2020 iPhone SE; the Apple Watch SE, first generation; iPhone 12 Pro Max; iPhone 12 Mini; iPhone 13; the 2022 iPhone SE; the Apple Watch SE, second generation; the iPhone 14 Plus; the iPhone 15; the iPhone 15 Plus; the iPhone 16; the iPhone 16E; the iPhone 17; the iPhone Air; the Apple Watch Series 6; Apple Watch Series 7; Apple Watch Series 8; Apple Watch Series 9; Apple Watch Series 10; Apple Watch Series 11; Apple Watch SE, third generation. Tr. 489:15-490:10, 496:11-17.

496:11-17. For the claim limitations that are the same as claim 17 of the ''885 patent, those limitations are satisfied for the same reasons discussed above. As to the other limitations:

- For "a suspension comprising a plurality of flexures that are generally flat and generally rectangular, wherein each of the plurality of flexures comprise a plurality of protrusions that [are] within a same plane as adjacent portions of the plurality of flexures, wherein said suspension guides the moving portion in a planar motion with respect to the housing and the conductive coil," Taction presented evidence that the accused products meet this limitation because the flexures and protrusions are in the planar, air coil, and sandwich architectures. Tr. 490:12-491:24.
- For "wherein a long axis of each of the plurality of flexures is substantially in a plane of the moving portion," Taction presented evidence that the accused products meet this limitation for all three architectures. Tr. 491:25-492:16.
- For "wherein the housing or frame has a thickness less than one-third of a width of the housing or frame, where the thickness and width are both orthogonal to a direction of motion of the moving portion, and the thickness is less than a length of the housing or frame," Taction presented evidence that the accused products meet this limitation based on Apple specifications. Tr. 492:17-495:21.
- For "wherein the housing or frame has a length dimension in the direction of motion of the moving portion, and a thickness dimension perpendicular to the length dimension, wherein the thickness dimension is less than one-third of the length dimension, and the thickness is less than the width," Taction presented evidence that the accused products meet this limitation based on Apple specifications. Tr. 492:17-495:21.

- For "wherein said moving portion includes at least a pocket that provides space for at least a magnet," Taction presented evidence that the accused products meet this limitation for all three architectures based on schematics and teardowns. Tr. 495:22-496:10.

## IV. THE COURT SHOULD GRANT JMOL OF VALIDITY

### A. Obviousness

Apple did not present any evidence that any of the asserted claims is invalid as obvious and appears to have abandoned any argument for obviousness. Accordingly, Apple has failed to meet its burden to prove obviousness by clear and convincing evidence.

### B. Written Description

To show invalidity based on lack of written description, Apple was required to prove by clear and convincing evidence that a person having ordinary skill in the field, reading the patent specification as of the effective filing date of the asserted patents, would not have recognized that the inventor possessed the full scope of the invention as it is finally claimed in the asserted claims. *See Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991). Here, no reasonable jury could find that Apple met its burden. The evidence showed sufficient written description, including disclosures from the patent and what a POSITA would have readily known at the time of invention (including open loop controller, closed loop controller, and Dr. Biggs' notch filter) even if they are not expressly disclosed. Tr. at 1219:13-1222:12.

### C. Enablement

To show invalidity based on lack of enablement, Apple was required to prove by clear and convincing evidence that the patent specification does not contain a sufficiently full and clear description to have allowed a person having ordinary skill in the field of technology of the patent to make and use the full scope of the claimed invention as of the effective filing date, without undue experimentation. *See Genetech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997). Here, no

reasonable jury could find that Apple met its burden. The evidence showed that the person of ordinary skill in the art reading the asserted patents would know how to make and use the claimed invention to achieve a highly damped output with a number of suitable approaches, including open loop controller, closed looper controller, or Dr. Biggs' notch filter, without undue experimentation. Tr. at 1222:15-1228:10.

**D. Indefiniteness**

To show invalidity based on indefiniteness, Apple was required to prove by clear and convincing evidence that the "claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1375 (Fed. Cir. 2017) (quoting *Nautilus, Inc v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014)). Here, no reasonable jury could find that Apple met its burden. The evidence showed that highly damped output is not indefinite based on the provisional applications, disclosures in the asserted patents, and what a POSITA would readily understand to be the method of measurement to be reasonably used in the context of the invention. Tr. at 1228:13-1239:3.

Dated: September 23, 2026

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By: <u>*/s/ Lance Yang*</u>

Tigran Guledjian (SBN 207613)
tigranguledjian@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
Scott L. Watson
scottwatson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Sean Pak (SBN 219032)
seanpak@quinnemanuel.com

50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6320

Nagendra (Nick) Setty (*pro hac vice*)
nicksetty@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000

*Counsel for Plaintiff Taction Technology, Inc.*