UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TACTION TECHNOLOGY, INC.,<br>Plaintiff,<br>v.<br>APPLE INC.,<br>Defendant. | Case No.: 21-CV-00812 TWR (JLB)<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

**INSTRUCTION NO. 1**

Members of the jury, you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do, that I have an opinion regarding the evidence, or what your verdict should be.

## INSTRUCTION NO. 2

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Plaintiff Taction Technology and Defendant Apple. You will probably hear Taction Technology referred to throughout the course of the trial as Taction for short. The case involves United States Patent No. 10,659,885 and United States Patent No. 10,820,117. For your convenience, the parties and I will often refer to U.S. Patent No. 10,659,885 by the last three numbers of the patent number, namely, as the "'885 patent" and refer to U.S. Patent No. 10,820,117 as the "'117 patent." You will also hear these patents referred to collectively as the "Taction patents" or the "asserted patents."

Taction filed suit in this Court seeking money damages from Apple for allegedly infringing the asserted patents by making, using, selling, offering for sale within, and importing into the United States products that Taction argues are covered by certain claims of the asserted patents. Taction also argues that Apple has actively induced infringement of these claims by others and has contributed to the infringement of these claims by others. The claims which Taction contends that Apple infringes are:

- Claims 17 and 19 of the '885 patent; and
- Claim 16 of the '117 patent.

The products that are alleged to infringe are referred to as the "Accused Products." The Accused Products are certain Apple iPhone and Apple Watch products.

Apple denies Taction's contentions and denies that Taction is entitled to any relief. Apple denies that it has infringed any claim of the asserted patents. Apple also argues that the asserted claims are invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

/ / /

Your job will be to decide whether or not claims of the asserted patents have been infringed and whether or not those claims are invalid. If you decide that any claim of the asserted patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Taction to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damages award you give. I will take willfulness into account later.

To help you follow the evidence, you have been given notebooks. In them you have a glossary of patent terms, a copy of the asserted patents, and a claim construction chart of the terms contained in the patent claims at issue that the Court has construed or interpreted.

**INSTRUCTION NO. 3**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Apple has infringed the claims of the asserted patents. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, to prove infringement, Taction must prove by a preponderance of the evidence that Apple made, used, sold, offered for sale, or imported into the United States a product meeting all the requirements of a claim of the asserted patents. Apple may also indirectly infringe the asserted patents by inducing another person or entity to infringe or by contributing to infringement by another entity. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether any of the asserted claims of either asserted patent are invalid. Apple must establish by clear and convincing evidence that a claim is invalid. A patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Apple must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. You will need to

consider a number of questions in deciding whether the inventions claimed in the asserted claims of either Taction patent are obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

A patent may also be invalid if its description in the specification does not meet certain requirements. To be valid, a patent must meet the "written description" requirement. In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly as claimed in the claims of the issued patent. The disclosure of a patent must also meet the "enablement" requirement. To meet this requirement, the description in the patent has to be sufficiently full and clear to have allowed persons of ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed. Additionally, the language of the patent claims must meet the "definiteness" requirement. In order to meet this definiteness requirement, the patent claims must be sufficiently clear that a person of ordinary skill in the art reading them is able to determine what the claims cover and what they do not cover.

If you decide that one or more of the asserted claims have been infringed by Apple and are not invalid, you will then need to decide any money damages to be awarded to Taction to compensate it for infringement that it has proven by a preponderance of the evidence. A damages award should put Taction in approximately the same financial position that it would have been in had the proven infringement not occurred. But in no event may the damages award be less than what Taction would have received had it been paid what is known in the law as a reasonable royalty. I will later instruct you on the meaning of a reasonable royalty. The damages you award are meant to compensate Taction and not meant to punish Apple. You may not include in your award any additional amount as a fine or penalty in order to punish Apple. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

**INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

## INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you may be instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. Insofar as possible, you should consider deposition testimony, if presented to you in court in lieu of live testimony, in the same way as if the witness had been presented to testify.

## INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION NO. 9

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not be given a transcript of the trial. I urge you to pay close attention to the testimony as it is given. If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so I can correct the problem.

## INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or

commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

## INSTRUCTION NO. 11

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION NO. 12**

I will now provide a basic overview of what you can expect during the course of the trial. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact that is to be proven is more likely true than not, that is, that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor. On other issues that I will identify for you, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, that is, that you have been left with a clear conviction that the fact has been proven.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, Taction will present its evidence in support of its contention that the asserted claims have been and continue to be infringed by Apple, the amount of damages, and that the infringement has been and continues to be willful. To prove infringement of any claim, Taction must persuade you that it is more likely than not that Apple has infringed that claim. To persuade you that any infringement was willful, Taction must also prove that it is more likely than not that the infringement was willful.

Apple will then present its evidence that the asserted claims are invalid. To prove invalidity of any claim, Apple must persuade you by clear and convincing evidence that

/ / /

the claim is invalid. In addition to presenting its evidence of invalidity, Apple will put on evidence responding to Taction's evidence of infringement, damages, and willfulness.

Taction may then put on additional evidence responding to Apple's evidence that the asserted claims are invalid, and to offer any appropriate additional evidence of infringement and willfulness. This is referred to as "rebuttal" evidence. Taction's "rebuttal" evidence may only respond to any evidence offered by Apple.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. These closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case.